# EXHIBIT 3

PRINCIPALITY OF LIECHTENSTEIN

PRINCELY
COURT OF JUSTICE

Please always quote this file number
08 EX.2016.839
ON[1] 4

# ORDER
# EXECUTION PERMIT

**Case**

| | |
|---|---|
| **Applicant / Enforcing Party:** | Vitaly Ivanovich Smagin, REDACTED REDACTED Moscow |
| | represented by Advocatur Seeger, Frick & Partner AG, lawyers, Kirchstrasse 6, 9494 Schaan |
| **Respondent / Obliged Party:** | 1. Ashot YEGIAZARYAN, REDACTED USA-90201 California |
| **Respondent:** | 2. KALKEN Holdings Ltd., 15 Agiou Pavlou Street, LEDRA House, CY-1105 Nicosia, Cyprus |

1. The arbitral award of the London Court of International Arbitration (LCIA), London, United Kingdom, dated 11 November 2014 (corrected by decision dated 9 January 2015) on case no. 101721 in the arbitration matter of plaintiff Vitaly Ivanovich SMAGIN, REDACTED REDACTED Moscow, Russia, versus defendants (1) KALKEN HOLDINGS LIMITED, 15 Agiou Pavlou Street, Ledra House, Agios Andreas 1105, Nicosia, Cyprus, and (2) Ashot YEGIAZARYAN, REDACTED, Beverly Hills, California, United States of America, is declared <u>enforceable</u> for the Principality of Liechtenstein.

2. On the basis of the enforceable arbitral award of the London Court of International Arbitration (LCIA), London, United Kingdom, dated 11 November 2014 (corrected by decision dated 9 January 2015) on case no. 101721 in the arbitration matter of plaintiff Vitaly Ivanovich SMAGIN, REDACTED Moscow, Russia, versus defendants (1) KALKEN HOLDINGS LIMITED, 15 Agiou Pavlou Street, Ledra House, Agios Andreas 1105, Nicosia, Cyprus, and (2) Ashot YEGIAZARYAN, REDACTED REDACTED, Beverly Hills, California, United States of America,

---

[1] ON = *Ordnungsnummer*, reference number

Page 2

**execution is permitted** to the **Enforcing Party**, Vitaly Ivanovich SMAGIN, REDACTED Moscow, Russia,

against the **Obliged Party**, Ashot YEGIAZARYAN, REDACTED, Beverly Hills, California, United States of America,

for the collection of the enforceable claim of

- USD 72,243,000.00 (main claim), and
- USD 6,899,701.32 (capitalized interest), and
- GBP 2,776,473.68 and USD 672,354.08 and RUB 2,958,750.00 (costs), and
- additional interest in the amount of an annual interest rate of 8%, capitalized quarterly, on USD 72,243,000.00 and USD 6,899,701.32 since 11 November 2014, and
- the costs of the application to declare the arbitral award enforceable, which have been assessed to be CHF 7,416.02, and
- the costs of the application for execution, which have been assessed to be CHF 63,880.00,

execution taking place by way of

2.1 the **attachment** of the claims for money and payment - in particular claims for distribution and repayment in the amount of at least the outstanding claim - that the Obliged Party is entitled to in his legal capacity as the beneficial owner, settlor, beneficiary, and principal of Alpha Trust or other trusts against the following Third-Party Debtors

    2.1.1 CTX Treuhand Aktiengesellschaft as the trustee of Alpha Trust (FL-0002-510.771-1), c/o Dr.iur. Thomas Wilhelm, Lova Center, FL-9490 Vaduz,

    2.1.2 Dr. Thomas Martin Josef WILHELM Nikolaus Wilhelm, c/o Lova-Center, Vaduz, Liechtenstein;

    2.1.3 Nikolaus Thomas WILHELM, c/o Lova-Center, FL-9490 Vaduz,

2.2 and the **transfer** of the attached claims for collection up to the amount of the outstanding debt notwithstanding any rights of third parties that may have been obtained earlier.

The Third-Party Debtors are prohibited from making payment to the Obliged Party. The latter is prohibited from disposing in any way of the attached claim or of the pledge created for them, in particular by collecting that claim as a whole or in part. By service of this prohibition of payment to the Third Party, the granted attachment must be considered completed, and a right of lien in the claim described above must be considered to have been obtained for the benefit of the enforceable claim of the Enforcing Party.

