# EXHIBIT 11

Date: 27th May 2015

# DECLARATION
# OF
# TRUST

made by

## CTX Treuhand AG

(the Trustees)

Constituting

The

## ALPHA Trust

Certified true photocopy
of the original.

Date: 03.06.2015
Signature: P O Gab

## INDEX TO CLAUSES

**Clause**                                                                  **Page**

1.  Definitions                                                                6

2.  Proper Law, Forum of Administration, Jurisdiction
    and Change thereof                                                        7

3.  Power to Terminate                                                        8

4.  Trust for Sale                                                            8

5.  Trust of income and capital                                              8

6.  Payments to Minors                                                       10

7.  Interests not attachable                                                 10

8.  Power to add and exclude Beneficiaries                                   11

9.  Remuneration of Trustees                                                 11

10. Change of Trustees                                                       12

11. Power to delegate                                                        13

12. Power to alter and revoke                                               13

13. Additional powers                                                       13

14. The Protector                                                            13

15. Duties of the Trustees, liability and indemnity                         14

16. Accounts and Information                                                 14

Case 2:20-cv-10376-RGK-PLA Document 2-8 Filed 12/11/20 Page 4 of 25 Page ID #:159

## THE FIRST SCHEDULE      15

|     | Administrative Powers | 15 |
| 1. | Power of Investment | 15 |
| 2. | Power to lend and to give guarantees | 16 |
| 3. | Power to permit occupation of property and enjoyment of chattels | 16 |
| 4. | Power to borrow | 16 |
| 5. | Powers in relation to real property | 16 |
| 6. | Powers in relation to chattels | 18 |
| 7. | Power to trade | 18 |
| 8. | Power to give indemnities | 18 |
| 9. | Exclusion of apportionment | 19 |
| 10. | Power to deal with insurance policies | 19 |
| 11. | Release of powers | 20 |
| 12. | Power of appropriation | 20 |
| 13. | Power to vote and to employ nominees and custodians | 20 |
| 14. | Power to delegate management of investments | 20 |
| 15. | Power to receive remuneration | 21 |
| 16. | Power to promote companies | 21 |
| 17. | Trustees not bound to interfere in business of company in which the Trust is interested | 22 |
| 18. | Power to insure property | 22 |

269

Case 2:20-cv-10936-RGK-PLA Document 2:18 Filed 12/11/20 Page 5 of 25 Page ID #:609
Case 2:14-cv-08764-RGK-PLA Document 24-14 Filed 04/10/20 Page 5 of 25 Page ID #:9170

19. Power to appoint agents                                    22

20. Power to permit self-dealing                             22


**THE SECOND SCHEDULE**                                       23


**THE THIRD SCHEDULE**                                        24

**THIS DECLARATION** OF TRUST is made the 27th day of May Two thousand and fifteen.

## BY

CTX Treuhand AG ("the Trustees" which expression shall where the context so admits include the trustees or trustee for the time being of this Trust)

## WHEREAS

(A)    THE Trustees acknowledge having received the property specified in the Second Schedule to be held upon the trusts hereinafter contained concerning the same.

(B)    IT is intended that this Trust shall be irrevocable

(C)    THIS Trust may be referred to as

**" ALPHA TRUST"**

**NOW THIS DEED WITNESSETH** as follows:

1.        **Definitions**

1.1.      IN this Deed where the context so admits

1.1.1.    "the Trust Fund" means
          - the sum specified in the Second Schedule and
          - all money investments or other property paid or transferred by any
            person or persons to or so as to be under the control of and (in either
            case) accepted by the Trustees as additions and
          - all accumulations (if any) of income directed to be held as an accretion
            to capital and
          - the money investments and property from time to time representing the
            said money investments property additions and accumulations;

1.1.2.    "the Beneficiaries" means and includes the persons named or described in
          the Third Schedule hereto:

1.1.3.    "the Trust Period" means the period commencing on the date of this Deed
          and ending on the earlier of the last day of the period of 80 years from the
          date of this Deed or such earlier date as the Trustees shall by virtue of
          their power under clause 3 hereof specify;

1.1.4.    "the Proper Law" of this Trust means the law of the jurisdiction to which the
          rights of all parties and the construction of each and every provision of this
          Trust shall be subject;

1.1.5.    "Minor" means any individual who has not attained the age of 20 years
          notwithstanding that such individual may by the laws of his or her domicile
          be of full age and "full age" shall be construed accordingly;

1.1.6.    "Person" means any individual or body of persons corporate or incorporate;

1.1.7.    "Issue" means children and remoter issue whether legitimate, illegitimate,
          adopted or legitimated and step-children;

1.1.8.    "Protector" means the Person holding for the time being the office of
          Protector pursuant to any appointment made in accordance with Clause 14
          hereof;

1.2.      Words importing the singular shall include the plural and the masculine
          gender shall include the feminine and vice versa.

