# EXHIBIT 15

Case Number :NEVHCV2019/0127

```
        FILED
     HIGH COURT
ST.CHRISTOPHER / NEVIS
    (NEVIS CIRCUIT)
```

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**ST. CHRISTOPHER AND NEVIS**
**NEVIS CIRCUIT (CIVIL)**
**CLAIM NO. NEVHCV2019/0127**

Submitted Date:05/11/2019 09:39

Filed Date:05/11/2019 09:39

Fees Paid:52.00

**IN THE MATTER OF SAVANNAH ADVISORS INC**

**SUREN EGIAZARYIAN**

### CLAIMANT

**AND**

**1 SAVANNAH ADVISORS INC**
**2 THOMAS WILHELM**
**3 NIKOLAUS T. WILHELM**
**4 CODEX SERVICES S.A.**
**5 CTX TREUHAND AKTIENGESELLSCHAFT (AS TRUSTEE OF ALPHA TRUST)**
**6 ASHOT EGIAZARYIAN (aka Yegiazaryan)**

### DEFENDANTS

### CLAIM FORM

The Claimant, SUREN EGIAZARYIAN of REDACTED , Beverly Hills, California 90210 in the United States of America claims against:

1. SAVANNAH ADVISORS INC a company duly·incorporated pursuant to the Nevis Business Ordinance as amended with its registered address situate at Morning Star Holdings Limited Suite 556, Hunkins Waterfront Plaza, Main Street, Charlestown, Nevis;

2. THOMAS WILHELM of Lova Center, FI 9490 Vaduz, Liechtenstein;

3. NIKOLAUS T. WILHELM of Lova Center, FI 9490 Vaduz, Liechtenstein;

4. CODEX SERVICES S.A. with its registered office situate at registered address situate at 53rd E Street, Marbella, MMG Tower, 16th Floor, Panama;

5. CTX TREUHAND AKTIENGESELLSCHAFT with its registered address situate at Lova-Center FI-9490 Vaduz Liechtenstein;

6. ASHOT EGIAZARYIAN of REDACTED , Beverly Hills, California 90210 in the United States of America.

the following relief:

1. a declaration that the 1ˢᵗ Defendant is liable to account to the Claimant for the sum of at least One Hundred and Eighty Million Dollars United States Currency or such other sum as the Court thinks fit as a bare and or constructive trustee on the ground of its dishonest assistance in each of the 2ⁿᵈ to 6ᵗʰ Defendant's breaches of fiduciary duty and or breaches of trust and or on the ground of knowing receipt.

2. a declaration that all assets held by 1ˢᵗ Defendant in Compagnie Monégasque de banque situate at 23, Av. la Costa, B.P. 149, 9800, Monaco, Cedex Portfolio n°631562 in the name of the 1ˢᵗ Defendant are held on trust for the Claimant to the extent of the 6ᵗʰ Defendant's indebtedness to the Claimant ("hereinafter referred to as the "Trust Property");

3. Further or alternatively, a declaration that the Claimant is entitled to trace the Claimant's Trust Fund into and claims equitable title to that sum and that the 1ˢᵗ Defendant holds the Claimant's Trust Fund on trust for the Claimant and that the 1ˢᵗ Defendant has to deliver up the Claimant's Trust Fund to the Claimant;

4. an order that the 1ˢᵗ Defendant transfers or secures the transferring of the Trust Property to the Claimant or as the Claimant directs forthwith;

5. a declaration that all profits received by the 1ˢᵗ Defendant as a result of its dealing with the Trust Property since the Trust Property was place in its care are held on trust for the Claimant;

6. if the value of the Trust Property was depleted, a declaration that the 1ˢᵗ Defendant is to compensate the Claimant for any diminution in value;

7. an account and inquiry of all property subject (whether directly or indirectly) to the bare trusts and the 1ˢᵗ Defendant's dealings therewith;

8. an order that the 1ˢᵗ Defendant is to pay interest on all sums found be in its possession that are due to the Claimant at the statutory rate;

9. An Order restraining the respective Defendants whether directly or indirectly transferring out of or re-domiciling out of Nevis of the 1ˢᵗ Defendant and or placing the 1ˢᵗ Defendant in dissolution prior to transferring to the Claimant his proprietary interest in his trust fund;

10. An Order restraining the respective Defendants whether directly or indirectly from disposing of, dealing with, diminishing or impairing the value of any of the 1ˢᵗ Defendant's assets to the detriment of the Claimant.

