# EXHIBIT 31

Received on 13 Aug 2020

PRINCELY COURT OF JUSTICE
VADUZ

Rec.: 05 Aug 2020,  08:00

Posted:          04 Aug 2020

_07 HG.2020.112_
_1_

To the

Princely Court of Justice

9490 Vaduz

Reporting Party:                    Stephan Egiazaryan
                                    REDACTED
                                    Moscow, Russia, REDACTED

                                    represented by:

                                    Walser Rechtsanwälte AG
                                    Walser Attorneys at Law Ltd.                 *[signature]*

                                    Lettstrasse 37        LI-9490 Vaduz      T +423 265 80 80
                                    P.O. Box 580          Liechtenstein      office@walser-law.li

Prosecuted Persons:          1.    Mag.iur. Rudolf Schächle, lawyer
                                    Pflugstrasse 16
                                    9490 Vaduz

                             2.    Mag.iur. Raphael Näscher, lawyer
                                    Pflugstrasse 16
                                    9490 Vaduz

                                    as trustees of a trust known as ALPHA Trust (reg.
                                    no. FL-0002.510.771-1)

concerning:                         supervision of a trust
                                    (amount in dispute: CHF 30,000.00)

# REPORT

in triplicate
Enclosures as listed

In connection with the case designated overleaf, several complex court proceedings are currently pending (not only) in Liechtenstein.   As a result of the subject developments, the Reporting Party feels compelled to call upon the Court of Justice as supervisory court for trusts pursuant to Art. 879 et sqq. PGR[1] and to submit this

**R E P O R T**

to the Princely Court of Justice.

The following is submitted in detail:

**I.     Parties**

1.      The Reporting Party Stephan Egiazaryan, born 11 Aug 1998, is a discretionary beneficiary of the trust existing in Liechtenstein pursuant to Art. 879 et sqq. PGR under the name of "ALPHA Trust".   The trust is entered in the Commercial Register under the registration number FL-0002-510.771-1.

> Proof:       -   Declaration of Trust dated 27 May 2015 (in English; translation will be submitted later if required)
> -   Letter of Wishes of Ashot Egiazaryan dated 03 Jul 2015 (in English; translation will be submitted later if required)
> -   Written Deed of Appointment of Beneficiaries of Alpha Trust dated 31 Mar 2020 (in English; translation will be submitted later if required)
> -   extract from the Commercial Register dated 25 May 2020
> -   examination of the parties

2.      Pursuant to Art. 2(1)(c) AussStrG[2], the parties of non-contentious proceedings include any person as far as such person's legally protected position would be directly influenced by the decision requested or the decision envisaged by the court or by any other judicial activity.   The legally protected position of a person is directly influenced if the envisaged decision

---

[1] PGR = *Personen und Gesellschaftsrecht*, Persons and Companies Act
[2] AussStrG = *Ausserstreitgesetz*, Non-Contentious Proceedings Act

or judicial activity changes the rights and duties of that person without another decision having to be rendered beforehand.

In addition, persons whose legally protected position is directly influenced by any other judicial activity also become parties of non-contentious proceedings (Supreme Court 03 Mar 2017, LES 2017, 66).  According to the practice of the State Court, discretionary beneficiaries are however always free to report to the court any irregularities in the trust's administration (StGH 30 Jun 2015, StGH 2015/047).  Thus, the Reporting Party - being a discretionary beneficiary of ALPHA Trust - has authority to submit this report.

Proof:        -    as above

3.        On the basis of the ruling of the Princely Court of Justice of 02 Mar 2020 under 08 EX.2016.5802 (ON[3] 109), Prosecuted Persons 1 and 2 were appointed as trustees of ALPHA Trust by Vitaly Smagin on 09 Mar 2020.

Proof:        -    ruling dated 09 [sic] Mar 2020
              -    as above

II.        Facts

4.        The assets of ALPHA Trust are currently the subject of various court proceedings in Liechtenstein.  The initiation of these proceedings originated in an arbitral award of the London Court of International Arbitration dated 11 Nov 2014, in which Ashot Egiazaryan was ordered to pay an amount of approximately USD 92.5 million to Vitaly Smagin.

To enforce that decision - and only for this purpose - the overall rights which Ashot Egiazaryan was entitled to (and which are listed below) in his capacity as the settlor, protector, and beneficiary of ALPHA Trust vis-à-vis CTX Treuhand AG as the trustee of ALPHA Trust were attached in the proceedings 08 EX.2016.5802 by permission of execution dated 21 Nov 2016 (ON 3):

---

[3] ON = *Ordnungsnummer*, Reference Number [of a document in the court file]

a)   the right to receive payments and grants of any kind from the trust fund;

b)   the right to appoint and dismiss the trustees of ALPHA Trust;

c)   the trustee's right to terminate ALPHA Trust;

d)   the trustee's right to appoint the beneficiaries of ALPHA Trust;

e)   the trustee's right to amend the trust documents of ALPHA Trust;

f)   the trustee's right to delegate all powers of the trustee, including his discretionary powers;

g)   the trustee's right to exercise all rights laid down in the First Schedule of the Declaration of Trust; and

h)   the rights as the trust's asset manager.

Both Vitaly Smagin and Ashot Egiazaryan lodged appeals to the Court of Appeal against this ruling of attachment, and by ruling dated 03 Aug 2017, both appeals were allowed in the sense of the application for execution being dismissed.  The appeal on points of law lodged against the latter ruling by Vitaly Smagin was allowed by ruling of the Supreme Court dated 07 Sep 2018 (ON 72 in 08 EX.2016.5802), the decision of the Court of Appeal subject to appeal was set aside, and the ruling of the court of the first instance dated 21 Nov 2016 (ON 3) was restored.  The individual complaints to the State Court lodged against this were dismissed by judgments dated 29 Oct 2019.

By written submissions dated 24 Jul 2017 and 11 Feb 2020, Vitaly Smagin (then) submitted an application for realisation, and by ruling dated 02 Mar 2020 (ON 109), the Court of Justice approved the realisation of the overall rights listed above.  Ashot Egiazaryan lodged an appeal to the Court of Appeal against this by written submission dated 23 Mar 2020.  The appeal proceedings thereby initiated are still pending.

Proof:      -    this court's file no. 08 EX.2016.5802, the obtainment of which is hereby applied for

            -    appeal dated 23 Mar 2020 against the ruling for realisation dated 02 Mar 2020 under 08 EX.2016.5802 (ON 109)

5.      Although the above permission of execution dated 21 Nov 2016 (ON 3) explicitly refers to the attachment of the rights "*vis-à-vis CTX Treuhand Aktiengesellschaft as the trustee of the Alpha Trust*" which the obliged party was entitled to as the settlor, protector, and beneficiary, Vitaly Smagin dismissed CTX Treuhand AG by resolution dated 09 Mar 2020 as the trustee and appointed Mag.iur Rudolf Schächle and Mag.iur. Raphael Näscher - i.e. the two Prosecuted Persons - as the current trustees of ALPHA Trust.

