# EXHIBIT 39

**BK Bienert**

October 15, 2020

Nicholas O. Kennedy
BAKER & McKENZIE LLP
1900 North Peral Street, Suite 1500
Dallas, TX 75201
Email: Nicholas.kennedy@bakermckenzie.com

Re: **Vitaly Ivanovich Smagin**

Mr. Kennedy:

We write in furtherance of our October 7 letter, to which you responded on October 8. Thank you for confirming that Baker & McKenzie LLP (the "Firm") will maintain the sanctions payments Mr. Smagin has received and will receive in the future in the Firm's client trust account, and that those funds will not be transferred or disbursed without Mr. Ratnikov's (the "Insolvency Officer") written consent.

Please be advised that the limitation on Mr. Smagin's ability to spend, disburse, or otherwise transfer assets in excess of 50,000 rubles as set forth in our October 7 letter includes not only the sanctions payments referenced above, but any money or other assets the Firm has collected or is holding for Mr. Smagin's benefit. This includes, for example, other amounts that have been collected on Mr. Smagin's judgment against Mr. Yegiazaryan, and any funds held in the Firm's client trust account on behalf of Mr. Smagin. Please advise whether the Firm is presently holding any funds belonging to Mr. Smagin or for his benefit, in addition to the $12,000 in sanctions payments the Firm has received to date. To the extent the Firm is holding any such funds, they constitute property of the estate in the Russian insolvency proceedings and, as with the sanctions payments, may not be spent, disbursed, or otherwise transferred without the Insolvency Officer's prior written consent. Accordingly, please also confirm that no such funds will be transferred or disbursed without the Insolvency Officer's prior written consent.

Additionally, Article 213.9 of the Federal Law gives the Insolvency Officer the right to obtain information related to Mr. Smagin's assets, debts, and financial obligations, as well as his accounts and deposits. Mr. Smagin's refusal to provide this information at the Insolvency Officer's request may constitute evidence of his bad faith. Accordingly, please provide the Insolvency Officer with the following information:

- Copies of all fee agreements, invoices, and any other fee statements between Mr. Smagin and the Firm. This includes any outstanding fees owed by Mr. Smagin or any payments made by Mr. Smagin to the Firm, including any related payment orders, checks, credit card receipts, wire transfer confirmations, or bank statements;

- Information concerning the outstanding amount owed to Mr. Smagin from Mr. Yegiazaryan and Kalken Holdings Limited pursuant to the November 2014 decision of

---

CalEdison Building: 601 W. 5th Street, Suite 720, Los Angeles, CA 90071, Tel. (213) 528-3400

903 Calle Amanecer, Suite 350, San Clemente, CA 92673, Tel. (949) 369-3700



the London international arbitration court, including copies of all pleadings, orders, or other filings in that action;

- Documents and information the Firm has concerning the property and assets of Mr. Yegiazaryan which may be executed upon to satisfy the judgment, in whole or in part;

- Copies of any writs, levies, or other documents related to the execution or enforcement of the judgment against Mr. Yegiazaryan; and

- Copies of any documents or materials filed in foreign courts or proceedings in connection with the enforcement of Mr. Smagin's judgment against Mr. Yegiazaryan.

Furthermore, in addition to the restriction on Mr. Smagin's ability to enter financial transactions exceeding 50,000 rubles, he likewise is prohibited from entering credit transactions and incurring debt, among other things, without the Insolvency Officer's prior written consent. The Insolvency Officer is concerned that the Firm's provision of services to Mr. Smagin and billing him for the same during his bankruptcy proceedings may constitute an unauthorized extension of credit, improperly increasing the creditors' claims in violation of Article 213.11 of the Federal Law. The Insolvency Officer may challenge and dispute payment of such invoices and may seek to terminate the contract under which such invoices issue as causing harm to Mr. Smagin's creditors, and reserves all rights with respect to the same.

Finally, we want to advise you that the Insolvency Officer has learned that on October 12, 2020, the Arbitration Court of Moscow received an application to declare Mr. Yegiazaryan bankrupt. The applicant in that proceeding is the Federal Tax Service of Russia. Pursuant to Article 61.3 of the Federal Law, payments made by Mr. Yegiazaryan to his creditors (including Mr. Smagin) within six (6) months prior to the court's acceptance of this application may be invalidated by the court as a preferential payment. Consequently, any transfer of money from Mr. Yegiazaryan or the Alpha Trust in favor of Mr. Smagin (or to other third parties) may be contested by Mr. Yeghiazaryan's insolvency officer, if one is appointed, or his creditors.

Please confirm by **October 19, 2020**, your intent to submit the requested information to Mr. Ratnikov via undersigned counsel. We appreciate your continued attention to and cooperation in this matter.

Sincerely,

BIENERT|KATZMAN PC

Anthony R. Bisconti

cc: Barry Thompson (barry.thompson@bakermckenzie.com); Christina Wong (christina.wong@bakermckenzie.com)