Nicholas O. Kennedy (State Bar No. 280504)
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX  75201
Telephone:  214 978 3000
Facsimile:   214 978 3099

Barry J. Thompson (State Bar No. 150349)
barry.thompson@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, CA  90067
Telephone:  310 201 4728
Facsimile:   310 201 4721

Attorneys for Plaintiff
VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>Plaintiff,<br><br>v.<br><br>COMPAGNIE MONÉGASQUE DE BANQUE a/k/a CMB BANK; ASHOT YEGIAZARYAN a/k/a ASHOT EGIAZARYAN, an individual; SUREN YEGIAZARYAN a/k/a SUREN EGIAZARIAN, an individual; ARTEM YEGIAZARYAN a/k/a ARTEM EGIAZARYAN, an individual; STEPHAN YEGIAZARYAN aka STEPHAN EGIAZARYAN, an individual; VITALY GOGOKHIA, an individual; NATALIA DOZORTSEVA, an individual; MURIELLE JOUNIAUX, an individual; ALEXIS GASTON THIELEN, an individual; RATNIKOV EVGENY NIKOLAEVICH, an individual; H. EDWARD RYALS, an individual; and PRESTIGE TRUST COMPANY, LTD.,<br><br>Defendants. | **Case No.  2:20-cv-11236-RGK-PLA**<br><br>**Case Filed on December 11, 2020**<br><br>**PLAINTIFF SMAGIN'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK AGAINST DEFENDANTS:**<br>**(1) ASHOT YEGIAZARYAN;**<br>**(2) SUREN EGIAZARYAN;**<br>**(3) ARTEM YEGIAZARYAN; AND**<br>**(4) PRESTIGE TRUST COMPANY, LTD.**<br><br>**Courtroom: 850 - 8th Floor**<br>**The Honorable R. Gary Klausner**<br><br>**Roybal Federal Building and U.S. Courthouse**<br>**255 East Temple Street**<br>**Los Angeles, CA 90012** |

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

In response to this Court's February 11, 2021 Minute Order (Dkt. 20), Plaintiff Vitaly Ivanovich Smagin respectfully requests that the Clerk of the Court enter default in this action pursuant to Federal Rule of Civil Procedure 55(a) against Defendants Ashot Yegiazaryan, a/k/a Ashot Egiazaryan ("Ashot"); Suren Yegiazaryan a/k/a Suren Egiazarian ("Suren"); Artem Yegiazaryan a/k/a Artem Egiazaryan ("Artem"); and Prestige Trust Company, Ltd. ("Prestige") (collectively "Defendants") or, alternatively, that the Court enter an extension of the deadline for the answer of each Defendant or enter any other appropriate orders.

Defendants were served with the Summons, Complaint and associated case-initiating documents in this action, but have failed to appear or otherwise respond within the time prescribed by the Federal Rules of Civil Procedure. Certain Defendants have sought extensions either from Mr. Smagin and/or the Court, but no such extensions have been approved by the Court as of the time of this filing. Defendants were served with process and the related proofs of service were filed with the Court as follows:

1.  Defendant Ashot Yegiazaryan was served on January 13, 2021, as evidenced by the Proof of Service on file with this Court (ECF 16).

2.  Defendant Suren Yegiazaryan was served on January 13, 2021, as evidenced by the Proof of Service on file with this Court (ECF 17).

3.  Defendant Artem Yegiazaryan was served on December 29, 2020, as evidenced by the Proof of Service on file with this Court (ECF 13 and ECF 21 (amending court docket entry)).

4.  Defendant Prestige Trust Company, Ltd. was served on January 16, 2021, as evidenced by the Proof of Service on file with this Court (ECF 18).

Following service, Defendants Artem, Ashot and Suren separately contacted Mr. Smagin's counsel regarding obtaining extensions of time to file their responsive pleadings. (*See* Declaration of Nicholas O. Kennedy ("Kennedy Decl."), which is

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

attached hereto and incorporated by reference.)  Mr. Smagin offered each an extension of time, but, as detailed herein, each Defendant either failed to accept Mr. Smagin's offer or failed to obtain an order from the Court documenting the proposed extension. Prestige has also contacted Mr. Smagin, but has similarly not received any extension of time from the Court.  (Kennedy Decl., ¶ 9, Ex. D.)

On January 18, 2021, Defendant Artem Yegiazaryan contacted counsel for Mr. Smagin and requested a 60-day extension of time to respond to the Complaint. (Kennedy Decl, ¶ 6, Ex. A.)  Mr. Smagin denied the request for a 60-day extension, but agreed to grant Artem a 30-day extension, which would have made his response due on or before February 19, 2021.  (Kennedy Decl. ¶ 6.)  Artem did not respond to Mr. Smagin's offer or file a stipulation with the Court regarding this extension.