3. The Enforcing Party is directed to deposit an amount of CHF 5,000.00 within two weeks on the account of the Princely Court of Justice with Liechtensteinische Landesbank AG, account no. 673.468.05, for the costs of translation that will probably be incurred.

## Grounds:

By written submission dated 22 Feb 2016, the Enforcing Party submitted the applications that are evident from the verdict. Among other things and in summary, the Enforcing Party pleaded as follows:

1. **Application to declare an arbitral award enforceable**

By arbitral award of a senate consisting of three arbitrators and constituted pursuant to the Arbitration Rules of the London Court of International Arbitration (LCIA) dated 11 November 2014, case no. 101721, Ashot YEGIAZARYAN ("Yegiazaryan") and KALKEN HOLDINGS LIMITED ("Kalken") were jointly and severally ordered to pay the following amounts to the Applicant:

a. USD 72,243,000.00 (main claim);

b. capitalized interest: USD 6,899,701.32 (equivalent to 7% interest p.a. on USD 72,243,000.00 from 1 July 2013 until 11 November 2014);

c. an annual interest rate of 8%, capitalized quarterly, on USD 72,243,000.00 and USD 6,899,701.32 since 11 November 2014;

d. costs (of the party): GBP 2,658,151.93 and USD 672,354.08 and RUB 2,958,750.00;

e. costs (of the proceedings): GBP 118,321.75.

The arbitration proceedings were subject to the LCIA Arbitration Rules 1998. Pursuant to Art. 26.9 of the LCIA Arbitration Rules, arbitral awards are final and binding and are therefore not subject to any further appeal (see also Hausmaninger in Fasching/Konecny, Zivilprozessgesetze IV/22 §607 margin no. 17).

Page 4

The seat of the arbitration tribunal was in London. Both Liechtenstein (since 7 July 2011) and the United Kingdom (since 24 September 1975) are member states of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (NYC), LGBl.[2] No. 325/2011. The arbitral award will therefore be declared to be enforceable on the basis of the NYC.

Pursuant to Art. IV(1)(a) NYC, a properly legalized original of the arbitral award or a copy that has been properly certified to be a true copy of such an original must be submitted. The enclosed certified copy shows both the seal and the signature of an official of the LCIA with authority to do so plus a designation of his function:

Pursuant to Art. 26.9 of the LCIA Rules 2014 (at the time when the present arbitral award was certified, i.e. on 12 November 2014, the LCIA Rules 2014 were already in force, having entered into force on 1 October 2014), the "Registrar" is the proper organ of the London Court of International Arbitration (LCIA) to issue a certified copy of the original arbitral award.

Thus, a copy certified by the arbitration institution in terms of Art. IV(1)(a) NYC has been submitted (LES 2015, 93 [96]).

The arbitral award was translated by Heidi Hilty. Heidi Hilty is on the list of the interpreters and translators admitted at Liechtenstein courts and administrative authorities in terms of LGBl. 2000 No. 15 as a translator for the English language. She is therefore an official/sworn translator in terms of Art. IV(2) NYC (LES 2013, 147 [151]).

Submitting the original or a certified copy of the arbitration agreement in terms of Art. IV(1)(b) of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards is only required if so requested by the court (§ 631(2) ZPO[3]). There has been no such request. Therefore, all requirements for declaring the arbitral award enforceable have been met.

The text of the arbitral award was corrected by correction of the arbitral award dated 9 January 2015, which however did nothing to change the verdict or the result.

There is no indication at this time that Kalken, too, has assets in Liechtenstein. The application for execution is therefore directed against Yegiazaryan exclusively. On the basis of the joint and several obligation laid down in the arbitral award, the application to declare the arbitral award enforceable is also directed against Kalken. Therefore, Kalken is included as a respondent (§ 631 ZPO) only in the proceedings concerning enforceability but not in the subsequent application for execution.

---

[2] LGBl. = *Landesgesetzblatt*, Liechtenstein Law Gazette
[3] ZPO = *Zivilprozessordnung*, Code of Civil Procedure

Page 5

### 2. Application to grant execution against claims

<u>Title for execution and underlying claim</u>

As has been explained, the present application for execution is directed against Yegiazaryan as the Obliged Party exclusively. The title for execution is the arbitral award ("Final Award") of the London Court of International Arbitration (LCIA) dated 11 November 2014, Case No. 101721).

In this final and binding arbitral award, which is not subject to any further appeal, the Obliged Party was ordered to make the following payments to the Enforcing Party:

a. payment of the main claim: USD 72,243,000.00;
b. capitalized interest: USD 6,899,701.32 (equivalent to 7% interest p.a. on USD 72,243,000.00 from 1 July 2013 until 11 November 2014);
c. an annual interest rate of 8%, capitalized quarterly (i.e. the amount bears interest at a rate of ¼ of the annual interest rate, and that interest must be added to the capital), on USD 72,243,000.00 and USD 6,899,701.32 since 11 November 2014;
d. costs (of the party): GBP 2,658,151.93 and USD 672,354.08 and RUB 2,958,750.00;
e. costs (of the proceedings): GBP 118,321.75.

All these claims from the arbitral award are payable forthwith and immediately (Art. 26.9 LCIA). The present claims from the arbitral award of 11 November 2014 have therefore been payable for a long time. The Obliged Party has not made payment despite the amounts having been payable for a long time.

<u>Means of execution</u>

Execution against claims in terms of Art. 217 et sqq. EO[4] is being applied for. The Obliged Party (Yegiazaryan) is entitled to claims for money and payment, in particular claims for distribution and repayment, in his legal capacity as the beneficial owner, settlor, beneficiary, and principal of Alpha Trust against the Third-Party Debtors listed overleaf, who are the (de facto) trustees of Alpha Trust and the ordinary trustees of the Obliged Party. Yegiazaryan is able to dispose of the assets of Alpha Trust by instruction (to the Third-Party Debtors) as he pleases. He may de facto demand distributions from the trust assets by instruction (to the Third-Party Debtors) without limitation.

The body of facts that forms the basis for the claim is complex and in part involves sham transactions and claims for the piercing of the corporate veil. The Applicant / the Enforcing Party therefore refrains from stating details in this application for execution.

In execution proceedings, all the enforcing party has to do is allege the claim that the Obliged Party has and provide the information necessary to individualize that claim; the Applicant / Enforcing Party has done this. When execution against claims is granted, the allegations of the obliged party in the application

---

[4] EO = *Exekutionsordnung*, Execution Act

Page 6

for execution are not to be verified. In particular, the court is not to verify whether the claim to be attached does lawfully exist, so that the execution against the claim will be successful. This verification and ascertainment is only made in the third-party debtor proceedings (LES 200, 70, and others).

Calculation of the amount in dispute

Calculating the amount in dispute in execution proceedings requires that interest and costs be calculated until the date of the application (Art. 3, 14 RATG[5]). This calculation is made as follows:

| | |
|---|---|
| **Verdict item 2:** Main case, USD 72,243,000.000, exchange rate 0.9953; | CHF 71,903,457.90 |
| **Verdict item 3:** Capitalized interest in the amount of USD 6,899,701.32, that is equivalent to 7% interest p.a. on USD 72,243,000.00 from 1 July 2013 until 11 Nov 2014; 1 USD = 0.9953 CHF | CHF 6,867,272.72 |
| **Verdict item 4:** Annual interest rate of 8% (capitalized quarterly) on USD 72,243,000.00 = USD 8,213,535.68 (1 USD = 0.9953 CHF) | CHF 8,174,932.06 |
| **Verdict item 5:** Costs (of the party): USD 672,354.08 (1 USD = 0.9953 CHF) = CHF 699,194.02 RUB 2,958,750.00 (1 RUB = 0.01346 CHF) = CHF 39,831.96 | CHF 4,481,588.95 |
| **Verdict item 6:** Costs (of the proceedings): GBP 118,321.75 (1 GBP = 1.4215 CHF) | CHF 168,194.34 |
| TOTAL | CHF 91,595,445.97 |

---

[5] RATG = *Rechtsanwaltstarifgesetz*, Act on Lawyers' Tariffs

Page 7

### 3. (International) Jurisdiction

Firstly, the Third-Party Debtors are domiciled in Liechtenstein. Secondly, the claims and demands that Yegiazaryan has against the Third-Party Debtors are pecuniary claims in terms of § 50(2) JN[6] (LES 2008, 256, and others). The Princely Court of Justice therefore has (international) jurisdiction.

The Enforcing Party submitted the following documents with the application for execution dated 22 Feb 2016 and the submission of documents dated 23 Feb 2016:
- certified copy of the Final Award of the London Court of International Arbitration on Case No. 101721 dated 11 November 2014;
- LCIA Rules 1998, German and English versions;
- LCIA Rules 2014 in English;
- certified translation made by Ms. Heidi Hilty of the Final Award of the London Court of International Arbitration on Case No. 101721 dated 11 November 2014;
- list of the interpreters and translators admitted at the Liechtenstein courts and administrative authorities, status 1 October 2015;
- extract from the Commercial Register for Alpha Trust dated 12 Feb 2016;
- extract from the Commercial Register for CTX Treuhand AG dated 11 Feb 2016;
- correction of the arbitral award dated 9 January 2015 plus certified translation made by Ms. Heidi Hilty.

The Court has made the following considerations:

Ad 1.:

The Court agrees with the above statements of the Enforcing Party and essentially has nothing to add.

The subject arbitral award must be declared enforceable for Liechtenstein on the basis of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards dated 10 Jun 1958, LGBl. No. 2011/325. The requirements of Art. IV of the NYC have been met by the submission of a certified copy of the subject arbitral award together with a certified translation of it made by an official/sworn translator.

---
[6] JN = *Jurisdiktionsnorm*, Jurisdiction Act

Page 8

Ad 2.:

The execution applied for by the Enforcing Party / the means for execution listed are admissible and are sufficiently specific in terms of Art. 33(1)(c) EO, so that execution had to be granted as applied for.

The costs of the application to declare the arbitral award enforceable and of the application for execution have been listed in time and essentially in the correct amount. A reduction in amount had to be made insofar as no connection surcharge of 10% is due for the application for execution, neither under Note 1 nor under Note 4 on tariff item 3 of the RATVO[7].

Princely Court of Justice
Vaduz, on 24 February 2016
Mag. Konrad Lanser
Princely Judge

[seal:]
PRINCELY COURT OF JUSTICE

For correct issuing

[signature]
Iris Feuerstein

---

[7] RATVO = *Rechtsanwaltstarifverordnung*, Ordinance on Lawyers' Tariffs

## Appeal

This order may be appealed to the Princely Court of Appeal in Vaduz (*Fürstliches Obergericht*) within the unextendable term of 14 days from service. The appeal must be submitted in writing in duplicate with the Princely Court of Justice (*Fürstliches Landgericht*) but may also be deposited orally. The appeal must include a specific statement to what extent the order is contested; a specific and brief list of the grounds of contestation (grounds for appeal); the actual pleadings and the evidence that is to demonstrate the correctness of the grounds for appeal; and a statement as to whether a cancellation or modification of the contested order is applied for, and if the latter, what modification (appeal application).



FÜRSTENTUM LIECHTENSTEIN
**FÜRSTLICHES LANDGERICHT**

Aktenzeichen bitte immer anführen
08 EX.2016.839
ON 4

# BESCHLUSS
# EXEKUTIONSBEWILLIGUNG

**Rechtssache**

**Antragsteller/Betreibende Partei:**   Vitaly Ivanovich Smagin,
REDACTED
REDACTED Moskau

vertreten durch Advocatur Seeger, Frick & Partner AG, Rechtsanwälte, Kirchstrasse 6, 9494 Schaan

**Antragsgegner/Verpflichtete Partei:**   1. **Ashot YEGIAZARYAN**,
REDACTED     Beverly Hills,
USA-90201 California

**Antragsgegner:**   2. **KALKEN Holdings Ltd.**,
15 Agiou Pavlou Street, LEDRA House,
CY-1105 Nikosia, Zypern

1. Der Schiedesspruch des London Court of International Arbitration (LCIA), London, Grossbritannien, vom 11. November 2014 (berichtigt mit Entscheid vom 9. Januar 2015) zu Fall No. 101721, in der Schiedssache der klagenden Partei Vitaly Ivanovich SMAGIN, REDACTED
REDACTED    Moskau, Russland, gegen die beklagten Parteien 1. KALKEN HOLDINGS LIMITED, 15 Agiou Paviou Street, Ledra House, Agios Andreas 1105, Nikosia, Zypern, und 2. Ashot YEGIAZARYAN, REDACTED   , Beverly Hills, California, Vereinigte Staaten von Amerika, wird für das Fürstentum Liechtenstein für <u>vollstreckbar</u> erklärt.

2. Aufgrund des vollstreckbaren Schiedsspruches des London Court of International Arbitration (LCIA), London, Grossbritannien, vom 11. November 2014 (berichtigt mit Entscheid vom 9. Januar 2015) zu Fall No. 101721, in der Schiedssache der klagenden Partei Vitaly Ivanovich SMAGIN, REDACTED      Moskau, Russland, gegen

die beklagten Parteien 1. KALKEN HOLDINGS LIMITED, 15 Agiou Paviou Street, Ledra House, Agios Andreas 1105, Nikosia, Zypern, und 2. Ashot YEGIAZARYAN, REDACTED, Beverly Hills, California, Vereinigte Staaten von Amerika

wird der betreibenden Partei, Vitaly Ivanovich SMAGIN, REDACTED Moskau, Russland,

wider die verpflichtete Partei Ashot YEGIAZARYAN, REDACTED, Beverly Hills, California, Vereinigte Staaten von Amerika,

zur Hereinbringung der vollstreckbaren Forderung von

- USD 72'243'000.00 (an Hauptsache), und
- USD 6'899'701.32 (an kapitalisierten Zinsen) und
- GBP 2'776'473.68 und USD 672'354.08 und RUB 2'958'750.00 (an Kosten) und
- weiteren Zinsen in Höhe eines vierteljährlich aufgezinsten Jahreszinssatz von 8% aus USD 72'243'000.00 und USD 6'899'701.32 seit 11. November 2014 sowie
- der mit CHF 7'416.02 bestimmten Kosten des Antrages auf Vollstreckbarerklärung und
- der mit CHF 63'880.00 bestimmten Kosten des Exekutionsantrages,

die Exekution bewilligt durch

2.1 Pfändung der der verpflichteten Partei aufgrund seiner Rechtsstellung als Wirtschaftlich Berechtigter, Treugeber, Begünstigter und Auftraggeber des Alpha Trusts oder anderer Treuhandverhältnisse gegen die Drittschuldner

    2.1.1 CTX Treuhand Aktiengesellschaft als Treuhänderin des Alpha Trust (FL-0002-510.771-1), c/o Dr.iur. Thomas Wilhelm, Lova Center, FL- 9490 Vaduz,

    2.1.2 Dr. Thomas Martin Josef WILHELM Nikolaus Wilhelm, c/o Lova- Center, FL- Vaduz;

    2.1.3 Nikolaus Thomas WILHELM, c/o Lova-Center, FL- 9490 Vaduz

zustehenden Geldforderungen und Zahlungsansprüche, insbesondere Ausschüttungs- und RückZahlungsansprüche in Höhe von zumindest der ausstehenden Forderung

2.2 und Überweisung der gepfändeten Forderungen zur Einziehung bis zur Höhe der vollstreckbaren Forderung unbeschadet etwa früher erworbener Rechte dritter Personen.

Den Drittschuldnern wird verboten, an die verpflichtete Partei Zahlung zu leisten. Letzterer wird jede Verfügung über die gepfändete Forderung sowie über das für sie bestellte Pfand insbesondere die gänzliche oder teilweise Einziehung dieser Forderung untersagt. Mit Zustellung dieses Zahlungsverbotes an die Drittschuldner ist die bewilligte Pfändung als bewirkt anzusehen und zu Gunsten der vollstreckbaren Forderung der betreibenden Partei an der oben bezeichneten Forderung ein Pfandrecht erworben.

3. Der betreibenden Partei wird aufgetragen, binnen zwei Wochen einen Betrag von CHF 5'000.00 für die voraussichtlich anfallenden Übersetzungskosten auf das Konto des Fürstlichen Landgerichts bei der Liechtensteinische Landesbank AG, Konto-Nr. 673.468.05, zu erlegen.

## Begründung:

Mit Schriftsatz vom 22.02.2016 stellte die betreibende Partei die aus dem Spruch ersichtlichen Anträge. Zur Begründung brachte sie unter anderem und zusammengefasst Folgendes vor:

1. **Antrag auf Vollstreckbarerklärung**

Mit Schiedsspruch eines Drei-Richter-Senats, konstituiert nach der Schiedsordnung des London Court of International Arbitration (LCIA), vom 11. November 2014, Fall Nr. 101721, wurden Ashot YEGIAZARYAN („Yegiazaryan") und die KALKEN HOLDINGS LIMITED („Kalken") solidarisch zur Zahlung folgender Beträge an den Antragsteller verpflichtet:

a. Zahlung in der Hauptsache: USD 72'243'000.00;

b. Kapitalisierte Zinsen: USD 6'899'701.32 (das entspricht 7% Zinsen p.a. aus USD 72'243'000.00 vom 1. Juli 2013 bis 11. November 2014);

c. vierteljährlich aufgezinsten Jahreszinssatz von 8% aus USD 72'243'000.00 und USD 6'899'701.32 seit 11. November 2014

d. (Partei-)Kosten: GBP 2'658'151.93 und USD 672'354.08 und RUB 2'958'750.00

e. (Verfahrens-)Kosten: GBP 118'321.75.

Auf das Schiedsverfahren waren die LCIA Schiedsregeln 1998 (LCIA Arbitration Rules 1998) anwendbar. Gemäss Art. 26.9 der LCIA Schiedsregeln sind Schiedssprüche endgültig und bindend und unterliegen daher keinem weiteren Rechtsmittelzug

(siehe auch Hausmaninger in Fasching/Konecny, Zivilprozessgesetze IV/22§ 607 Rz 17).

Der Sitz des Schiedsgerichtes war in London. Sowohl Liechtenstein (seit 7. Juli 2011) als auch das Vereinigte Königreich (seit 24. September 1975) sind Mitgliedsstaaten des Übereinkommens über die Anerkennung und Vollstreckung ausländischer Schiedssprüche (NYÜ), LGBl. Nr. 325/2011. Die Vollstreckbarerklärung erfolgt daher auf Grundlage des NYÜ.

Gemäss Art. IV Abs. 1 lit. a NYÜ ist eine gehörig (legalisierte) Urschrift des Schiedsspruches oder ein Abschrift, deren Übereinstimmung mit einer solchen Urschrift ordnungsgemäss beglaubigt ist, vorzulegen. Die beiliegende beglaubigte Kopie weist sowohl einen Stempel als auch eine Unterschrift eines dazu befugten Funktionärs der LCIA samt Bezeichnung seiner Funktion auf:

Der „Registrar" ist gemäss Art. 26.9 der LCIA-Rules 2014 (zum Zeitpunkt der Beglaubigung des gegenständlichen Schiedsspruches am 12. November 2014 waren die LCIA-Rules 2014 [In-Kraft-Treten: 1. Oktober 2014] bereits in Kraft) das zuständige Organ des London Court of International Arbitration (LCIA) zur Ausstellung einer beglaubigten Kopie des originalen Schiedsspruches.

Damit liegt ein durch die Schiedsinstitution LCIA beglaubigte Kopie i.S.d. Art. IV Abs. 1 lit. a NYÜ vor (LES 2015, 93 [96]).

Die Übersetzung des Schiedsspruches stammt von Heidi Hilty. Heidi Hilty ist in der Liste der vor liechtensteinischen Gerichten und Verwaltungsbehörden zugelassenen Dolmetscher und Übersetzer i.S.d. LGBl. 2000 Nr. 15 als Übersetzerin für Englisch eingetragen. Sie ist damit einer i.S.d. Art. IV Abs. 2 NYÜ amtliche/beeidigte Übersetzerin (LES 2013,147 [151]).

Die Vorlage der Urschrift oder einer beglaubigten Abschrift der Schiedsvereinbarung nach Art. IV Abs. 1 Bst. b des New Yorker UN-Übereinkommens über die Anerkennung und Vollstreckung ausländischer Schiedssprüche ist nur nach Aufforderung durch das Gericht erforderlich (§ 631 Abs. 2 ZPO). Eine solche Aufforderung liegt nicht vor. Somit sind alle Voraussetzungen für die Vollstreckbarerklärung erfüllt.

Der Schiedsspruch wurde durch Berichtigung des Schiedspruches vom 9. Januar 2015 textlich berichtigt, was jedoch nichts am Spruch oder Ergebnis änderte.

Es gibt derzeit keine Indikation, dass auch die Kalken Vermögen in Liechtenstein hat. Der Exekutionsantrag richtet sich daher ausschliesslich gegen Yegiazaryan. Aufgrund der im Schiedsurteil ausgesprochenen Solidarverpflichtung wird der Antrag auf Vollstreckbarerklärung auch gegen die Kalken gerichtet. Die Kalken wird daher nur in das Verfahren über die Vollstreckbarerklärung als Antragsgegnerin (§ 631 ZPO), nicht aber in den anschliessenden Exekutionsantrag miteinbezogen.

## 2. Antrag auf Bewilligung der Forderungsexekution

Exekutionstitel und zugrunde liegender Anspruch

Der gegenständliche Exekutionsantrag richtet sich wie ausgeführt ausschliessliche gegen Yegiazaryan als verpflichtete Partei. Der Exekutionstitel ist der Schiedsspruch („Final Award") des London Court of International Arbitration (LCIA) vom 11. November 2014, Case No. (Fall Nr.) 101721).

Mit diesem endgültigen, bindenden und keinem weiteren Rechtsmittelzug unterliegenden Schiedsspruch wurde die verpflichtete Partei verurteilt, folgende Zahlungen an die betreibende Partei zu bezahlen:

a. Zahlung in der Hauptsache: USD 72'243'000.00;
b. Kapitalisierte Zinsen: USD 6'899'701.32 (das entspricht 7% Zinsen p.a. aus USD 72'243'000.00 vom 1. Juli 2013 bis 11. November 2014);
c. vierteljährlich aufgezinsten [d.h. der Betrag ist vierteljährlich zu ¼ des Jahreszinses zu verzinsen und diese Zinsen sind dem Kapital hinzuzuschlagen] Jahreszinssatz von 8% aus USD 72'243'000.00 und USD 6'899'701.32 seit 11. November 2014
d. (Partei-)Kosten: GBP 2'658'151.93 und USD 672'354.08 und RUB 2'958'750.00
e. (Verfahrens-)Kosten: GBP 118'321.75.

Alle diese Ansprüche aus dem Schiedsurteil sind umgehend und unverzüglich fällig (Art. 26.9 LCIA). Die gegenständlichen Ansprüche aus dem Schiedsurteil vom 11. November 2014 sind damit längst fällig. Trotz längst eingetretener Fälligkeit hat die verpflichtete Partei keine Zahlung geleistet.

Exekutionsmittel

Beantragt wird die Forderungsexekution nach Art. 217 ff. EO. Dem Verpflichteten (Yegiazaryan) stehen aufgrund seiner Rechtsstellung als Wirtschaftlich Berechtigter, Treugeber, Begünstigter und Auftraggeber des Alpha Trusts gegen die umseits bezeichneten Drittschuldner als (faktische) Treuhänder des Alpha Trusts und einfache Treuhänder der verpflichteten Partei Geldforderungen und Zahlungsansprüche, insb. Ausschüttungs- und RückZahlungsansprüche, zu. Yegiazaryan kann über das Vermögen des Alpha-Trusts per Instruktion (an die Drittschuldner) nach seinem Gutdünken verfügen. Er kann de facto per Weisung (an die Drittschuldner) uneingeschränkt Ausschüttungen aus dem Trust-Vermögen verlangen.

Der zugrunde liegende Sachverhalt ist komplex, gründet sich zum Teil auch auf Scheingeschäfte und Durchgriffsansprüche. Der Antragsteller / die betreibende Partei nimmt deshalb davon Abstand, Einzelheiten in diesem Exekutionsantrag vorzutragen.

Die betreibende Partei hat im Exekutionsverfahren die Forderung des Verpflichteten nur zu behaupten und die zu deren Individualisierung erforderlichen Angaben zu

machen; das hat der Antragsteller / die betreibende Partei getan. Bei Bewilligung der Forderungsexekution sind die Behauptungen der verpflichteten Partei im Exekutionsantrag nicht nachzuprüfen. Insbesondere ist nicht zu prüfen, ob die zu pfändende Forderung zu Recht besteht und damit die Forderungsexekution zum Erfolg führen wird. Diese Prüfung und Feststellung erfolgt erst im Drittschuldnerprozess (LES 2010, 70, u .a.).

Streitwertberechnung

Für die Streitwertberechnung im Exekutionsverfahren sind Zinsen und Kosten bis zum Antragstag zu berechnen (Art. 3, 14 RATG). Das erfolgt wie folgt:

| | |
|---|---|
| Spruchpunkt 2:<br>Hauptsache von USD 72'243'000.00 z.K.v. 0.9953; | CHF 71'903'457.90 |
| Spruchpunkt 3:<br>Kapitalisierte Zinsen von USD 6'899'701.32, das entspricht 7% Zinsen p.a. aus USD 72'243'000.00 vom 1. Juli 2013 bis 11.11.2014; 1 USD = 0.9953 CHF. | CHF 6'867'272.72 |
| Spruchpunkt 4:<br>vierteljährlich aufgezinsten Jahreszinssatz von 8% aus USD 72'243'000.00 = USD 8'213'535.68 (1 USD = 0.9953 CHF) | CHF 8'174'932.06 |
| Spruchpunkt 5:<br>(Partei-)Kosten:<br><br>USD 672'354.08 (1 USD = 0.9953 CHF) = CHF 699'194.02<br><br>RUB 2'958'750.00 (1 RUB = 0.01346 CHF) = CHF 39'831.96 | CHF 4'481'588.95 |
| Spruchpunkt 6:<br>(Verfahrens-)Kosten:<br>GBP 118'321.75 (1 GBP = 1.4215 CHF) | CHF 168'194.34 |
| TOTAL | CHF 91'595'445.97 |

### 3. (Internationale) Zuständigkeit

Einerseits haben die Drittschuldner ihren Sitz in Liechtenstein. Andererseits sind die Forderungen und Ansprüche, welche Yegiazaryan gegenüber den Drittschuldnern hat, vermögensrechtliche Ansprüche i.S.d. § 50 Abs. 2 JN (LES 2008, 256, u.a.). Die (internationale) Zuständigkeit zu Gunsten des Fürstlichen Landgerichts liegt deshalb vor.

Mit dem Exekutionsantrag vom 22.02.2016 und der Urkundenvorlage vom 23.02.2016 legte die betreibende Partei folgende Urkunden:
- Beglaubigte Kopie des Final Awards des London Court of International Arbitration zu Case No. 101721 vom 11. November 2014;
- LCIA Rules 1998 in deutscher und englischer Version;
- LCIA Rules 2014 in englischer Sprache;
- Durch Frau Heidi Hilty angefertigte, beglaubigte Übersetzung des Final Awards des London Court of International Arbitration zu Case No. 101721 vom 11. November 2014;
- Liste der vor liechtensteinischen Gerichten und Verwaltungsbehörden zugelassenen Dolmetscher und Übersetzer, Stand 1. Oktober 2015;
- Handelsregisterauszug des Alpha Trusts vom 12.02.2016;
- Handelsregisterauszug der CTX Treuhand AG vom 11.02.2016;
- Berichtigung des Schiedsurteils vom 9. Januar 2015 samt durch Frau Heidi Hilty angefertigte, beglaubigter Übersetzung.

Das Gericht hat folgendes erwogen:

Zu 1.:

Den oben wiedergegebenen Ausführungen der betreibenden Partei ist zuzustimmen und ist diesen im Grunde nichts hinzuzufügen.

Die Vollstreckbarerklärung des gegenständlichen Schiedsspruchs für Liechtenstein hat auf Grundlage des New Yorker UN-Übereinkommens über die Anerkennung und Vollstreckung ausländischer Schiedssprüche vom 10.06.1958, LGBl 2011/325, zu erfolgen. Die Voraussetzungen des Art. IV NYÜ sind durch Vorlage einer beglaubigten Abschrift des gegenständlichen Schiedsspruches samt einer Übersetzung desselben durch einen amtlichen/beeideten Übersetzer erfüllt.

Zu 2.:

Die von der betreibenden Partei begehrte Exekution bzw. die bezeichneten Exekutionsmittel sind zulässig und im Sinne des Art. 33 Abs 1 lit c EO auch ausreichend bestimmt, sodass die Exekution wie beantragt zu bewilligen war.

Die Kosten des Vollstreckbarerklärungsantrages und des Exekutionsantrages wurden rechtzeitig und im Wesentlichen richtig verzeichnet. Der Höhe nach war nur insofern eine Kürzung vorzunehmen, als für den Exekutionsantrag kein Verbindungszuschlag von 10% gebührt – weder nach Anmerkung 1 noch nach Anmerkung 4 zu Tarifpost 3 RATVO.

Fürstliches Landgericht<br>
Vaduz, 24. Februar 2016<br><br>
Mag. Konrad Lanser<br>
Fürstlicher Landrichter

Für die Richtigkeit der Ausfertigung

Marlis Hilti

# Rechtsmittel

Gegen diesen Beschluss ist binnen der unerstreckbaren Frist von 14 Tagen ab Zustellung das Rechtsmittel des Rekurses an das Fürstliche Obergericht, Vaduz, zulässig. Der Rekurs ist schriftlich in zweifacher Ausfertigung beim Fürstlichen Landgericht in Vaduz einzubringen, kann aber auch mündlich zu Protokoll erklärt werden. Er hat eine bestimmte Erklärung, inwieweit der Beschluss angefochten wird, die ebenso bestimmte kurze Bezeichnung der Gründe der Anfechtung (Rekursgründe), das tatsächliche Vorbringen und die Beweismittel, durch welche die Wahrheit der Rekursgründe erwiesen werden kann, und die Erklärung, ob die Aufhebung oder Abänderung des Beschlusses und gegebenenfalls welche beantragt werde (Rekursantrag) zu enthalten.