## 2. Proper Law, Forum of Administration, Jurisdiction

2.1. THIS Trust is established under the laws of the Principality of Liechtenstein and in particular Articles 897 to 932 of the Personen- und Gesellschaftsrecht (statute number 4 of 20th January 1926) shall be applicable to this Trust.

2.2. The forum of administration of this Trust shall be in the Principality of Liechtenstein and the rights of all parties and the construction and effect of each and every provision hereof shall be subject to the exclusive jurisdiction of and construed only according to the laws of the Principality of Liechtenstein.

2.3. The Trustees may register this Trust with the Oeffentlichkeitsregister of the Principality of Liechtenstein or deposit this Deed and any amendments thereto with the Liechtenstein Princely Court as they think fit.

2.4. The Trustees may at any time declare in writing that from the date of such declaration the Proper Law of this Trust shall be that of any specified jurisdiction (not being a jurisdiction under the law of which this Trust would be capable of revocation) and that all rights under this Trust and its construction and effect shall be subject to and construed according to the laws of that jurisdiction and so often as any such declaration shall be made the Trustees shall be free to make such alterations and/or additions in or to the trusts powers and provisions of this Trust as they may consider necessary or desirable so that the trusts powers and provisions hereof shall then (mutatis mutandis) be as valid and effective as they were immediately prior to the making of such declaration.

2.5. In the case that in the country or state of the forum of administration any of the events referred to in sub-clause 2.5.2. hereof shall occur the trustee or trustees resident or having a place of business at the forum of administration shall with immediate effect and without the necessity of filing or signing any documents cease to be trustee or trustees hereof and be divested of the title to the Trust Fund and the trustee or trustees shall have no claim or claims against the Trust Fund in respect of charges or expenses whether or not such claim or claims have accrued at the time the events aforesaid have occurred.

2.5.1. Immediately following the trustee or trustees ceasing to be trustee or trustees hereof the continuing trustee or continuing trustees shall change the forum of administration and the law applicable to this Trust and appoint a new trustee or new trustees and effect such changes, alterations and/or modifications to this Deed as they consider necessary to ensure that this Deed is as valid under the new law as under the law previously applicable.

2.5.2.     The events referred to:

2.5.2.1.   the declaration of war, the opening of hostilities or a civil war affecting the country or state of the forum of administration and/or the military occupation or the invasion thereof;

2.5.2.2.   the passing of a law, statutory order, decree, instruction, directive or any other political or administrative measure in the country or the state of the forum of administration the result of which is;

2.5.2.2.1. to obstruct or restrict the administration and/or distribution of the Trust Fund;

2.5.2.2.2. to seize, confiscate or expropriate assets of the Trust Fund, either permanently or for a period of time and either directly or indirectly;

2.5.2.2.3. to levy a tax on the Trust Fund in excess of 5 % per annum;

2.5.2.3.   any other event, action or circumstance which would have a detrimental impact on the Trust and/or the Trust Fund.

3.         **Power to Terminate**

           THE Trustees shall have the power by deed to specify such date (not being a date earlier than the date of execution of such deed) to be the end of the Trust Period.

4.         **Trust for Sale**

           THE Trustees shall hold the Trust Fund upon trust as to investments or property other than money in their absolute discretion to sell call in or convert into money all or any of such investments or property but with power to postpone such sale calling in or conversion and to permit the same to remain as invested and upon trust as to money with the like discretion to invest the same in their names or under their control in any of the investments authorised by this Trust or by law with power at the like discretion from time to vary or transpose any such investments for others so authorised.

5.         **Trust of income and capital**

5.1.       THE Trustees shall hold the capital and income of the Trust Fund upon such trusts in favour or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them in such shares or proportions if more than one and with and subject to such powers and provisions for their respective maintenance education advancement or other benefit or for the accumulation of income (including administrative powers and provisions and discretionary trusts and powers to be executed or exercised by any persons or

person whether or not being or including the Trustees or any of them) and so that the exercise of this power of appointment may be delegated to any extent and in such manner generally as the Trustees by any deed or deeds revocable during the Trust Period or irrevocable and executed during the Trust Period shall appoint **PROVIDED** always that no exercise of this power shall invalidate any prior payment or application of all or any part or parts of the capital or income of the Trust Fund made under any other power or powers conferred by this Deed or by law.

5.2.     Until and subject to and in default of any appointment under Clause 5.1.

5.2.1.     The Trustees shall pay or apply the income of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them as shall for the time being be in existence and in such shares if more than one and in such manner generally as the Trustees shall in their absolute discretion from time to time think fit.

5.2.2.     Notwithstanding the provisions of sub-clause 5.2.1. the Trustees may at any time or times during the Trust Period in their absolute discretion instead of applying all or any part or parts of the income accumulate the same in the way of compound interest by investing or otherwise applying it and its resulting income from time to time in any applications or investments authorised by this deed or by law and subject to sub-clause 5.2.3. shall hold such accumulations as an accretion to capital.

5.2.3.     The Trustees may at any time or times during the Trust Period apply the whole or any part or parts of the income accumulated under sub-clause 5.2.2. as if it were income arising in the then current year.

5.2.4.     Notwithstanding the trusts powers and provisions declared and contained in this clause the Trustees may

5.2.4.1.     at any time or times during the Trust Period pay or apply the whole or any part or parts of the capital of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or

others of them in such shares if more than one and in such manner generally as the Trustees shall in their absolute discretion think fit;

5.2.4.2.     pay or transfer any income or capital of the Trust Fund to the trustees of any other trust wherever established or existing under which all or any one or more of the Beneficiaries is or are interested (whether or not all or such one or more of the Beneficiaries is or are the only objects or persons interested or capable of benefiting under such other trust) if the Trustees shall in their absolute discretion consider

such payment or transfer to be for the benefit of all or such one or more of the Beneficiaries.

5.3.     In default of and subject to any or every exercise of the said powers conferred on the Trustees by the preceding sub-clauses hereof the

Trustees shall stand possessed of the Trust Fund at the expiration of the Trust Period UPON TRUST for such of the Beneficiaries as shall then be living in equal shares absolutely.

5.4. Subject as above and if and so far as not wholly disposed of for any reason whatever by the above provisions the capital and income of the Trust Fund shall be held in trust for the Red Cross and Amnesty International and in the event of failure of this present trust for charitable purposes generally.

6. **Payments to Minors**

6.1. WHERE the Trustees are authorised to pay or apply any income or capital of the Trust Fund to or for the benefit of any person who is a Minor the Trustees may either pay the same to him or her as his or her absolute property notwithstanding that he or she is a Minor and the receipt of any such Minor Beneficiary shall be a good discharge to the Trustees therefore or pay the same to any parent or guardian of such Minor or apply the same in such manner as may be directed in writing by such parent or guardian and the receipt of such parent or guardian in either case shall be a sufficient discharge to the Trustees for any income or capital so paid or applied.

7. Intentionally left blank

### 8. Power to add and exclude Beneficiaries

8.1. THE Trustees may at any time during the Trust Period by any written instrument declare that

8.1.1. any person, group or description of person shall cease to be a Beneficiary or Beneficiaries and thereupon such person, group or description of person shall cease to be a Beneficiary or Beneficiaries as if such Beneficiary or Beneficiaries had originally been expressly excluded as a Beneficiary or Beneficiaries but without prejudice to any previous payment of capital or income to such Beneficiary or Beneficiaries;

8.1.2. any person, group or description of person nominated by the Trustees shall thenceforth be a Beneficiary or Beneficiaries PROVIDED that any addition of any such Beneficiary or Beneficiaries shall not prejudice modify or affect any appointment of capital or income thus already made.

### 9. Remuneration of Trustees

9.1. THE Trustees are entitled to reimburse themselves out of the Trust Fund (whether income or capital) for all expenses and costs properly incurred in the administration of this Trust and all liabilities properly incurred (including liabilities to pay damages) may be paid directly out of the Trust Fund.

9.2. Any trustee which shall be a company authorised to undertake trust business shall be entitled in addition to reimbursement of its proper expenses to remuneration for its services in accordance with its published terms and conditions for trust business in force from time to time.

9.3. Any trustee who is a lawyer or other person engaged in a profession or business shall be entitled to charge and be paid all normal professional or other charges for business done services rendered or time spent personally or by such trustee's firm in the administration of these trusts including acts which a trustee not engaged in any profession or business could have done personally.

9.4. Any trustee shall be entitled to retain any brokerage or other commission which may be received personally or by such trustee's firm in respect of any transaction carried out on behalf of this Trust for which such trustee or trustee's firm is in the normal course of business allowed brokerage or other commission notwithstanding that the receipt of such brokerage or commission was procured by an exercise by such trustee or the Trustees of powers over the Trust Fund.

9.5.    The rights of the Trustees to be reimbursed and properly remunerated out of the Trust Fund whether capital or income are secured by a charge on the whole of the Trust Fund.

## 10.    Change of Trustees

10.1.    THE minimum number of Trustees of this Trust shall be two or a trust company and the maximum number shall be five.

10.2.    If the number of Trustees exceeds one then all the Trustees have to act unanimously. The Trustees are however entitled to delegate all business acts, exercise of power and discretions to one or more of their Co-Trustees to the extent as they consider in their discretion such delegation advisable.

10.3.    A Trustee who wishes to resign and be discharged from the trusts hereof may do so by notice in writing given to the Co-Trustees (if any) and to the person or persons entitled to appoint new trustees and having given such notice shall be discharged at the expiration of one month from the date when such notice shall have been given or of such shorter period as the said person or persons entitled to appoint new trustees in accordance with the provisions of this Clause 10 may agree in writing PROVIDED ALWAYS that such discharge shall not take effect unless immediately after such discharge there will be at least one Trustee.

10.4.    If a Trustee shall desire to resign and to be discharged from all or any of the trusts hereof or shall refuse or become unfit to act therein or become incapable of acting therein or shall die or being a corporation be dissolved then

10.4.1.    the Protector or if he shall be dead (or being a corporation be dissolved) or unable or unwilling to act;

10.4.2.    the Beneficiaries (excluding the charitable institution) being sui juris and deciding by majority or if he, she or they shall be unable or unwilling to act;

10.4.3.    the Trustees for the time being or if there being no Trustees;

10.4.4.    the Liechtensteinische Landgericht Vaduz shall by an instrument in writing appoint one or more person whether resident in the forum of administration of this Trust or elsewhere to be a trustee or trustees in the place of the Trustee so deceased dissolved desiring to be discharged refusing or being unfit or being incapable as aforesaid.

10.5.    The person entitled to appoint new trustees under sub-clause 10.4.1. and 10.4.2. may in the same order of succession as above appoint one

or more person to be additional Trustees hereof up to the maximum number allowed.

10.6.    A Trustee may be resident anywhere in the world.

10.7.    The person entitled to appoint additional trustees may remove one or more Trustees at any time and without giving any reason by notice in writing served upon the Trustees.

## 11.    Power to delegate

11.1.    ANY Trustee shall have power (notwithstanding any rule of law to the contrary) by deed or deeds revocable during the Trust Period or irrevocable to delegate to any person the execution or exercise of all or any trusts powers and discretions hereby or by law conferred on the Trustee.

## 12.    Power to alter and revoke

12.1.    The Trustees may at any time in their discretion alter any of the provisions of this Deed but so that the exercise of this power shall not act so as to cause this Trust to be revoked.

## 13.    Additional powers

13.1.    THE Trustees shall in addition and without prejudice to all statutory powers have the powers and immunities set out in the First Schedule provided that the Trustees shall not exercise any of their powers so as to conflict with the beneficial provisions of this Trust.

## 14.    The Protector

14.1.    THE Protector may be resident or being a corporation have its place of business anywhere in the world.

14.2.    The first Protector shall be  the client

14.3.    The Protector may delegate or transfer at any time by instrument in writing all or part of his powers, rights and/or duties for a specified period of time or permanently to any person or persons upon such terms and conditions as he think fit provided always that no such transfer shall take effect until written notice thereof has been given to the Trustees.

14.3.1.    In the event of failure of the aforesaid transfer and there being no Protector or in the event of a Protector having died (or being a corporation be dissolved) or being unfit or unwilling to act without having validly transferred his powers, rights and/or duties then

14.3.1.1.   the Beneficiaries (excluding the charitable institution) being sui juris and deciding by majority or if he, she or they shall be unable or unwilling to act

14.3.1.2.   the Liechtensteinische Landgericht Vaduz shall, within 90 days appoint a Protector.

14.4.   The prior written consent of the Protector shall be required for the exercise by the Trustees of their powers and rights under Clauses 2.4., 2.5.1., 3., 5., 8., 11., 12., 16.2., 16.3., and clause 11 of the First Schedule.

15.   **Duties of the Trustees, liability and indemnity**

15.1.   IN the execution of the trusts powers and discretions hereof the Trustees shall act with the honesty, prudence and diligence of the ordinary, honest, prudent and diligent man of business.

15.2.   No Trustee shall be liable for any loss to the Trust Fund whatsoever or (by mistaken payment or application or otherwise) to any Beneficiary unless such loss is attributable to such Trustee's own dishonesty or to any wilful act or omission on his part which was known to him to be a breach of trust or which could have been known to him had he not acted with gross negligence and no Trustee shall be liable for any act or omission on the part of any Co-Trustee or of any agent on behalf of the Trustees (except in such circumstances as aforesaid).

15.3.   The Trustees shall not be required to give a bond or security for the due and faithful administration of the Trust Fund or for the discharge of the trusts hereby created.

16.   **Accounts and Information**

16.1.   THE Trustees shall keep complete and accurate records of all transactions pertinent to the Trust Fund.

16.2.   The records shall be opened to the inspection of the Beneficiaries or their legal or duly authorised representatives within a reasonable time. Notwithstanding the aforesaid the Trustees are not obliged to disclose to a Beneficiary as to whom of the other Beneficiaries they have appointed capital or income of the Trust Fund or have made payments out of capital or income of the Trust Fund nor to disclose their reasons for the exercise or non-exercise or way of exercise of their powers rights and discretions under this Trust.

16.3.   The Trustees may in their discretion nominate a Kontrollstelle in pursuance of Art. 923 of the PGR which Kontrollstelle shall then be the sole person authorised to be given the information aforesaid.

## THE FIRST SCHEDULE

### Administrative Powers

1.     **Power of Investment**

1.1.     SUBJECT as provided below any moneys requiring investment may be invested in or upon any investments of whatever nature and wherever situate whether producing income or not and whether involving waste or not (including the purchase of any immovable or movable property or any interest in such property and including purchases made for the purpose of enabling all or any one or more of the Beneficiaries to have the occupation use or enjoyment in specie of the asset purchased or other purposes which the Trustees consider to be in the interests of any one or more of the Beneficiaries) as the Trustees shall in their absolute discretion think fit so that the Trustees shall have the same full and unrestricted powers of making and changing investments of such moneys as if they were absolutely and beneficially entitled to such moneys and without prejudice to the generality of the above the Trustees shall not be under any obligation to diversify their investments of such moneys.

1.2.     The acquisition of any such reversionary interest or any policy of insurance or assurance sinking fund policy or other policy of whatever nature or any annuity or securities or other investments not producing income or of a wasting nature or for any other reason not within the meaning of the word "investment" strictly construed shall be deemed to be an authorised investment of trust moneys if the Trustees shall consider the same to be for the benefit of any one or more of the Beneficiaries.

1.3.     Where any such reversionary interest policy security or investment as is described in sub-clause 1.2. is comprised in the Trust Fund or where any other security or investment is sold with the right to receive the dividend or interest accrued or accruing no part of any accretion to the value or of any premium or bonus or other sum (whether in respect of arrears of or prospective dividend or interest or income or otherwise) which accrues or is payable when the same falls into possession or is redeemed or matures or on repayment of the capital moneys so
secured or when any sale or disposal is made shall be apportionable to or be treated as income.

1.4.     The Trustees shall have power to exchange property for other property of a like or different nature and for such consideration and on such conditions as they in their absolute discretion think fit.

## 2.  Power to lend and to give guarantees

2.1.  THE Trustees shall have power to lend money or property to any one or more of the Beneficiaries either free of interest or on such terms as to payment of interest and generally as the Trustees shall in their absolute discretion think fit.

2.2.  The Trustees shall have power to guarantee the payment of money and the performance of obligations in respect of any existing or future borrowings by any one or more of the Beneficiaries from third parties or guarantees indemnities or other commitments of like nature given to third parties by any one or more of the Beneficiaries including without prejudice to the generality of the above the power to pledge the whole or part of the assets comprising the Trust Fund in support of any such guarantee given as above by the Trustees and to enter into such indemnities as they shall in their absolute discretion think fit in connection with any such guarantee.

## 3.  Power to permit occupation of property and enjoyment of chattels

3.1.  THE Trustees shall have power to permit any one or more of the Beneficiaries to occupy or reside in or upon any real or immovable property or to have the enjoyment and use of chattels or other movable property for the time being held upon these trusts on such terms as to payment of rent rates taxes and other expenses and outgoings and as to insurance repair and decoration and generally upon such terms as the Trustees shall in their absolute discretion think fit.

## 4.  Power to borrow

4.1.  THE Trustees shall have power to borrow and raise money on the security of the Trust Fund for any purpose (including the investment of the moneys so raised as part of the Trust Fund) and to mortgage charge or pledge any part of the Trust Fund as security for any moneys so raised and to guarantee the payment of money and the performance of obligations in respect of borrowings by any company fully or partly owned by the Trustees and in connection with such guarantees to enter into such indemnities as the Trustees shall in their absolute discretion think fit.

## 5.  Powers in relation to real property

WHERE the Trust Fund for the time being includes any real or immovable property (in this clause referred to as "the land"),

5.1.  The Trustees may lease all or any part of the land for any purpose and whether involving waste or not for any term and either wholly or partly in consideration of a rent (whether fixed or variable) or fine or

premium or the erection improvement or repair or any agreement to erect improve or repair buildings or other structures on the land and may accept (with or without consideration) surrender of any lease of all or any part of the land.

5.2.     The Trustees may in executing any trust or power of sale sell all or any part of the land either wholly or partly in consideration of an annual sum payable for any term (whether definite or indefinite) and being either reserved out of the land sold or secured in such other manner as the Trustees shall in their absolute discretion think fit.

5.3.     The Trustees may in executing any trust or power of sale or leasing:

5.3.1.   sell or lease all or any part of the land whether the division is horizontal or vertical or made in any other way;

5.3.2.   sell or lease or reserve any easement or right or privilege over all or any part of the land;

5.3.3.   sell or lease or except or reserve any timber or mines or minerals on or in or under all or any part of the land together with any easements rights or privileges of cutting or working and carrying away the same or otherwise incidental to or connected with forestry or mining purposes;

5.3.4.   impose and make binding for the benefit of all or any part of the land sold or leased any restrictions or stipulations as to user or otherwise affecting any part of the land retained;

5.3.5.   accept in exchange for all or any part of the land to be sold or leased (either with or without any money paid or received for equality of exchange) any other real or immovable property or any lease;

5.3.6.   enter into any contract or grant any option for the sale or leasing of all or any part of the land or otherwise for the exercise by the Trustees of any of their above powers.

5.4.     The Trustees shall not be bound to see to nor be liable or accountable for omitting or neglecting to see to the repair or insurance of any buildings or other structures on the land or to the payment of any outgoings or otherwise as to the maintenance of the land or any buildings or other structures on the land maintain repair or insure the
same in such manner and to such extent as they shall in their absolute discretion think fit.

5.5.     The Trustees may from time to time expend moneys altering or improving the land or any buildings or other structures on the land (including erecting demolishing or rebuilding the same) to such extent and in such a manner as they shall in their absolute discretion think fit and any certificate in writing of any architect or surveyor employed by the Trustees to the effect that any work specified in such certificate is or includes an alteration or an improvement to the land or any such building or other structure shall be conclusive as between the Trustees and the Beneficiaries that any money expended on such work was properly expended in exercise of this power.

6.     **Powers in relation to chattels**

WHERE the Trust Fund for the time being includes any chattels (in this clause referred to as "the chattels")

6.1.     The Trustees may sell lease hire deposit store or otherwise deal with the chattels upon such terms as they shall in their absolute discretion think fit.

6.2.     The Trustees shall not be bound to see nor be able or accountable for omitting or neglecting to see to the repair or insurance of the chattels but may repair and insure the chattels in such a manner and to such an extent as they shall in their absolute discretion think fit.

7.     **Power to trade**

7.1.     THE Trustees shall have power to trade or take part in any venture in the nature of trade whether solely or jointly with any other person and whether or not by way of partnership (limited or general) and for these purposes make such arrangements as they shall in their absolute discretion think fit and may delegate any exercise of this power to any one or more of their number or to a company or partnership formed for this purpose.

7.2.     Any power vested in the Trustees under this Trust shall (where applicable) extend to any arrangements in connection with any such trade or venture and in particular but without prejudice to the generality of the above the Trustees' powers of borrowing issuing guarantees and charging shall extend to any borrowing arrangements made in connection with any such trade or venture.

8.     **Power to give indemnities**

8.1.     THE Trustees shall have power to enter into any indemnity in favour of any former trustee or any other person in respect of any fiscal imposition or other liability of any nature prospectively payable in respect of the Trust Fund or otherwise in connection with this Trust and to charge or deposit the whole or any part of the Trust Fund as

security for any such indemnity in such manner in all respects as they shall in their absolute discretion think fit.

8.2. The Trustees shall have power to give or enter into any indemnity warranty guarantee undertaking or covenant or enter into any type of agreement that they shall in their absolute discretion think fit relating to the transfer or sale of a business, private or public company shareholding held or owned for the time being by the Trustees whether relating to the business or company itself its assets liabilities shares or employees or any other aspect of the business or company in favour of any transferee purchaser or other relevant party and including any limitation or restriction on value or otherwise as the Trustees shall in their absolute discretion think fit.

## 9. Exclusion of apportionment

9.1. ANY statutory and equitable rules of apportionment shall apply to this Trust and the Trustees shall be permitted to treat all dividends and other payments in the nature of income received by them as income at the date of receipt irrespective of the period for which the dividend or other income is payable.

## 10. Power to deal with insurance policies

THE Trustees shall in addition and without prejudice to all statutory and other powers conferred upon them have the following powers in relation to any insurance policy ("the policy") from time to time comprised in the Trust Fund,

10.1. To borrow on the security of the policy for any purpose;

10.2. To convert the policy into a fully paid-up policy for a reduced sum assured free from payment of future premiums;

10.3. To surrender the policy wholly or any part or any bonus attaching to the policy for its cash surrender value;

10.4. To sell the policy or any substituted policy on such terms as the Trustees shall in their absolute discretion think fit;

10.5. To exercise any of the powers conferred by the policy or with the consent of the insurer to alter the amount or occasion of the payment of the sum assured or to increase or decrease the amount of the periodic premiums (if any) payable under the policy or to alter the period during which the premiums are payable and to do any of these things notwithstanding that the sum assured may be reduced subject always to production of evidence of insurability satisfactory to the insurer.

11.    **Release of powers**

11.1.    THE Trustees may by deed or deeds and so as to bind their successors as Trustees release or restrict the future exercise of all or any of the powers by this Trust or by law conferred on them either wholly or to the extent specified in any such deed or deeds notwithstanding the fiduciary nature of any such powers.

12.    **Power of appropriation**

12.1.    THE Trustees shall have power in their absolute discretion to appropriate any part of the Trust Fund in its then actual condition or state of investment in or towards satisfaction of any interest or share in the Trust Fund as may in all the circumstances appear to them to be just and reasonable and for the above purpose from time to time to place such value on any or all investments or other property as they shall in their absolute discretion think fit.

13.    **Power to vote and to employ nominees and custodians**

13.1.    To vote upon or in respect of any shares securities bonds notes or other evidence of interest in or obligation of any corporation trust association or concern whether or not affecting the security or the apparent security of the Trust Fund of the purchase or sale or lease of the assets of any such corporation trust association or concern;

13.2.    To deposit any such shares securities or property in any voting trusts or with any depository designated under such a voting trust;

13.3.    To give proxies or powers of attorney with or without power of substitution for voting or acting on behalf of the Trustees as the owner of any such property;

13.4.    To hold any or all securities or other property in bearer form or in the names of the Trustees or any one or more of them or in the name of some other person or partnership or in the name or names of nominees without disclosing the fiduciary relationship created by this Trust and to deposit the said securities and any title deed or other documents belonging or relating to the Trust Fund in any part of the world with any bank firm trust company or other company that undertakes the safe custody of securities as part of its business without being responsible for the default of such bank firm trust company or other company or for any consequent loss.

14.    **Power to delegate management of investments**

14.1.    THE Trustees shall have power to engage the services of such investment adviser or advisers as the Trustees may from time to time think fit ("the investment adviser") to advise the Trustees in respect of

the investment and reinvestment of the Trust Fund with power for the Trustees without being liable for any consequent loss to delegate to the investment adviser discretion to manage all or any part of the Trust Fund within the limits and for the period stipulated by the Trustees and the Trustees shall settle the terms and conditions for the remuneration of the investment adviser and the reimbursement of the investment adviser's expenses as the Trustees shall in their absolute discretion think fit and such remuneration and expenses shall be paid by the Trustees from the Trust Fund.

14.2.   The Trustees shall not be bound to enquire into nor be in any manner responsible for any changes in the legal status of the investment adviser.

14.3.   The Trustees shall incur no liability for any action taken pursuant to or for otherwise following the advice of the investment adviser however communicated.

15.   **Power to receive remuneration**

15.1.   NO Trustees shall be liable to account for any remuneration or other profit received by such Trustee in consequence of such Trustees acting as or being appointed to be a director or other officer or servant of any company notwithstanding that such appointment was procured by an exercise by such Trustee of by the Trustees of voting rights attached to securities comprised in the Trust Fund.

16.   **Power to promote companies**

THE Trustees may (without prejudice to the generality of their powers of investment) promote or join with any other person or persons in promoting or incorporating any company in any part of the world or subscribe for or acquire any of the shares or stock or debentures or debenture stock or loan capital of any company with a view to or in consideration of

16.1.   the establishment and carrying on by such company of a business of any kind which the Trustees are for the time being authorised to carry on themselves and the acquisition of any of the assets comprised in the Trust Fund which may be required for the purpose of such business;

16.2.   the acquisition of the assets and undertaking of any business being carried on by the Trustees under the above power;

16.3.   the acquisition of all or any of the assets comprised in the Trust Fund to be held as investments of the company acquiring the same;

17. **Trustees not bound to interfere in business of company in which the Trust is interested**

17.1. THE Trustees shall not be bound or required to interfere in the management or conduct of the business of any company wherever resident or incorporated in which the Trust shall be interested although holding the whole or a majority of the

shares carrying the control of the company but so long as the Trustees shall have no notice of any act of dishonesty or misappropriation of moneys on the part of the directors having the management of such company the Trustees shall be at liberty to leave the conduct of its business (including the payment or non-payment of dividends) wholly to the directors and the Beneficiaries shall not be entitled to require the distribution of any dividend by any such company or require the Trustees to exercise any powers they may have of compelling any such distribution.

18. **Power to insure property**

18.1. THE Trustees shall have power to insure against any loss or damage from any peril the property for the time being comprised in the Trust Fund for any amount and to pay the premiums out of the Trust Fund.

19. **Power to appoint agents**

19.1. THE Trustees shall have power instead of acting personally to employ and pay at the expense of the Trust Fund any agents in any part of the world whether attorneys solicitors accountants brokers bank trust companies or other agents without being responsible for the default of any agent if employed in good faith to transact any business or act as nominee or act in the execution of these trusts including without prejudice to the generality of the above the receipt and payment of moneys and the execution of documents.

20. **Power to permit self-dealing**

20.1. THE Trustees shall have power to enter into any transaction concerning the Trust Fund notwithstanding that one or more of the Trustees may be interested in the transaction other than as one of the Trustees.

# THE SECOND SCHEDULE

USD 100.00

# THE THIRD SCHEDULE

1.  The client

2.  Any person or persons whom the Trustees may from time to time nominate as additional Beneficiaries.


SIGNED by the said CTX Treuhand AG