11. Costs of the Claim be awarded in favour of the Claimant;

12. Interest at the statutory rate from the date of judgment

13. Such further or other relief as the Court deems fit.

Dated: 5th November 2019

Signed:

Brian J Barnes
**Daniel Brantley**
Legal Practitioners for the Claimant

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT (CIVIL)
CLAIM NO. NEVHCV2019/0127

IN THE MATTER OF SAVANNAH ADVISORS INC

SUREN EGIAZARYIAN

### CLAIMANT

AND

1 SAVANNAH ADVISORS INC
2 THOMAS WILHELM
3 NIKOLAUS T. WILHELM
4 CODEX SERVICES S.A.
5 CTX TREUHAND AKTIENGESELLSCHAFT (AS TRUSTEE OF ALPHA TRUST)
6 ASHOT EGIAZARYIAN (aka Yegiazaryan)

### DEFENDANTS

### CERTIFICATE OF TRUTH TO CLAIM FORM

I SUREN EGIAZARYIAN certify that I believe that the facts stated in this Claim Form are true.

Dated: 5th November 2019

Signed: _____
        SUREN EGIAZARYIAN
        Claimant

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**ST. CHRISTOPHER AND NEVIS**
**NEVIS CIRCUIT (CIVIL)**
**CLAIM NO. NEVHCV2019/0127**

**IN THE MATTER OF SAVANNAH ADVISORS INC**

**SUREN EGIAZARYIAN**

## CLAIMANT

**AND**

**1 SAVANNAH ADVISORS INC**
**2 THOMAS WILHELM**
**3 NIKOLAUS T. WILHELM**
**4 CODEX SERVICES S.A.**
**5 CTX TREUHAND AKTIENGESELLSCHAFT (AS TRUSTEE OF ALPHA TRUST)**
**6 ASHOT EGIAZARYIAN (aka Yegiazaryan)**

## DEFENDANTS

## CLAIM FORM

Filed by:
Brian J Barnes
**Daniel Brantley**
Legal Practitioners for the Claimants
Juris Building, Main Street
P.O. Box 480, Charlestown
Nevis
T (869) 469-5259| F (869) 469-1162
Brian.barnes@danielbrantley.com

Case Number :NEVHCV2019/0127

FILED
HIGH COURT
ST.CHRISTOPHER / NEVIS
(NEVIS CIRCUIT)

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**ST. CHRISTOPHER AND NEVIS**
**NEVIS CIRCUIT (CIVIL)**
**CLAIM NO. NEVHCV2019/0127**

Submitted Date:05/11/2019 09:40

Filed Date:05/11/2019 09:40

Fees Paid:52.00

**IN THE MATTER OF SAVANNAH ADVISORS INC**

**SUREN EGIAZARYIAN**

## CLAIMANT

**AND**

**1 SAVANNAH ADVISORS INC**
**2 THOMAS WILHELM**
**3 NIKOLAUS T. WILHELM**
**4 CODEX SERVICES S.A.**
**5 CTX TREUHAND AKTIENGESELLSCHAFT (AS TRUSTEE OF ALPHA TRUST)**
**6 ASHOT EGIAZARYIAN (aka Yegiazaryan)**

## DEFENDANTS

### STATEMENT OF CLAIM

1. The Claimant resides at REDACTED          , Beverly Hills, California 90210 in the United States of America and is the creditor of the 6th Defendant, the brother of the 6th Defendant and a volunteer beneficiary of Alpha Trust managed by the 5th Defendant. He is also the beneficiary of the bare trust for which the 1st Defendant is the trustee.

2. The 1st Defendant is a company duly incorporated pursuant to the Nevis Business Corporation Ordinance with its registered address situate at Morning Star Holdings Limited Suite 556, Hunkins Waterfront Plaza, Main Street, Charlestown, Nevis. The 1st Defendant's Articles of Incorporation states that its principal purpose is to engage in any lawful act or activity for which corporations organised under the Nevis Business Corporation Ordinance may undertake.

3. The 2nd Defendant's address is Lova Center, FI 9490 Vaduz, Liechtenstein and he is a director of the 1st Defendant and a director of the 5th Defendant.

4. The 3rd Defendant's address is Lova Center, FI 9490 Vaduz, Liechtenstein and he is a director of the 1st Defendant and a director of the 5th Defendant.

5. The 4th Defendant is a corporation with its registered address situate at 53rd E Street, Marbella, MMG Tower, 16th Floor, Panama and it is a director of the 1st Defendant.

6. The 5th Defendant is a corporation with its registered address situate at Lova-Center FI-9490 Vaduz Liechtenstein and is the Trustee of Alpha Trusts for which the 6th Defendant is the Settlor, Protector and Beneficiary. The 5th Defendant is operated by the 2nd Defendant and 3rd Defendant in their capacity as Directors of the 5th Defendant which is subject in certain instances to the written consent of the 6th Defendant as Protector of Alpha Trust. The Alpha Trust is a Liechtenstein trust.

7. The 6th Defendant resides at REDACTED       e, Beverly Hills, California 90210 in the United States of America. He is a debtor of the Claimant and the brother of the Claimant. He is also a beneficiary of the Alpha Trust operated by the 5th Defendant likewise, the Protector and Settlor of the Alpha Trust and, the Investment Advisor of the 1st Defendant. Further, he is an Economist, the holder of a Doctorate Degree, a former Minister of Government in Russian and is therefore a highly politically exposed individual.

## Debt owed to Claimant

8. The Claimant was a beneficial owner of respectively, Oil Technique Holdings (hereinafter referred to as "OTH") and Trafford. Trafford created OTH and the Claimant held fifty percent of the shares in Trafford.

9. The Claimant's shares in Trafford were held by a nominee company by the name of Leedra Trustees. As OTH held forty percent of North Oil, based on the Claimant's shareholding in Trafford, the Claimant owned twenty percent of the shares in North Oil.

10. Without the Claimant's knowledge and or consent, an entity named TBKOM sold North Oil shares to Rosneft, the Russian State Oil Group on the basis that it had acquired the North Oil Shares from one Mr. Vavilov in December 2001 for Six Hundred Million Dollars United States Currency. The Claimant and another unsuccessfully contested the sale of the North Oil Shares and the Claimant lost his twenty per cent interest in North Oil. As North Oil was taken-over for Six Hundred Million Dollars United States Currency, it means the Claimant lost a minimum of One Hundred and Twenty Million Dollars United States Currency.

11. Upon investigation into the North Oil (also referred to as the Northern Oil Project), it was discovered that the North Oil take over was part of a broader plan by the Government of the Russian Federation and some of its State sponsored operatives in retaliation to the 6th Defendant who as stated before is the brother of the Claimant. The 6th Defendant at that material time was engaged in the reconstruction of the Moscow Hotel in Moscow City Russia jointly by the 6th Defendant and another individual, and eventually the 6th Defendant was unlawfully

forced to give up his share interest. The 6th Defendant commenced Arbitration Proceedings in the London Court of International Arbitration and on Cyprus against one Suleyman Karimov, Arkadiy Rotenberg and the Government of the Russian Federation relating to the illegal takeover of the Moscow (aka Moskva) Hotel (Okhotnyy Ryad, bldg..2) in Moscow which led to a Russian Corporate Raid.

12. By a Written Agreement dated the 20th day of February, 2011 the 6th Defendant together with another person and the Claimant entered into an agreement on the following terms:

    a. to take collective action to reclaim the 6th Defendant's assets, which included the said Moskva Hotel, seized by the Government of the Russian Federation and its State actors;

    b. for the Claimant to finance the 6th Defendant's operating costs of staying in the United States of America on political asylum and the legal expenditure of the 6th Defendant to the value of Twenty Million Dollars United States Currency;

    c. in the case of reclamation of the 6th Defendant's asset, the said Moskva Hotel, the 6th Defendant agreed:

        i. that the reclaimed asset of the 6th Defendant or monetary compensation for that asset or any part thereof was to be divided equally between the parties with the Claimant therefore being entitled to have transferred to him 33 1/3 per cent of any of the reclaim assets or funds received by the 6th Defendant;

        ii. that the Claimant's portion of any monetary compensation for the asset was to be paid to the Claimant no later than one month from the reclamation of the Asset or for the shares in the Asset to be divided, if that Asset was returned to the 6th Defendant;

        iii. he assumed the obligation to compensate the Claimant for his losses in the Northern Oil Project.

13. Further, by a written agreement dated the 25th day of August, 2011 which was an Addendum to the 20th February 2011 Agreement, the Claimant, the 6th Defendant and another party agreed as follows:

    a. That reimbursement to the Claimant by the 6th Defendant for the Northern Oil Project is One Hundred and Twenty Million Dollars United States Currency. That sum was determined using the sale price of North Oil, but in fact, a minimum of One Hundred and Twenty Million Dollars United States Currency is owed to the Claimant from said sale;

b. That it was acknowledged in the agreement that the sum of Sixty Million Dollars United States Currency was already transferred to the Claimant by the 6th Defendant as a package of shares from entities named Adecco, Mistral, Clemens. The shares in those entities were not in fact transferred to the Claimant and were in fact worthless due to that aspect of the agreement being frustrated on the seizing of the 6th Defendant's shareholding in those entities in Russia;

14. In light of the forgoing, the 6th Defendant owes the Claimant a minimum of One Hundred and Twenty Million Dollars United States Currency for the Claimant's loss in the Northern Oil Project and Twenty Million Dollars and 33 1/3 of any reclamation of the 6th Defendant's assets.

15. The 6th Defendant and another were involved in protracted Arbitration proceedings in attempts to secure the return of the Moscow Hotel and or a monetary compensation for it being unlawfully taken from them before the London Court of International Arbitration. In or around early to mid-2015, the 6th Defendant and parties to the Arbitration proceedings entered into a written Settlement Agreement. As part of that Settlement Agreement, the 6th Defendant received Two Hundred Million Dollars United States Currency as a monetary form of compensation in settlement (hereinafter referred to as the "Settlement Sum"). That Settlement Agreement can only be produced on the presentation of a Court Order to the individual who holds that Settlement Agreement in safety custody for its production to be made by a Court of competent jurisdiction.

## Bare Trust in favour of the Claimant

16. Based on the Settlement Sum and in accordance with the 20th February 2011 Agreement and the 25th August 2011 Addendum to the Settlement Agreement, the Claimant had to be paid the loss for his share in the Northern Oil Project which is a minimum of One Hundred and Twenty Million Dollars United States Currency plus the agreed 33 1/3 percent of the settlement sum after legal fees as agreed at Twenty Million Dollars United States Currency, being Sixty Million Dollars United States Currency, amounting to an overall indebtedness of at least One Hundred and Eighty Million Dollars United States Currency.

17. No part of that monetary compensation to the 6th Defendant was paid to the Claimant despite the terms of the 20th February 2011 Agreement and the 25th August 2011 Addendum to the Settlement Agreement. A portion of that Settlement Sum was being held by the 6th Defendant as a bare trustee for the benefit of the Claimant whose proprietary interest to the sum of at least One Hundred and Eighty Million Dollars United States Currency was being held constructively on trust by the 6th Defendant. The Claimant's interest in the Settlement Sum is hereinafter referred to as the "Claimant's Trust Fund".

Page 4

18. The 6th Defendant t was not able to directly pay the Claimant the portion of the monetary compensation owed to the Claimant. The 6th Defendant also could not open a bank account as his passport was seized by the Government of the Russian Federation. Moreover, bank accounts in the name of the 6th Defendant in Russia were subject to restrictions by the Government of the Russian Federation.

19. In light of the difficulties the 6th Defendant experienced in receiving the Settlement Sum, the 6th Defendant created a trust within which he paid in the Settlement Sum a portion of which included the Claimant's Trust Fund for which the 6th Defendant stood as a bare trustee of the Claimant.

20. The Settlement Sum was placed in a trust created by the 6th Defendant formed on the 27th day of May, 2015 by a Declaration of Trust ("Principal Trust Deed") made between the 5th Defendant as Trustee, the 6th Defendant as Settlor, Protector and named Beneficiary. The 6th Defendant's trust was named the Alpha Trust. The Settlement Sum was placed in the Alpha Trust with the 5th Defendant and 6th Defendant having full knowledge of the Claimant's proprietary right to the Claimant's Trust Fund being held constructively in the Alpha Trust.

21. The 5th Defendant transferred the Settlement Sum which included the Claimant's Trust Fund to the 1st Defendant in breach of trust as it was a bare trustee of the Claimant's Trust Fund and was done without the Claimant's approval. The Claimant's proprietary interest in the Settlement Sum was therefore (in breach of trust), to the 1st Defendant making that entity a bare trustee of the Claimant for the portion of monies belonging to him from the Settlement Sum. The Claimant's Trust Fund is now being constructively held for the benefit of the Claimant by the 1st Defendant. The intention for monies to be held constructively in trust for the Claimant was not displaced in the transferring of any of the Settlement Sum and that sum can be followed and or traced.

22. The controlling mind of the 1st Defendant, that is the 2nd Defendant and 3rd Defendant who are also the controlling mind of the 5th Defendant knew at all material times that the 1st Defendant was receiving property held by the 6th Defendant on bare trust for the Claimant. As such, the 1st Defendant became and remains subject to the same fiduciary duties as the 6th Defendant and 5th Defendant as now a bare trustee with respect to the Settlement Sum for the benefit of the Claimant and the Claimant's Trust Fund.

23. The 1st Defendant acted dishonestly in assisting the 5th Defendant's breach of fiduciary duty/breach of trust as bare trustee of the Claimant. The 1st Defendant's conduct was not honest by the ordinary standards of reasonable and honest people and by those standards its conduct was dishonest. The 1st Defendant's dishonesty is apparent and or alternatively is to be inferred from the following facts and matters:

**Particulars of Dishonest Assistance and Knowledge**

1. The Directors of the 1st Defendant knew that a portion of the Settlement Sum was subject to a bare trust of which the Claimant is the sole and absolute beneficiary;

2. The Directors of the 1st Defendant who are also the Directors of the Trustee of the Alpha Trust knew that a portion of the Settlement Sum was subject to a bare trust of which the Claimant is the sole and absolute beneficiary;

3. The Directors of the 1st Defendant are aware that the 6th Defendant held a portion of the Settlement Sum for the benefit of the Claimant in a bare trust;

4. The 6th Defendant as Protector of the Alpha Trust and Investment Advisor of the 1st Defendant was aware that a portion of the Settlement Sum belonged to the Claimant and was being held in a bare trust for the Claimant's benefit;

5. It can be inferred that the 1st Defendant intended to and attempted to conceal from the Claimant, the Claimant's Trust Fund.

24. At all times material, the 1st Defendant well knew that the money concerned was trust money forming part of the Claimant's Trust Fund. The 1st Defendant is accountable to the Claimant as a constructive trustee of the Claimant's Trust Fund.

25. As a result of the matters set out above, the Claimant has suffered loss and damage, namely the sum of at least One Hundred and Eighty Million Dollars United States Currency.

26. The Claimant's Trust Fund is being held in Compagnie Monégasque de banque situate at 23, Av. la Costa, B.P. 149, 9800, Monaco, Cedex Portfolio n°631562 in the name of the 1st Defendant.

27. The 1st Defendant is a bare or simple and or constructive trustee of at least One Hundred and Eighty Million Dollars United States Currency, which is trust property belonging to the Claimant. The 1st Defendant has fiduciary duties to the Claimant in its capacity as bare or simple trustee as follows for the benefit of the Claimant:

    a. To take no action with respect to the trust property to the detriment of the Claimant;

    b. To transfer the trust property to the Claimant;

    c. To transfer the trust property at the Claimant's direction upon demand by the Claimant;

d. To not transfer the trust property other than as demanded by the Claimant or with the Claimant's consent;

e. To deal with the trust property for the benefit of the Claimant;

f. To not profit from the trust property.

28. The Claimant has demanded that the 1st Defendant its bare trustee whose has fiduciary obligations to him, transfers to him his proprietary interest in his trust fund to no avail. As such, the 1st Defendant has breached its duties are bare trustee of the Claimant by failing to transfer the Claimant's Trust Fund to him:

### Particulars of breach of trust

1. Failure to transfer the Claimant's Trust Fund to the Claimant, an absolute beneficiary on demand

29. As a result of the matters set out above, the Claimant has suffered loss and damage, namely the sum of at least One Hundred and Eighty Million Dollars United States Currency.

30. Further, the Claimant is entitled to and claims interest on the Claimant's Trust Fund to be transferred to him and any profits made therefrom.

## AND THE CLAIMANT THEREFORE CLAIMS:

1. a declaration that the 1st Defendant is liable to account to the Claimant for the sum of at least One Hundred and Eighty Million Dollars United States Currency or such other sum as the Court thinks fit as a bare and or constructive trustee on the ground of its dishonest assistance in each of the 2nd to 6th Defendant's breaches of fiduciary duty and or breaches of trust and or on the ground of knowing receipt.

2. a declaration that all assets held by 1st Defendant in Compagnie Monégasque de banque situate at 23, Av. la Costa, B.P. 149, 9800, Monaco, Cedex Portfolio n°631562 in the name of the 1st Defendant are held on trust for the Claimant to the extent of the 6th Defendant's indebtedness to the Claimant ("hereinafter referred to as the "Trust Property");

3. Further or alternatively, a declaration that the Claimant is entitled to trace the Claimant's Trust Fund into and claims equitable title to that sum and that the 1st Defendant holds the Claimant's Trust Fund on trust for the Claimant and that the 1st Defendant has to deliver up the Claimant's Trust Fund to the Claimant;

4. an order that the 1st Defendant transfers or secures the transferring of the Trust Property to the Claimant or as the Claimant directs forthwith;

5.  a declaration that all profits received by the 1st Defendant as a result of its dealing with the Trust Property since the Trust Property was place in its care are held on trust for the Claimant;

6.  if the value of the Trust Property was depleted, a declaration that the 1st Defendant is to compensate the Claimant for any diminution in value;

7.  an account and inquiry of all property subject (whether directly or indirectly) to the bare trusts and the 1st Defendant's dealings therewith;

8.  an order that the 1st Defendant is to pay interest on all sums found be in its possession that are due to the Claimant at the statutory rate;

9.  An Order restraining the respective Defendants whether directly or indirectly transferring out of or re-domiciling out of Nevis of the 1st Defendant and or placing the 1st Defendant in dissolution prior to transferring to the Claimant his proprietary interest in his trust fund;

10. An Order restraining the respective Defendants whether directly or indirectly from disposing of, dealing with, diminishing or impairing the value of any of the 1st Defendant's assets to the detriment of the Claimant.

11. Costs of the Claim be awarded in favour of the Claimant;

12. Interest at the statutory rate from the date of judgment

13. Such further or other relief as the Court deems fit.

Dated: November 2019

Signed:

Brian J Barnes
**Daniel Brantley**
Legal Practitioners for the Claimant

Page 8

IN THE HIGH COURT OF JUSTICE
ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT (CIVIL)
CLAIM NO. NEVHCV2019/0127

IN THE MATTER OF SAVANNAH ADVISORS INC

SUREN EGIAZARYIAN

## CLAIMANT

AND

1 SAVANNAH ADVISORS INC
2 THOMAS WILHELM
3 NIKOLAUS T. WILHELM
4 CODEX SERVICES S.A.
5 CTX TREUHAND AKTIENGESELLSCHAFT (AS TRUSTEE OF ALPHA TRUST)
6 ASHOT EGIAZARYIAN (aka Yegiazaryan)

## DEFENDANTS

## CERTIFICATE OF TRUTH TO STATEMENT OF CLAIM

I SUREN EGIAZARYIAN certify that I believe that the facts stated in this Statement of Claim are true.

Dated: 5th November 2019

Signed: _____
SUREN EGIAZARYIAN

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**ST. CHRISTOPHER AND NEVIS**
**NEVIS CIRCUIT (CIVIL)**
**CLAIM NO. NEVHCV2019/0127**

**IN THE MATTER OF SAVANNAH ADVISORS INC**

**SUREN EGIAZARYIAN**

## CLAIMANT

**AND**

**1 SAVANNAH ADVISORS INC**
**2 THOMAS WILHELM**
**3 NIKOLAUS T. WILHELM**
**4 CODEX SERVICES S.A.**
**5 CTX TREUHAND AKTIENGESELLSCHAFT (AS TRUSTEE OF ALPHA TRUST)**
**6 ASHOT EGIAZARYIAN (aka Yegiazaryan)**

## DEFENDANTS

**STATEMENT OF CLAIM**

Filed by:
Brian J Barnes
**Daniel Brantley**
Legal Practitioners for the Claimant
Juris Building, Main Street
P.O. Box 480, Charlestown
Nevis
T (869) 469-5259| F (869) 469-1162
Brian.barnes@danielbrantley.com