Performing his duties as the protector of ALPHA Trust and on the basis of the "Declaration of Trust of 27 May 2015" and the "Instrument of Appointment of Additional Trustees of 31 Mar 2020", Ashot Egiazaryan appointed Natalia Dozortseva as a trustee of ALPHA Trust.  She was registered as a trustee of ALPHA Trust on 23 Apr 2020.  By decree dated 27 Apr 2020, the Office of Justice retroactively dismissed the mentioned registration.  This was appealed by objection to the Office of Justice and by complaint to the Complaint Commission for Administrative Matters.  Meanwhile, Ms. Murielle Jouniaux was also appointed as a trustee.  The matter is still pending at this time.

Regardless of the above, one must therefore assume at this time that the trustees appointed by Vitaly Smagin, i.e. Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher, are the Prosecuted Persons of this Report, given that they actually exercise their functions as trustees of ALPHA Trust, but overshoot the purpose of the proceedings 08 EX.2016.5802 and exceed their competences, which will be explained below.

Proof:      -    Instrument of Appointment of Additional Trustees concerning Ms. Natalia Dozortseva dated 31 Mar 2020

            -    Instrument of Appointment of Additional Trustees concerning Ms. Murielle Jouniaux dated 16 Apr 2020

- Objection and complaint dated 13 May 2020 to the Office of Justice and to the Complaint Commission for Administrative Matters, resp. (under TB no. 3261)
- as above

6.      To enforce his claim, Vitaly Smagin brought a creditor's action for avoidance against CTX Treuhand AG as the former trustee of Alpha Trust by statement of claim dated 09 Mar 2016 at the Court of Justice in proceedings under 04 CG.2016.115 (new file number 04 CG.2019.5); meanwhile, the Prosecuted Persons Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher have joined the proceedings as defendants instead of CTX Treuhand AG (ruling of the Court of Justice dated 09 Apr 2020, ON 121 in 04 CG.2019.5).   Ashot Egiazaryan (as the settlor and protector) and the Reporting Party (as a beneficiary) and subsequently also Natalia Dozortseva and Murielle Jouniaux (as newly appointed trustees) have joined the proceedings as intervening parties.   At this time, in the proceedings 04 CG.2019.5 the question of a security for legal costs is pending at the State Court.

What Vitaly Smagin does in the proceedings under 04 CG.2019.5 to collect his claims from the arbitral award against Ashot Egiazaryan is assert a (reverse) piercing of the corporate veil on the one hand and challenge the earlier transfer of assets to the trust on the other.   This legal action was brought in parallel to the application for a permission of execution (08 EX.2016.5802). Apparently, what Vitaly Smagin assumed (correctly) at the time was that accessing the trust's assets for Ashot Egiazaryan's personal debts through a reverse piercing of the corporate veil could only happen in separate civil proceedings in which ALPHA Trust / its trustees are also parties.   The latter is not the case in the execution proceedings under 08 EX.2016.5802; the (only) obliged party in those proceedings is Ashot Egiazaryan.

Proof:       -    this court's file no. 04 CG.2019.5, the obtainment of which is hereby applied for
             -    statement of claim of Vitaly Smagin dated 09 Mar 2016
             -    as above

### III. Breach of duty by the trustees

7. It is the result of these facts - the Reporting Party's knowledge of which is incomplete - that various legal or preliminary questions surrounding ALPHA Trust have remained unanswered, such as (among others) the question of who has at this time been lawfully appointed as a trustee of ALPHA Trust.

   In view of this situation, the present Report is certainly directed against the trustees appointed by Vitaly Smagin, i.e. Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher, who have effectively carried out legal acts for the trust in the meantime.

   <u>Proof</u>:        -    as above

8. It is the essential duty of a trustee to safeguard and act in accordance with the best interests of the trust and the beneficiaries.  In the proceedings 08 EX.2016.5802 however, the trustees Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher were only appointed for the purpose of securing Vitaly Smagin's claim in the amount of approx. USD 92.5 million.  They do not have any duties or functions in excess of that in the present case.

   To wit, the Court of Justice expressly noted the following in its ruling dated 21 Apr 2020 (ON 125 in 08 EX.2016.5802):

   *"It is only the danger that the new trustees and/or the Appellee will pay to themselves the entire trust fund (rather than assets of the trust in the amount of the present claim) that is being asserted.  In response to this, it must be noted that the present permission of execution has only been granted for the collection of a concrete claim, and that accordingly, acts of realisation are only admissible up to the amount of this claim."*

   Thus, as stated by the Court of Justice itself, the acts of the Prosecuted Persons as appointed trustees are under all circumstances limited to the amount laid down in the permission of execution, and no measures in excess of that must be taken, failing which the trustees would certainly be liable to

the trust.  Acts of realisation that go beyond the permission of execution are inadmissible.

Proof:        -    ruling of the Princely Court of Justice dated 21 Apr 2020, ON
                    125 in 08 EX.2016.5802
              -    as above

9.    As has now become known to the Reporting Party, the activities of the trustees appointed by Vitaly Smagin, i.e. Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher are not being kept within their function proper; rather, they have carried out legal acts on account of ALPHA Trust in excess of this.

To wit, Prosecuted Persons 1 and 2 have already had meetings with the counsel of the (soon-to-be ex) wife of Ashot Egiazaryan to clarify the current situation.  The counsel of Natalia Tsagolova[4] (i.e. of the soon-to-be ex wife of Ashot Egiazaryan) notes in this connection in her letter to Messrs. Schächle and Näscher dated 18 Jun 2020: "*I take the liberty to note as a result of the meeting that the position of our client [meaning Natalia Tsagolova] as a beneficiary of the Alpha Trust is* <u>*undisputed*</u> *[emphasis added by author].*"

According to her counsel, Natalia Tsagolova has monetary claims against Ashot Egiazaryan in the amount of at least USD 10 million.  Her counsel stated that the exact amount was being clarified before the courts of California.

Since Natalia Tsagolova has been recognised as a beneficiary of ALPHA Trust, there is an increased risk that payments will be made to her benefit and therefore to the disadvantage of the Reporting Party, whose position as a beneficiary of ALPHA Trust is - in contrast to that of Natalia Tsagolova - actually undisputed.

---

[4] Translator's note: spelling of last name corrected to fit various online sources

However, neither the recognition of Natalia Tsagolova as a beneficiary of ALPHA Trust nor the obviously imminent making of distributions to her are a subject of the execution proceedings under 08 EX.2016.5802, and they are not included in the scope of the permission of execution granted by the ruling of the Court of Justice dated 21 Apr 2020 (ON 125 in 08 EX.2016.5802). Thus, Prosecuted Persons 1 and 2 obviously carry out legal acts on account of the trust / the participants which the Prosecuted Persons - who were appointed quasi temporarily in the course of the proceedings 08 EX.2016.5802 - had no authority to carry out.  Such acts certainly go far beyond the collection of a concrete claim of Vitaly Smagin.  What we have therefore here is damage to those assets of the trust that are not concerned by Smagin's claim, which is equivalent to the Prosecuted Persons exceeding their scope of authority and committing a breach of duty.

This clearly demonstrates that contrary to the opinion stated by the Court of Justice in its ruling dated 21 Apr 2020 under 08 EX.2016.5802 (ON 125), there is in fact the risk of excessive acts and the risk of excessive realisation by the trustees appointed by Smagin.

Proof:       -   letter from Schwärzler Rechtsanwälte AG dated 07 May 2020
             -   letter from Schwärzler Rechtsanwälte AG dated 18 Jun 2020
             -   as above

10.   It should be pointed out once again in this connection that a pivotal question still remains unanswered, namely whether the piercing of the corporate veil carried out "en passant" in the execution proceedings under 08 EX.2016.5802 and without any participation of ALPHA Trust is admissible at all.   The Reporting Person denies such admissibility.

The view that separate and particular civil proceedings are required to clarify the issue of piercing the corporate veil was obviously also the view of Vitaly Smagin's counsel, who initiated such civil proceedings as early as on 09 Mar 2016 - i.e. in parallel to initiating the execution proceedings - under the file number 04 CG.2016.115 (new: 40 CG.2019.5) to clarify this question (see item 6 above).  The defendant in those proceedings was CTX Treuhand AG as

the (former) trustee of ALPHA Trust.  It is therefore evident that it is the opinion of Vitaly Smagin's counsel, too, that the trust must be involved in any clarification of the question of piercing the corporate veil to access the trust's assets for personal debts of Ashot Egiazaryan, and that the piercing of the corporate veil granted in the execution proceedings is certainly insufficient for making distributions to Vitaly Smagin.

Proof:          -    as above

11.    The Prosecuted Persons exceeded their powers as trustees of ALPHA Trust one more time (in a way unnecessary for collecting Smagin's claim) by demonstrably dismissing the long-standing asset manager of ALPHA Trust, Alpenrose Wealth Management AG.  In addition, the Prosecuted Persons initiated on their own initiative the removal of all (!) assets of the trust from the account at Compagnie Monégasque de Banque.  Although that account is held in the name of Savannah Advisors Inc., a company domiciled on the island of Nevis, it is ALPHA Trust which holds 100% of the shares in Savannah. According to Vitaly Smagin's statement of claim (under 04 CG.2016.115, new: 04 CG.2019.5), the credit balance on the account is approximately USD 188 million, i.e. an amount that by far exceeds Smagin's claim.

It is inexplicable how removing the manager of the trust's assets is supposed to serve the limited purpose of collecting a concrete claim of Vitaly Smagin. From the outset, an asset manager cannot access the assets but merely has the right to manage them.  In addition, removing the extremely successful former asset managers entails the risk for all the trust's assets that they will suffer considerable damage beyond the concrete claim of Mr. Smagin for lack of professional management.  That risk exists all the more as the financial markets have been in an extremely critical environment for months.  The acts of the Prosecuting Persons cause lasting damage to ALPHA Trust and its assets.

By resolution of the Prosecuted Persons, the asset manager in office until then was then replaced by a person acting in the best interests of Vitaly Smagin.   Compagnie Monégasque de Banque, where the account of Savannah Advisors Inc. is located, was then instructed by the new directors to transfer all assets of the trust to an account of another bank abroad.  This was probably Kaiser Partner Privatbank in Vaduz.  Therefore, it is obviously being attempted to move the assets of the trust away from Monaco without proper authorisation.  These acts, too, are not covered by the scope of the permission of execution, and the Prosecuted Persons are exceeding their authority by doing so.

Furthermore, it must be pointed out that the appointment of the new directors of Savannah Advisors Inc., too, is more than questionable, which is why the company's registered agent, i.e. Prestige Trust Company Ltd., had their counsel state by letter dated 15 Jul 2020 that the substitute appointment of the directors is subject to legal disputes, so that the Certificate of Incumbency dated 31 Mar 2020, which shows Mr. Silvio Vogt and JGT Treuunternehmen reg., Vaduz, to be the new directors, should not be used as the basis for e.g. signature rights for accounts.   Obviously, however, this is the very thing it is being used for.

Proof:         -    letter from Compagnie Monégasque de Banque dated 29 Jul 2020 (in French; translation will be submitted If required)
               -    letter from Prestige Trust Company Ltd. dated 15 Jul 2020 (in English; translation will be submitted if required)
               -    Certificate of Incumbency dated 31 Mar 2020 (in English; German translation will be submitted if required)
               -    as above

12.   In summary, it has therefore been demonstrated, and there is also imminent danger that the Prosecuted Persons - partly via the unlawfully appointed directors of Savannah Advisors Inc. (Mr. Vogt and JGT Treuunternehmen reg.) - have carried out and will carry out acts that are without any doubt not covered in any way by the purpose of the execution proceedings under 08 EX.2016.5802 and in fact exceed that purpose, which is the collection of a

claim of Vitaly Smagin that is in a specific amount and does not exceed the trust's assets.  The Prosecuted Persons, who were appointed for that purpose alone (and also the directors of Savannah Advisors Inc.) are therefore exceeding by far the powers that have been laid down by the court (but are still in dispute).  There is therefore the imminent danger that all assets of the trust and in particular the trust's assets that will remain at the trust's free disposal after execution has been carried out will suffer lasting damage unless the court as the trust supervisory authority takes all necessary measures forthwith in order to put an end to these actions of the Prosecuted Persons.  To this end, issuing provisional measures at the discretion of the Court of Justice (subject to its duties) ex officio will be unavoidable.

Proof:        -    as above

## IV.    Supervisory proceedings

13.    Where a trustee fails to carry out his duties, the Court of Justice may in non-contentious proceedings ex officio or on the basis of a report by a trustee or a beneficiary remove the trustee from office and order the appointment of another trustee or itself appoint such a trustee, having given the participants an opportunity to be heard and having given warning to the trustee, or without hearing or warning where important reasons are inherent in the trust relationship itself, such decision being subject to a right of appeal (Art. 929(3) PGR).

Being a discretionary beneficiary, the Reporting Party does according to court practice not have a formal right to submit applications to the supervisory court in terms of Art. 927(2) PGR (Supreme Court 03 Mar 2017, LES 2017, 66). According to the practice of the State Court, the discretionary beneficiary does however have the right to report irregularities in the trust's administration to the court (State Court 30 Jun 2015, StGH 2015/047).  The Reporting Party is therefore permitted to submit a report pursuant to Art. 929(3) PGR in his capacity as a discretionary beneficiary.

As has been explained, the task and the duty of the Prosecuted Persons in the present case is limited to effecting payment of the claim of Vitaly Smagin as laid down in the permission of execution issued in the proceedings under 08 EX.2016.5802.  Acts of realisation that are not carried out in this sense and whose amount exceeds the specific claim of USD 95.2 million are inadmissible also in the opinion of the Court of Justice as stated in the ruling dated 21 Apr 2020, ON 125 in 08 EX.2016.5802.  However, given that Natalia Tsagolova has already been recognised as a beneficiary of ALPHA Trust, that the asset manager has been dismissed, and that it has been attempted to transfer the entirety of the trust's assets - which are currently located at Compagnie Monégasque de Banque - to a foreign bank, the Prosecuted Persons have already acted in excess of their competences in their function as trustees of ALPHA Trust.  This constitutes a grave breach of duty.

Proof:          -   as above

14.   Even if the Reporting Party does not have a formal right to submit applications (see in this connection item 13), the following applications are to serve the Court of Justice as a proposal for and guideline in ex officio taking the supervisory measures required.

Proof:          -   as above

For all these reasons, the Reporting Party submits the following

**A P P L I C A T I O N S :**

1.   That the Princely Court of Justice take suitable measures on the basis of the present Report pursuant to Art. 929(3) PGR in the framework of supervisory proceedings in order to ensure that no excess realisation going beyond the purposes of the execution proceedings 08 EX.2016.5802 and no other damage to the assets of ALPHA Trust occur, such measures being in particular but not exclusively:

a) the removal of Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher from office as trustees of ALPHA Trust and the appointment of neutral persons as new trustees instead.

*in the alternative:*

b) the appointment of a neutral third trustee for ALPHA Trust.

2. That until the end of the supervisory proceedings to be initiated, the Princely Court of Justice prohibit Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher by provisional injunction from carrying out any acts as trustees of ALPHA Trust which directly or indirectly go beyond the purpose of collecting the claim in the sense of the proceedings 08 EX.2016.5802.  In particular, that the Court of Justice prohibit Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher from transferring the assets of the trust from Compagnie Monégasque de Banque to another banking institution via the directors of Savannah Advisors Inc., Nevis.

3. That in addition to the above, the Princely Court of Justice forthwith reverse the acts carried out by Mag.iur. Rudolf Schächle and Mag.iur. Raphael Näscher as trustees of ALPHA Trust that go beyond the purpose of collecting the claim in the sense of the proceedings 08 EX.2016.5802, namely the recognition of Ms. Natalia Tsagolova as a beneficiary of ALPHA Trust, the appointment of new directors of Savannah Advisors Inc., Nevis, and the removal of

Alpenrose Wealth Management AG as the asset manager of ALPHA Trust.

4.       That the Princely Court of Justice include the Reporting Party as a party in the supervisory proceedings initiated in the subject case.

Vaduz, on 4 August 2020 MR/DT/cp

Stephan Egiazaryan

List of costs:

(amount in dispute: CHF 30,000 plus costs and interest)

| | | |
|---|---|---|
| This written submission, tariff item 2 + standard rate | CHF | 554.40 |
| 7.7% VAT | CHF | 42.70 |
| Lump-sum fee | CHF | 210.00 |
| Total | CHF | 807.10 |

EINGEGANGEN AM 13. AUG. 2020

An das

Fürstliche Landgericht

9490 Vaduz

Anzeiger:

Stephan Egiazaryan
REDACTED
Moskva, Russia, REDACTED

vertreten durch:

**walser**

Walser Rechtsanwälte AG
Walser Attorneys at Law Ltd.

Lettstrasse 37          LI-9490 Vaduz          T +423 265 80 80
Postfach/P.O. Box 580   Liechtenstein          office@walser-law.li

(Berufung auf die Vollmacht gemäss
Art. 8 Abs. 2 RAG)

Belangte Personen:

1. RA Mag. iur. Rudolf Schächle
   Pflugstrasse 16
   9490 Vaduz

2. RA Mag. iur. Raphael Näscher
   Pflugstrasse 16
   9490 Vaduz

als Treuhänder einer unter dem Namen
ALPHA Trust (Reg. Nr.: FL-0002.510.771-
1) bekannten Treuhänderschaft

wegen:

Aufsicht über eine Treuhänderschaft
(Streitwert: CHF 30'000.00)

## ANZEIGE

dreifach
Beilagen lt. Verzeichnis

Im Zusammenhang mit der umseitig bezeichneten Rechtssache sind derzeit (nicht nur) in Liechtenstein mehrere komplexe Gerichtsverfahren anhängig. Aufgrund der gegenständlichen Entwicklungen sieht sich der Anzeiger veranlasst, an das Landgericht als Aufsichtsgericht über Treuhänderschaften nach Art. 879 ff. PGR heranzutreten und die gegenständliche

### ANZEIGE

an das Fürstliche Landgericht zu erstatten.

Im Einzelnen dazu folgendes:

### I.    Parteien

1.    Der Anzeiger Stephan Egiazaryan, geboren am 11.08.1998, ist Ermessensbegünstigter der in Liechtenstein unter dem Namen «ALPHA Trust» bestehenden Treuhänderschaft gemäss Art. 879 ff. PGR. Der Trust ist im Handelsregister unter der Registernummer FL-0002-510.771-1 eingetragen.

     Beweis:   -  Declaration of Trust vom 27.05.2015 (Englisch; Übersetzung wird bei Bedarf nachgereicht)
-   Letter of Wishes of Ashot Egiazaryan vom 03.07.2015 (Englisch; Übersetzung wird bei Bedarf nachgereicht)
-   Written Deed of Appointment of Beneficiaries of Alpha Trust vom 31.03.2020 (Englisch; Übersetzung wird bei Bedarf nachgereicht)
-   Auszug aus dem Handelsregister vom 25.05.2020
-   PV

2.    Partei eines Ausserstreitverfahrens ist nach Art. 2 Abs. 1 lit. c AussStrG jede Person, soweit ihre rechtlich geschützte Stellung durch die begehrte oder vom Gericht in Aussicht genommene Entscheidung oder durch eine sonstige gerichtliche Tätigkeit unmittelbar beeinflusst würde. Die rechtlich geschützte Stellung einer Person wird dann unmittelbar beeinflusst, wenn die in Aussicht genommene Entscheidung oder gerichtliche Tätigkeit Rechte oder Pflichten die-

ser Person ändert, ohne dass noch eine andere Entscheidung gefällt werden muss.

Zusätzlich werden auch solche Personen Partei eines Ausserstreitverfahrens, die durch irgendeine andere gerichtliche Tätigkeit in ihrer rechtlich geschützten Stellung unmittelbar beeinflusst werden (OGH 03.03.2017, LES 2017, 66). Gemäss Rechtsprechung des Staatsgerichtshofs steht Ermessensbegünstigten jederzeit die Möglichkeit offen, Missstände in der Trustverwaltung beim Gericht anzuzeigen (StGH 30.06.2015, StGH 2015/047). Der Anzeiger ist in seiner Position als Ermessensbegünstigter des ALPHA Trusts sohin zur Einbringung der gegenständlichen Anzeige legitimiert.

Beweis:  -  wie vor

3.  Die belangten Personen zu 1. sowie zu 2. wurden von Vitaly Smagin am 09.03.2020 gestützt auf den Beschluss des Fürstlichen Landgericht vom 02.03.2020 zu 08 EX.2016.5802 (ON 109) als Treuhänder des ALPHA Trusts eingesetzt.

Beweis:  -  Beschluss vom 09.03.2020
         -  wie vor


## II.  Sachverhalt

4.  Die Vermögenswerte des ALPHA Trusts sind derzeit Gegenstand diverser Gerichtsverfahren in Liechtenstein. Ausgangspunkt dieser Verfahrenseinleitungen ist ein Schiedsspruch des London Court of International Arbitration vom 11.11.2014, in welchem Ashot Egiazaryan zur Bezahlung eines Betrages in Höhe von rund USD 92.5 Mio. an Vitaly Smagin angehalten wurde.

Zur Durchsetzung dieser Forderung – und nur dafür – wurden im Verfahren zu 08 EX.2016.5802 mit Exekutionsbewilligung vom 21.11.2016 (ON 3) die Ashot Egiazaryan in seiner Eigenschaft als Treugeber, Protektor und Begünstigter des ALPHA Trusts gegenüber der CTX Treuhand AG als Treuhänderin des

ALPHA Trusts zustehenden und nachfolgend aufgezählten Gesamtrechte gepfändet:

a)    das Recht auf Erhalt von Zahlungen und Zuwendungen aller Art aus dem Treugut;

b)    das Recht zur Bestellung und Abberufung der Treuhänder des ALPHA Trusts;

c)    das Recht des Treuhänders zur Beendigung des ALPHA Trusts;

d)    das Recht des Treuhänders zur Bestellung der Begünstigten des ALPHA Trusts;

e)    das Recht des Treuhänders zur Änderung der Treuhandurkunden des ALPHA Trusts;

f)    das Recht des Treuhänders zur Delegation sämtlicher Rechte des Treuhänders einschliesslich seiner Ermessensbefugnisse;

g)    das Recht des Treuhänders zur Ausübung sämtlicher Rechte der in der First Schedule der Declaration of Trust festgelegten Rechte; sowie

h)    die Rechte als Vermögensverwalter des Trusts.

Gegen diesen Pfändungsbeschluss erhoben sowohl Vitaly Smagin als auch Ashot Egiazaryan Rekurs an das Obergericht und es wurde mit Beschluss vom 03.08.2017 beiden Rekursen im Sinne einer Abweisung der Exekutionsanträge Folge gegeben. Dem hiergegen erhobenen Revisionsrekurs von Vitaly Smagin wurde mit Beschluss des Obersten Gerichtshofs vom 07.09.2018 (ON 72 zu 08 EX.2016.5802) Folge gegeben, die angefochtene Entscheidung des Obergerichts aufgehoben und der Beschluss des Erstgerichts vom 21.11.2016 (ON 3) wiederhergestellt. Den hiergegen erhobenen Individualbeschwerden an den Staatsgerichtshof wurde mit Urteilen vom 29.10.2019 keine Folge gegeben.

Mit Schriftsätzen vom 24.07.2017 sowie 11.02.2020 stellte Vitaly Smagin (sodann) einen Verwertungsantrag und das Landgericht bewilligte mit Beschluss vom 02.03.2020 (ON 109) die Verwertung der obgenannten Gesamtrechte. Hiergegen erhob Ashot Egiazaryan mit Schriftsatz vom 23.03.2020 Rekurs an das Obergericht. Das hierdurch eingeleitete Rekursverfahren ist nach wie vor hängig.

<u>Beweis:</u> - Hg. Akt zu 08 EX.2016.5802, dessen Beizug hiermit beantragt
wird

- Rekurs vom 23.03.2020 gegen den Verwertungsbeschluss vom
02.03.2020 zu 08 EX.2016.5802 (ON 109)

5. Obwohl sich die obgenannte Exekutionsbewilligung vom 21.11.2016 (ON 3)
explizit auf die Pfändung der der verpflichteten Partei als Treugeber, Protektor
und Begünstigter zustehenden Rechte *«gegenüber der CTX Treuhand Aktien-
gesellschaft als Treuhänderin des Alpha Trust»* bezieht, hat Vitaly Smagin mit
Beschluss vom 09.03.2020 die CTX Treuhand AG als Treuhänderin abberufen
und die beiden belangten Personen Mag. iur. Rudolf Schächle und Mag. iur.
Raphael Näscher als nunmehrige Treuhänder des ALPHA Trusts eingesetzt.

In Wahrung seiner Pflichten als Protektor des ALPHA Trusts ernannte Ashot
Egiazaryan gestützt auf die «Declaration of Trust vom 27.05.2015» sowie das
«Instrument of Appointment of Additional Trustees vom 31.03.2020» Natalia
Dozortseva als Treuhänderin für den ALPHA Trust. Am 23.04.2020 wurde sie
als Treuhänderin des ALPHA Trusts ins Handelsregister eingetragen. Mit Ver-
fügung vom 27.04.2020 hat das Amt für Justiz den genannten Eintrag nach-
träglich abgewiesen. Hiergegen wurde Vorstellung an das Amt für Justiz bzw.
die Beschwerde an die Beschwerdekommission für Verwaltungsangelegenhei-
ten erhoben. Zwischenzeitlich wurde zudem Frau Murielle Jouniaux zur Treu-
händerin bestellt. Die Angelegenheit ist bis zum heutigen Zeitpunkt nach wie
vor rechtsanhängig.

Derzeit ist daher ungeachtet der obigen Ausführungen davon auszugehen,
dass die von Vitaly Smagin bestellten Treuhänder Mag iur. Rudolf Schächle
sowie Mag. iur. Raphael Näscher die belangten Personen der gegenständli-
chen Anzeige sind, zumal sie tatsächlich ihre Funktionen als Treuhänder des
ALPHA Trust wahrnehmen, dabei aber über den Zweck des Verfahrens zu 08
EX.2016.5802 hinausschiessen und ihre Kompetenzen überschreiten, was
nachfolgend dargelegt wird.

<u>Beweis:</u> - Instrument of Appointment of Additional Trustees betreffend
Frau Natalia Dozortseva vom 31.03.2020

- Instrument of Appointment of Additional Trustees betreffend Frau Murielle Jouniaux vom 16.04.2020
- Vorstellungen bzw. Beschwerden vom 13.05.2020 an das Amt für Justiz bzw. die Beschwerdekommission für Verwaltungsan-gelegenheiten (zu TB-Nr. 3261)
- wie vor

6. Mit Klage vom 09.03.2016 hat Vitaly Smagin zur Durchsetzung seines Anspruches beim Landgericht im Verfahren zu 04 CG.2016.115 bzw. neu 04 CG.2019.5 eine Gläubigeranfechtungsklage gegen die CTX Treuhand AG als vormalige Treuhänderin des Alpha Trust eingereicht, wobei anstelle der CTX Treuhand AG zwischenzeitlich die belangten Personen Mag. iur. Rudolf Schächle und Mag. iur. Raphael Näscher als beklagte Parteien in den Prozess eingetreten sind (Beschluss Landgericht vom 09.04.2020, ON 121 zu 04 CG.2019.5). Ashot Egiazaryan (als Settlor und Protektor) und der Anzeiger (als Begünstigter) sowie in der Folge auch Natalia Dzortseva und Murielle Jouniaux (als neu bestellte Treuhänderinnen) haben sich diesem Verfahren als Nebenintervenienten beigeschlossen. Im Verfahren zu 04 CG.2019.5 ist derzeit die Frage der aktorischen Kaution beim Staatsgerichtshof anhängig.

Im Verfahren zu 04 CG.2019.5 macht Vitaly Smagin zur Hereinbringung seiner Ansprüche aus dem Schiedsurteil gegen Ashot Egiazaryan gegenüber dem APLHA Trust einerseits einen (umgekehrten) Haftungsdurchgriff geltend und andererseits eine Anfechtung der seinerzeitigen Vermögensübertragung auf den Trust. Diese Klage wurde parallel zum Antrag auf Exekutionsbewilligung (08 EX.2016.5802) eingereicht. Offenbar ging Vitaly Smagin seinerzeit (zu Recht) davon aus, dass ein umgekehrter Haftungsdurchgriff auf das Trustver-mögen für persönliche Verbindlichkeiten von Ashot Egiazaryan nur in einem separaten Zivilverfahren erfolgen kann, in dem der ALPHA Trust bzw. dessen Treuhänder auch selbst Partei sind. Letzteres ist im Exekutionsverfahren zu 08 EX.2016.5802 gerade nicht der Fall; verpflichtete Partei ist dort (nur) Ashot Egiazaryan.

Beweis: - Hg. Akt zu 04 CG.2019.5, dessen Beizug hiermit beantragt wird
- Klage Vitaly Smagin vom 09.03.2016
- wie vor

### III.  Pflichtverletzung der Treuhänder

7.  Aufgrund dieser – dem Anzeiger unvollständig bekannten – Sachlage ergibt sich, dass in verschiedenen Verfahren rund um den ALPHA Trust diverse Rechts- bzw. Vorfragen nicht geklärt sind. So unter anderem die Frage, welche Personen derzeit effektiv rechtmässig als Treuhänder des ALPHA Trust bestellt worden sind.

Angesichts dieser Situation richtet sich die gegenständliche Anzeige jedenfalls gegen die von Vitaly Smagin bestellten Treuhänder Mag. iur. Rudolf Schächle sowie Mag. iur. Raphael Näscher, die zwischenzeitlich für den Trust effektiv Rechtshandlungen vorgenommen haben.

Beweis:   -   wie vor

8.  Die grundsätzliche Aufgabe eines Treuhänders (Trustees) besteht darin, die Interessen des Trusts und der Begünstigten zu wahren und gemäss diesen zu handeln. Im Verfahren zu 08 EX.2016.5802 wurden die Treuhänder Mag. iur. Rudolf Schächle und Mag. iur. Raphael Näscher allerdings lediglich zum Zweck der Sicherung der Betragsforderung von Vitaly Smagin in Höhe von rund USD 92.5 Mio. eingesetzt. Darüberhinausgehende Aufgaben und Funktionen kommen diesen im gegenständlichen Fall nicht zu.

So hält auch das Landgericht in seinem Beschluss vom 21.04.2020 (ON 125 zu 08 EX.2016.5802) ausdrücklich folgendes fest:

*«Einzig noch die Gefahr, dass die neuen Treuhänder bzw. der Rekursgegner sich das gesamte Treugut (und nicht nur Treugut in Höhe der gegenständlichen Forderung) auszahlen würden, wird geltend gemacht. Dem ist zu erwidern, dass die gegenständliche Exekutionsbewilligung nur zur Hereinbringung einer konkreten Forderung bewilligt worden ist und demgemäss auch Verwertungshandlungen nur bis zur Höhe dieser Forderung zulässig sind.»*

Wie sohin selbst das Landgericht ausführt, ist evident, dass sich die Handlungen der belangten Personen als eingesetzte Treuhänder jedenfalls auf den in

der Exekutionsbewilligung beschlossenen Umfang zu beschränken haben und
keinerlei Vorkehrungen darüber hinaus getroffen werden dürfen, widrigenfalls
dies jedenfalls eine Haftung der Treuhänder gegenüber dem Trust zur Folge
hätte. Über die Exekutionsbewilligung hinaus gehende Verwertungshandlun-
gen sind unzulässig.

Beweis:    -   Beschluss des Fürstlichen Landgerichts vom 21.04.2020, ON
               125 zu 08 EX.2016.5802
           -   wie vor

9.    Wie dem Anzeiger nun aber bekannt geworden ist, beschränken sich die
      Handlungen der von Vitaly Smagin eingesetzten Treuhänder Mag. iur. Rudolf
      Schächle und Mag. iur. Raphael Näscher nicht auf deren eigentliche Funktion,
      sondern haben diese vielmehr darüberhinausgehende Rechtshandlungen zu
      Lasten des ALPHA Trusts gesetzt.

      So haben die belangten Personen zu 1. und 2. bereits Besprechungen mit der
      rechtsfreundlichen Vertreterin der (Noch-)Ehefrau von Ashot Egiazaryan zur
      Klärung der gegenständlichen Situation geführt. Die Rechtsvertreterin von Na-
      talia Tsaglolva ((Noch-)Ehefrau von Ashot Egiazaryan) hält hierzu in ihrem
      Schreiben an die Herren Schächle und Näscher vom 18.06.2020 fest: *«Als
      Ergebnis der Besprechung erlaube ich mir festzuhalten, dass die Begünstig-
      tenstellung unserer Mandantin [gemeint Natalia Tsaglolva] gegenüber dem Al-
      pha Trust unstrittig [Hervorhebung durch den Verfasser] ist.»*

      Nach Angaben ihrer Rechtsvertreterin stünden Natalia Tsaglolva geldwerte
      Ansprüche gegenüber Ashot Egiazaryan in Höhe von zumindest USD 10 Mio.
      zu. Der genaue Betrag würde derzeit vor den kalifornischen Gerichten geklärt
      werden.

      Mit Anerkennung von Natalia Tsaglolva als Begünstigte des ALPHA Trusts
      besteht sohin die erhöhte Gefahr von Ausschüttungen zu deren Gunsten und
      folglich zu Lasten des Anzeigers, dessen Begünstigtenstellung gegenüber
      dem ALPHA Trust – im Gegensatz zu jener von Natalia Tsaglolva – tatsäch-
      lich unbestritten ist.

Weder die Anerkennung von Natalia Tsaglolva als Begünstigte des ALPHA Trust noch eine offenkundig drohende Vornahme von Ausschüttungen an sie sind jedoch Gegenstand des inländischen Exekutionsverfahrens zu 08 EX.2016.5802 und auch nicht gemäss Beschluss des Landgerichts vom 21.04.2020 (ON 125 zu 08 EX.2016.5802) vom Umfang der Exekutionsbewilligung umfasst. Die belangten Personen zu 1. und 2. nehmen hier somit also offensichtlich Rechtshandlungen zu Lasten des Trusts bzw. der Beteiligten vor, zu welchen die im Zuge des Verfahrens zu 08 EX.2016.5802 quasi interimistisch eingesetzten belangten Personen vom Landgericht nicht ermächtigt sind. Solche Handlungen gehen jedenfalls über die Hereinbringung einer konkreten Forderung von Vitaly Smagin weit hinaus. Es liegt damit eine Schädigung des sonstigen und von der Forderung Smagins nicht betroffenen Trustvermögens und damit einhergehend eine Kompetenzüberschreitung sowie Pflichtverletzung seitens der belangten Personen vor.

Damit ist nunmehr aber auch eindeutig belegt, dass eben sehr wohl die Gefahr von überschiessenden Handlungen der von Smagin bestellten Treuhänder bzw. die Gefahr einer Überverwertung besteht. Dies entgegen der seinerzeitigen Auffassung des Landgerichts in seinem Beschluss vom 21.04.2020 zu 08 EX.2016.5802 (ON 125).

Beweis:   -   Schreiben Schwärzler Rechtsanwälte AG vom 07.05.2020
          -   Schreiben Schwärzler Rechtsanwälte AG vom 18.06.2020
          -   wie vor

10.   In diesem Zusammenhang sei zudem erneut darauf hingewiesen, dass nach wie vor die zentrale Frage ungeklärt ist, ob der im Exekutionsverfahren zu 08 EX.2016.5802 und ohne Beteiligung des ALPHA Trusts «en passant» vorgenommene Haftungsdurchgriff auf eben diesen überhaupt zulässig ist. Dies wird vom Anzeiger bestritten.

Der Ansicht, dass es zur Klärung der Frage des Haftungsdurchgriffs eines eigens dafür vorgesehenen Zivilverfahrens bedarf, war offensichtlich auch die Rechtsvertreterin von Vitaly Smagin, welche bereits mit Datum vom 09.03.2016 – also parallel zur Einleitung des Exekutionsverfahrens – eine solche Zivilklage zum Aktenzeichen 04 CG.2016.115 bzw. neu 04 CG.2019.5 zur

Klärung dieser Frage eingereicht hat (s. dazu vorne Ziff. 6). Als Beklagte wurde dabei die CTX Treuhand AG als (vormalige) Treuhänderin des ALPHA Trusts aufgeführt. Es ist daher evident, dass auch die Rechtsvertreterin von Vitaly Smagin der Auffassung ist, dass es zur Klärung der Frage eines Haftungsdurchgriffs auf das Trustvermögen für persönliche Schulden von Ashot Egiazaryan auch der Beteiligung des Trusts bedarf und der im Exekutionsverfahren bewilligte Durchgriff zur Vornahme von Ausschüttungen an Vitaly Smagin jedenfalls nicht ausreichend ist.

Beweis:    -  wie vor

11.    Die belangten Personen haben als Treuhänder des ALPHA Trust eine weitere (zur Hereinbringung der Forderung von Smagin unnötige) Kompetenzüberschreitung begangen, indem sie nachweislich den jahrelangen Vermögensverwalter des ALPHA Trusts, die Alpenrose Wealth Management AG, abgesetzt haben. Zudem haben die belangten Personen eigenmächtig die Abdisponierung der gesamten (!) Vermögenswerte des Trusts vom Konto bei der Compagnie Monégasque de Banque veranlasst. Dieses Konto wird zwar im Namen der Savannah Advisors Inc., einer Gesellschaft mit Sitz auf der Insel Nevis, gehalten. Allerdings hält der ALPHA Trust 100% der Aktien an der Savannah. Das Kontoguthaben beträgt laut Klage von Vitaly Smagin (zu 04 CG.2016.115 bzw. neu 04 CG.2019.5) rund USD 188 Mio. und somit einen die Forderung von Smagin weit übersteigenden Betrag.

Es ist nicht ersichtlich, weshalb die Abberufung des Vermögensverwalters des Trust-Vermögens zum beschränkten Zweck der Hereinbringung einer konkreten Forderung von Vitaly Smagin notwendig sein sollte. Einem Vermögensverwalter kommt von vornherein kein Zugriffsrecht auf das Vermögen zu, sondern eben nur ein Verwaltungsrecht. Zudem besteht durch die Abberufung der bisherigen, äusserst erfolgreich arbeitenden Vermögensverwalter die Gefahr für das gesamte Trustvermögen, dass dieses auch über die konkrete Forderung des Herrn Smagin hinaus mangels professioneller Verwaltung erheblichen Schaden erleidet. Diese Gefahr besteht umso mehr, als sich die Finanzmärkte seit Monaten in einem äusserst kritischen Umfeld befinden. Durch die Handlungen der belangten Personen erleidet der ALPHA Trust und sein Vermögen einen nachhaltigen Schaden.

Der bis anhin amtende Vermögensverwalter wurde sodann durch Beschluss der belangten Personen durch eine – im Interesse des Vitaly Smagin liegenden – Person ersetzt. Daraufhin wurde die Compagnie Monégasque de Banque, bei welcher sich das Konto der Savannah Advisors Inc. befindet, von den neuen Direktoren instruiert, die gesamten Vermögenswerte des Trusts auf ein Konto einer anderen Bank im Ausland zu überweisen. Mutmasslich handelt es sich dabei um die Kaiser Partner Privatbank in Vaduz. Es wird daher offensichtlich versucht, die Gelder des Trusts ohne notwendige Ermächtigung aus Monaco abzutransferieren. Aber auch diese Handlungen sind jedenfalls nicht vom Umfang der Exekutionsbewilligung gedeckt und die belangten Personen überschreiten damit ihre Kompetenzen.

Ferner ist ausdrücklich darauf hinzuweisen, dass auch die Bestellung der neuen Direktoren der Savannah Advisors Inc. rechtlich mehr als fragwürdig ist, weshalb auch der Registered Agent der Gesellschaft, namentlich die Prestige Trust Company Ltd., durch ihren Rechtsvertreter mit Schreiben vom 15.07.2020 mitteilen liess, dass die Ersatzbestellung der Direktoren Gegenstand von Rechtsstreitigkeiten ist, so dass das sog. Certificate of Incumbency vom 31.03.2020, welches Herrn Silvio Vogt sowie das JGT Treuunternehmen reg., Vaduz, als neue Direktoren ausweist, nicht als Grundlage etwa für Kontozeichnungsrechte benutzt werden sollte. Offenkundig wird dies aber getan.

Beweis:  - Schreiben der Compagnie Monégasque de Banque vom 29.07.2020 (Französisch; Übersetzung wird bei Bedarf nachgereicht)
- Schreiben der Prestige Trust Company Ltd. vom 15.07.2020 (in Englisch, deutsche Übersetzung wird bei Bedarf nachgereicht)
- Certificate of Incumbency vom 31.03.2020 (in Englisch, deutsche Übersetzung wird bei Bedarf nachgereicht)
- wie vor

12.  Zusammenfassend ist daher belegt und diesbezüglich auch Gefahr im Verzug, dass die belangten Personen, zum Teil via die unrechtsmässig bestellten Direktoren der Savannah Advisors Inc. (Herr Vogt und JGT Treuunternehmen reg.), Handlungen vorgenommen haben und vornehmen werden, welche zwei-

felsfrei durch den Zweck des Exekutionsverfahren zu 08 EX.2016.5802, näm-lich die Hereinbringung einer ziffernmässig bestimmten und das Trustvermö-gen nicht übersteigenden Forderung von Vitaly Smagin, bei Weitem nicht ge-deckt sind bzw. über diesen Zweck hinausgehen. Die einzig und allein für die-sen Zweck eingesetzten belangten Personen (und auch die Direktoren der Savannah Advisors Inc.) überschreiben somit in vielerlei Hinsicht ihre gericht-lich festgelegten (aber noch strittigen) Kompetenzen. Es besteht dabei die unmittelbare Gefahr, dass das gesamte Trustvermögen und damit insbeson-dere auch das nach durchgeführter Exekution im freien Verfügungsbereich des Trusts verbleibende Trustrestvermögen nachhaltig erheblichen Schaden erleidet, wenn das Gericht als Trustaufsichtsgericht nicht umgehend alle not-wendigen Massnahmen trifft, um diesem Treiben der belangten Personen ein Ende zu setzen. Hierzu werden von Amtes wegen auch einstweilige Mass-nahmen nach pflichtgebundenem Ermessen des Landgerichts unumgänglich sein.

Beweis:    -   wie vor

## IV.   Aufsichtsverfahren

13.   Kommt ein Treuhänder seinen Pflichten nicht nach, so kann das Landgericht auf Grund einer Anzeige eines Treuhänders oder eines Begünstigten oder von Amts wegen nach Anhörung der Beteiligten und nach vorheriger Ermahnung, bei wichtigen im Treuhandverhältnisse selbst liegenden Gründen jedoch ohne weiteres, im Ausserstreitverfahren den Treuhänder seines Amtes entheben und die Bestellung eines anderen Treuhänders veranlassen oder einen sol-chen selbst bestellen, wobei der Weiterzug des Entscheides vorbehalten bleibt (Art. 929 Abs. 3 PGR).

Dem Anzeiger kommt als Ermessensbegünstigter des Trusts gemäss Recht-sprechung zwar kein formales Antragsrecht an das Aufsichtsgericht gemäss Art. 927 Abs. 2 PGR zu (OGH 03.03.2017, LES 2017, 66). Gemäss Recht-sprechung des Staatsgerichtshofs steht dem Ermessensbegünstigten aller-dings jederzeit die Möglichkeit offen, dem Gericht Missstände bei der Trust-verwaltung anzuzeigen (StGH 30.06.2015, StGH 2015/047). Dem Anzeiger

kommt sohin in seiner Stellung als Ermessensbegünstigter eine Legitimation
nach Art 929 Abs. 3 PGR zu.

Wie dargelegt, beschränkt sich die Aufgabe und die Pflicht der belangten Per-
sonen vorliegend darauf, im Sinne der im Verfahren zu 08 EX.2016.5802 er-
gangenen Exekutionsbewilligung die dort festgelegte Forderung des Vitaly
Smagin zur Auszahlung zu bringen. Verwertungshandlungen, welche nicht
mehr in diesem Sinne vorgenommen werden und betragsmässig über die
konkrete Forderung von USD 92.5 Mio. hinausgehen, sind auch nach der im
Beschluss vom 21.04.2020, ON 125 zu 08 EX.2016.5802, geäusserten An-
sicht des Landgerichts nicht zulässig. Indem jedoch bereits die Anerkennung
von Natalia Tsaglolva als Begünstigte des ALPHA Trusts erfolgte, der Vermö-
gensverwalter abberufen wurde und zudem bereits versucht wurde, die ge-
samten Vermögenswerte des Trusts, welche sich derzeit auf der Compagnie
Monégasque de Banque befinden, auf eine ausländische Bank abzutransferie-
ren, handelten die belangten Personen in ihrer Funktion als Treuhänder des
ALPHA Trusts über ihre Kompetenzen hinaus. Darin liegt eine schwere
Pflichtverletzung begründet.

Beweis:    -  wie vor

14. Auch wenn dem Anzeiger kein formelles Antragsrecht zukommt (s. dazu Ziff.
13), so soll die nachfolgende Antragstellung gleichwohl dem Landgericht als
Vorschlag und Leitfaden bei der Setzung der gebotenen Aufsichtsmassnah-
men von Amtes wegen dienen.

Beweis:    -  wie vor

Aus all diesen Gründen stellt der Anzeiger die folgenden

## A N T R Ä G E:

1. Das Fürstliche Landgericht wolle aufgrund der ge-
genständlichen Anzeige gestützt auf Art. 929 Abs. 3
PGR im Rahmen eines Aufsichtsverfahrens die ge-

eigneten Massnahmen setzen, um zu gewährleisten, dass keine über die Zwecke des Exekutionsverfahrens zu 08 EX.2016.5802 hinausgehende Überverwertung und auch keine sonstige Schädigung des Vermögens des ALPHA Trust eintritt, dies nicht nur aber insbesondere durch:

a) die Enthebung der Herren Mag. iur. Rudolf Schächle und Mag. iur. Raphael Näscher von ihrer Funktion als Treuhänder des ALPHA Trust und stattdessen Einsetzung von neutralen Personen als neue Treuhänder.

*eventualiter:*

b) die Bestellung eines neutralen dritten Treuhänders für den ALPHA Trust.

2. Das Fürstliche Landgericht wolle jedenfalls bis zum Abschluss des einzuleitenden Aufsichtsverfahren den Herren Mag. iur. Rudolf Schächle und Mag. iur. Raphael Näscher per einstweiliger Verfügung untersagen, Handlungen als Treuhänder für den ALPHA Trust zu setzen, welche direkt oder indirekt über den Zweck der Hereinbringung der Forderung im Sinne des Verfahrens zu 08 EX.2016.5802 hinausgehen. Insbesondere wolle das Landgericht den Herren Mag. iur. Rudolf Schächle und Mag. iur. Raphael Näscher untersagen, via die Direktoren der Savannah Advisors Inc., Nevis, das Vermögen des Trusts von der Compagnie Monégasque de Banque auf ein anderes Bankinstitut zu übertragen.

3. Das Fürstliche Landgericht wolle zudem die von den Herren Mag. iur. Rudolf Schächle und Mag. iur. Raphael Näscher als Treuhänder des ALPHA Trust

gesetzten Handlungen, welche über den Zweck der Hereinbringung der Forderung im Sinne des Verfahrens zu 08 EX.2016.5802 hinausgehen, namentlich die Anerkennung von Frau Natalia Tsaglolva als Begünstigte des ALPHA Trust, die Bestellung von neuen Direktoren der Savannah Advisors Inc., Nevis, sowie die Abberufung der Alpenrose Wealth Management AG als Vermögensverwalterin des ALPHA Trusts, unverzüglich rückgängig machen.

4. Das Fürstliche Landgericht wolle den Anzeiger dem gegenständlich eingeleiteten Aufsichtsverfahren als Partei beiziehen.

Vaduz, 4. August 2020 MR/DT/cp

Stephan Egiazaryan

Kostenverzeichnis:
(Streitwert: CHF 30'000. s.A.).

| | | |
|---|---|---|
| Dieser Schriftsatz, TP 2 + ES | CHF | 554.40 |
| 7.7% MwSt. | CHF | 42.70 |
| Pauschalgebühr | CHF | 210.00 |
| **Total** | **CHF** | **807.10** |