On February 2, 2021, Defendant Ashot Yegiazaryan notified counsel for Mr. Smagin that he contested the service and would be seeking an extension of time from the Court to respond to the Complaint.  (Kennedy Decl., ¶ 7, Ex. B.)  Counsel for Mr. Smagin responded that Ashot was validly served, but offered to grant Ashot a 30-day extension in exchange for a waiver of service.  (*Id.*)  Ashot said that he would accept the consented 30-day extension, but failed to return the signed waiver form to Mr. Smagin as requested and did not take steps to document the extension of time with the Court until after his answer deadline had passed and until after Mr. Smagin notified Ashot of this Court's Order to Show Cause, as described below.

On February 2, 2021, Defendant Suren Yegiazaryan contacted counsel for Mr. Smagin claiming he was not validly served, but asking for 45 days to respond to the Complaint.  (Kennedy Decl., ¶ 8, Ex. C.)  Counsel for Mr. Smagin responded that Suren was validly served and Mr. Smagin would not consent to any extensions of time to respond if Suren intended to challenge service.  (*Id.*)  However, counsel offered to grant Suren a reasonable extension of time if he accepted service by email.  (*Id.*)  Suren did not respond to this offer until after his answer deadline had already passed and he had been notified of this Court's Order to Show Cause as described below.

2

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK

1    Following the Court's issuance of the February 11 Order to Show Cause, on

2    February 15, 2021, counsel for Mr. Smagin contacted Defendants Ashot, Artem, Suren

3    and Prestige to notify each Defendant of the Court's Order to Show Cause and of Mr.

4    Smagin's intent to ask the Court to enter default. (Kennedy Decl., ¶ 10.) In response,

5    Defendant Artem sent an email to the Clerk of the Court requesting that the Court grant

6    him the 30-day extension that Mr. Smagin had previously offered, which would make

7    his response due February 19. (Kennedy Decl., ¶ 11, Ex. E.)

8    That same day, Defendant Ashot responded by sending Mr. Smagin's counsel an

9    executed waiver of service, claiming that he had signed and sent the waiver earlier, but

10    the waiver was not sent due to "a connection error" with his email. (Kennedy Decl.,

11    ¶ 12, Ex. B.)

12    Defendant Suren also responded the same day, stating that he would agree to

13    accept service in exchange for 45 days to respond. (Kennedy Decl., ¶ 13, Ex. C.)

14    Counsel for Mr. Smagin informed Suren that his deadline to answer had passed and

15    now only the Court had the authority to grant his request. (*Id.*)

16    The next day, on February 16, 2021, Artem emailed an "Answer to Complaint

17    Civil RICO Liability" [*sic*] to Mr. Smagin's attorneys. (Kennedy Decl., ¶ 14, Ex. F.)

18    Mr. Smagin's counsel informed Artem that the document had been received, but that

19    "it must be filed with the Court in order to be considered by the Judge." (*Id.*)

20    Prestige also responded to the email from Mr. Smagin's counsel, but did not file

21    an answer or request or obtain an extension from the Court. (Kennedy Decl., ¶ 9,

22    Ex. D.) On February 17, 2021, Mr. Smagin's counsel informed Prestige again that only

23    the Court can grant an extension of the answer deadline. (*Id.*) Mr. Smagin's counsel

24    also again informed Prestige that it should consult with counsel regarding this situation.

25    (*Id.*)

26    Mr. Smagin has made every effort to abide service rules and has also attempted

27    to reasonably accommodate Defendants' requests for additional time to respond to the

28    Complaint. Unfortunately, Defendants have not observed the Court's rules or

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Case No. 2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK

deadlines.   Accordingly, Mr. Smagin respectfully requests that the Court grant this Application to enter default against Ashot, Artem, Suren and Prestige or, if the Court does not believe entering default is appropriate at this time, Mr. Smagin does not object to the Court allowing Defendants a reasonable extension of time to file their responses. Because Mr. Smagin has been diligent in his efforts to serve Defendants and accommodate their requests, and because it is Defendants' failure to follow federal and Court procedure that has resulted in confusion and/or delay, Mr. Smagin respectfully submits that the case should not be dismissed for failure to prosecute.

Dated:   February 17, 2021            BAKER & McKENZIE LLP


By:/s/ *Nicholas O. Kennedy*
Nicholas O. Kennedy
Attorneys for Plaintiff
VITALY IVANOVICH SMAGIN

4

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK