# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT

02/17/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ____SW____ DEPUTY

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Klausner

From: S. Williams _____, Deputy Clerk       Date Received: 02/16/2021

Case No.: 2:20-cv-11236-RGK-PLA ____ Case Title: Smagin v. Compagnie Monegasque De Banque, et al.

Document Entitled: Motion for Rule 11 Sanctions; Motion to Dismiss; and Motion to Dismiss Exhibit 1;

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 5-4.1      Documents must be filed electronically
☑ Local Rule 6-1        Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 7-19.1     Notice to other parties of ex parte application lacking
☑ Local Rule 7.1-1      No Certification of Interested Parties and/or no copies
☐ Local Rule 11-3.1     Document not legible
☐ Local Rule 11-3.8     Lacking name, address, phone, facsimile numbers, and e-mail address
☐ Local Rule 11-4.1     No copy provided for judge
☐ Local Rule 11-6       Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8       Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 15-1       Proposed amended pleading not under separate cover
☐ Local Rule 16-7       Pretrial conference order not signed by all counsel
☐ Local Rule 19-1       Complaint/Petition includes more than 10 Does or fictitiously named parties
☐ Local Rule 56-1       Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2       Statement of genuine disputes of material fact lacking
☐ Local Rule 83-2.5     No letters to the judge
☐ Fed. R. Civ. P. 5     No proof of service attached to document(s)
☑ Other:   Exhibit 1 lacking caption page

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐  The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____                    _____
Date                                    U.S. District Judge / U.S. Magistrate Judge

☑  The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

February 17, 2021                       /s/  R. GARY KLAUSNER
_____                    _____
Date                                    U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE       COPY 2 - JUDGE       COPY 3 -SIGNED & RETURNED TO FILER       COPY 4 -FILER RECEIPT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISOPM

| | | |
|---|---|---|
| VITALY SMAGIN, | ) | |
| | ) | Case 2:20-cv-11236-RGK-PLA |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPAGNIE MONEGASQUE DE | ) | |
| | ) | |
| BANQUE a/k/a CMB BANK | ) | |
| | ) | |
| et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANT RYALS' MOTION FOR SANCTIONS

COMES NOW, Defendant H. Edward Ryals, and for his Motion Sanctions, pursuant to Federal Rule of Civil Procedure 11, states as follows:

1. Plaintiff has filed a complaint in this Court that alleges Civil RICO liability against several defendants premised upon fraud and/or conspiracy.

2. Plaintiff filed his Complaint against Defendant Ryals knowing that there was no basis in fact or law for such a pleading.  Further, Plaintiff and/or his counsel materially misrepresented to this court allegations of fraud or tortious conduct when he knew none existed against this Defendant.

### STANDARD OF REVIEW

3. The signer of a pleading must conduct a reasonable inquiry prior to filing a pleading or face sanctions.   Fed R Civ Pro 11.

4. "The signature of an attorney or party constitutes a certificate by the signer that…to the best of the signer's knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact…If a pleading, motion, or other paper is signed in violation of this rule, the court…shall impose *upon the person who signed it*…an appropriate sanction." <u>Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, 541, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991)

### ALLEGATIONS IN COMPLAINT RELEVANT TO DEFENDANT RYALS

5. Plaintiff alleges in paragraph 18 of his Complaint that Defendant "Ryals is an agent and attorney acting on behalf of Prestige, including by sending two fraudulent letters relied upon by Dozortseva and CMB Bank to perpetuate this fraud on the court and Defendant Smagin.  On information and belief, Ryals is being paid by Mr. Yegiazaryan to do those things for the criminal syndicate run by Mr. Yegiazaryan."

6. Plaintiff next alleges against Defendant Ryals, "As part of this coordinated effort: (1) Suren commenced a proceeding against Mr. Yegiazaryan in the Caribbean Island of Nevis for the assets of the Alpha Trust,  (2) Gogokhia commenced a legal proceeding against Mr. Yegiazaryan in the United Kingdom for the assets of the Alpha Trust, (3) Dozertseva and Jouniaux sought to control of the Alpha Trust by fraudulently holding themselves out as "trustees" to the Courts of Nevis and Monaco, (4) Dozertseva enlisted Ryals and Prestige to sow confusion and give CMB Bank the pretext excuse  it needed to refuse to transfer the funds owned by Savannah Advisors and the Alpha Trust, (5) CMB Bank refused to acknowledge Plaintiff's validly appointed trustees of the Alpha Trust and Directors of Savannah or make any transfer of funds of Savannah as requested by them, (6) Stephan

commenced an action in Lichtenstein seeking to remove Plaintiff's appointed trustees…"
See Complaint, ¶ 72.

7. The next allegation against defendant Ryals in the Complaint is in Paragraph 89.
Specifically, "On July 2, 2020, Prestige sent a letter, executed by H. Edward Ryals, to CMB
Bank. The July 2, 2020 letter stated that Ryals '[understood] there was a legal dispute
over' the Alpha Trust funds held by Savannah Advisors and had "been directed to ask that
we place a hold on the change of directors until the court solves the dispute between the
parties.'"

8. Plaintiff later alleges in Paragraph 96 of the Complaint that Dozortseva put pressure on
Ryals to produce additional correspondence. He then states in the next paragraph that
Defendant Ryals did not comply with the request, but stated in an email, "This will confirm
that I wrote and executed the July 15, 2020 letter that is attached to your email. I am also
aware that there is ongoing litigation in several jurisdictions." Complaint, ¶¶ 96-7.

9. The letters that Plaintiff claims were fraudulent were included in his exhibits and are
attached to this Motion as Exhibits 1 and 2.

10. Exhibit 1 is a letter dated July 2, 2020. The first paragraph states that Defendant Ryals is
an attorney for Prestige Trust Company, who in turn is the registered agent for Savannah
Advisors. The truthfulness of this statement is admitted in the paragraph 18 of the
Complaint.

11. The next paragraph of the letter states that there is a legal dispute over the funds that
Savannah Advisors holds. The truthfulness of this statement is admitted in paragraphs 31
and 70 of the Complaint. There are also pleadings in Lichtenstein and Nevis attached as
Exhibits confirming the ongoing litigation.

12. The third paragraph is that Prestige was advised by a law firm in the British Virgin Islands to change the directors of the company. The underlying facts are admitted in Paragraph 70 of the Complaint.

13. The fourth paragraph requests that a change in the directors be placed on hold until the dispute is resolved by the courts. This paragraph requested the parties maintain the status quo until competing jurisdictions were resolved. Plaintiff admits in Paragraph 66 and 67 of the Complaint that the Ninth Circuit Court of Appeals agreed that the Lichtenstein Court should decide on the matter before a turnover order was appropriate.

14. The fifth and last paragraph states that Prestige is not a party to any lawsuit then pending, which is undisputed.

15. The July 15 letter likewise is all admitted by Plaintiff. The first paragraph states that Defendant Ryals represents Prestige Trust and Prestige Trust is the registered agent for Savannah Advisors. The truthfulness of this statement is admitted in paragraph 18 of the Complaint.

16. The second paragraph of that letter states that there is a dispute on who are the proper officers and directors of Savannah Advisors and there is pending litigation in Lichtenstein and Nevis regarding that issue. The truthfulness of this statement is admitted by Plaintiff in paragraphs 31 and 70 of the Complaint.

17. The last paragraph requests that the Courts should make a final decision before the funds are distributed, thus maintaining the status quo. Plaintiff admits that the Ninth Circuit agreed with this suggestion in Paragraph 66 of the Complaint.

18. **THE TRUTHFULNESS OF EVERY SENTENCE IN THE LETTERS AT ISSUE WERE ADMITTED IN PLAINTIFF'S COMPLAINT.**

## ARGUMENT

19. Defendant hereby incorporates his argument in his Motion to Dismiss, or in the Alternative, Motion for More Definitive Statement as set forth fully herein.

20. Plaintiff filed an allegation against this Defendant colluded with falsely appointed trustees and CMB to fraudulently mislead courts, even though he knows that there was no fraudulent or misleading statements in the communications by this Defendant.

21. Plaintiff allegetions against Defendant Ryals is ultimately that Defendant Ryals was complicit in the endeavor because he provided legal services to Prestige Trust.

22. Plaintiff also alleges that Defendant Ryals sent two fraudulent letters, even though he admits in his pleadings that every statement in the letters were correct.

23. Plaintiff admitted in Paragraph 66 and 67 of his Complaint that the action requested in the letters is the same action Ordered by this Court and the Ninth Circuit Court of Appeals.

24. Plaintiff knows that there is no basis for including this Defendant in any lawsuit, much less a claim for Civil RICO.

25. Plaintiff is aware that the statute of limitations for any Civil RICO action has run years prior to his filing of the Complaint.

26. Plaintiff even states that Defendant Ryals was "On information and belief, Ryals is paid by Mr. Yegiazaryabn to do these things for the criminal syndicate run by Mr. Yegiazaryan", even though in the same paragraph, he stated that Defendant Ryals was the agent and attorney for Prestige Trust.  See Complaint, ¶ 18.  Plaintiff and his counsel know this to be not true and has no basis in fact, but nonetheless, represent the same to this Court.

27. Plaintiff has named this Defendant in his lawsuit solely to harass him and hope that he would pay to settle rather than pay defense costs and travel to Los Angeles, California from St. Louis, Missouri for hearings and the allegations are not made in good faith.

28. Plaintiff's allegations in the Complaint come down to Defendant Ryals providing legal services to co defendant Prestige Trust Services.  This has been uniformly found to be insufficient for a civil RICO complaint, which would be obvious to counsel for Plaintiff with a minimal review of case law.

29. Plaintiff's allegations against this Defendant are solely unwarranted averments of fact.

30. "As at common law, a civil conspiracy plaintiff cannot bring suit under RICO based on injury caused by any act in furtherance of a conspiracy that might have caused plaintiff injury.  Rather, consistency with the common law requires that a RICO conspiracy plaintiff allege injury from an act that is analogous to an 'act of a tortious character." Beck v. Prupis, 529 US 494, 120 S. Ct. 1608, 146 L.Ed 561 (2000).

31. "As at common law, a civil conspiracy plaintiff cannot bring a suit under RICO based on an injury caused by any act in furtherance of a conspiracy that might have caused the plaintiff injury.  Rather, consistency with the common law requires that a RICO conspiracy plaintiff allege injury from an act that is analogous to an act that is analogous to an "act of a tortious character," meaning an act that is not independently wrong under RICO." Beck v. Prupis, 529 U.S. 494, 120 S. Ct. 1608, 146 L.Ed.2d 561 (2000).

32. Plaintiff fails to state any act of Defendant Ryals that is "an act of a tortious character. There are no acts alleged against this defendant that are independently wrong under RICO.

33. The United States Supreme Court addressed the liability of a professional in Reves v. Ernst & Young, 113 S Ct 1163, 1173 (1993).  The Court in Reves requires a defendant to have

participated in the direction of the enterprise and be somehow involved in the decision-making process.  Id.

34. The Court in Gilmore v. Berg, 820 F Supp 179, 183 (D NJ 1993) dismissed a §1962(c) claim because the allegations were "common professional services typically rendered by attorneys for their business clients."  Id.

35. The Court in Morin v. Trupin, 932 F Supp 93, 98 (SD NY 1993) dismisses a §1962(c) claim because the allegations because drafting legal correspondence and directing clients to sign prepared documents did not rise to operation or management.

36. Plaintiff alleges in his complaint that defendant Yegiazaryan established an estate plan including establishing the Alpha Trust on May 27, 2015. See Complaint, ¶ 19.

37.  Plaintiff alleges that he filed a claim for arbitration in October 2010.   See Complaint, ¶ 27.

38. The claim for arbitration includes allegations of fraud in an investment in Russia.  See Complaint, ¶¶ 5-6.

39. The Statute of Limitations period for a civil RICO claim is 4 years. See Agency Holding Company v. Malley-Duff & Associates, 484 U.S. 143, 156 (1987).

40. Any potential RICO act would have begun run when he was injured, and would have run after 4 years, which was well before October, 2014.

41. The U.S. Supreme Court explicitly rejected the injury and pattern discovery rule that Plaintiff would require for the statute of limitations not to run. See Rotella v. Wood, 528 U.S, 549, 120 S. Ct 1075, 145 L. Ed 2d 1047 (2000).

42. The statute of limitations, however, is 4 years from the date of injury.  Plaintiff's injury was evident by the time he filed an arbitration claim for those damages. See Rotella v. Wood, 528 U.S, 549, 120 S. Ct 1075, 145 L. Ed 2d 1047.

43. The last predicate act rule was rejected by the Supreme Court.  "Since a pattern of predicate acts can continue indefinitely, with each separated by as many as 10 years, that rule might have extended the limitations period to many decades, and so beyond any limit that Congress could have contemplated."  Klehr v. A. O. Smith Corp., 521 U.S. 179 (1997), cited by Rotella, supra.

44. This is the approach that Plaintiff takes in his Complaint.  He admits that his client received his injury at least by October 2010, when he filed a claim for arbitration in London.

45. "" But in applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock.  Id.

46. "The fact, then, that a considerable effort may be required before a RICO plaintiff can tell whether a pattern of racketeering is demonstrable does not place him in a significantly different position from the malpractice victim.  A RICO plaintiff's ability to investigate the cause of his injuries is not more impaired by his ignorance of the underlying RICO pattern than a malpractice plaintiff is thwarted by ignorance of the details of treatment decisions or of prevailing standards of medical practice.  Nor does Rotella's argument gain strength from the fact that some patterns of racketeering will include fraud, which is generally associated with a different accrual rule; we have already found the connection between civil RICO and fraud to be an insufficient ground for recognizing a limitations period beyond four years."  Id.

47. Here, Plaintiff's complaint alleges that he was injured sometime, and that he filed an arbitration claim in London in October 2010 to recover his damages.  See Complaint, ¶ 27. His damages had to have occurred prior to his filing for arbitration.

48. Any actions that occurred after that point are immaterial and are beyond the statute of limitations period.  See Rotella, Klehr

WHEREFORE, Defendant Ryals requests this Honorable Court to Sanction Plaintiff pursuant to Fed. R. Civ. Pro. 11 as he failed to conduct a reasonable investigation, or worse, made statements he knew to be untrue in his Complaint as to Defendant Ryals, that he filed a Complaint against this Defendant solely for the purpose to harass this Defendant when he knew there was no basis for such a claim, and for any other and further relief this Court deems to be fair and just in the premises. Defendant requests this Honorable Court allow him to attend any hearing remotely by electronic or telephonic means.

Respectfully Submitted,

Defendant H. Edward Ryals

/s/ H. Edward Ryals

H. Edward Ryals
edryalslaw@gmail.com
6354 Treeridge Trail
St. Louis, MO 63129
Telephone (314) 380-8950

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISOPM

| | | |
|---|---|---|
| VITALY SMAGIN, | ) | |
| | ) | Case 2:20-cv-11236-RGK-PLA |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPAGNIE MONEGASQUE DE | ) | |
| | ) | |
| BANQUE a/k/a CMB BANK | ) | |
| | ) | |
| et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANT RYALS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITIVE STATEMENT

COMES NOW, Defendant H. Edward Ryals, and for his Motion to Dismiss, or in the alternative, Motion for More Definitive Statement, pursuant to Federal Rule of Civil Procedure 12(b), states as follows:

1. Plaintiff has filed a complaint in this Court that alleges Civil RICO liability against several defendants premised upon fraud and/or conspiracy.

2. Plaintiff fails to state any allegations against this defendant in support of his theory of prosecution.

## STANDARD OF REVIEW

3. The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) his cause of action reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show the pleader is entitled to relief and a formulaic

recitation of the facts will not do.  <u>Bell Atlantic v Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-5, 167 L. Ed. 2d 929 (2007)

4.   A party must, however, plead claims of fraud with particularity the circumstances constituting fraud or mistake. Fed R Civ Pro 9(b).

## ALLEGATIONS IN COMPLAINT RELEVANT TO DEFENDANT RYALS

5.   Plaintiff alleges in paragraph 18 of his Complaint that Defendant "Ryals is an agent and attorney acting on behalf of Prestige, including by sending two fraudulent letters relied upon by Dozortseva and CMB Bank to perpetuate this fraud on the court and Defendant Smagin.  On information and belief, Ryals is being paid by Mr. Yegiazaryan to do those things for the criminal syndicate run by Mr. Yegiazaryan.

6.   Plaintiff next alleges against Defendant Ryals, "As part of this coordinated effort: (1) Suren commenced a proceeding against Mr. Yegiazaryan in the Caribbean Island of Nevis for the assets of the Alpha Trust,  (2) Gogokhia commenced a legal proceeding against Mr. Yegiazaryan in the United Kingdom for the assets of the Alpha Trust, (3) Dozertseva and Jouniaux sought to control of the Alpha Trust by fraudulently holding themselves out as "trustees" to the Courts of Nevis and Monaco, (4) Dozertseva enlisted Ryals and Prestige to sow confusion and give CMB Bank the pretext excuse  it needed to refuse to transfer the funds owned by Savannah Advisors and the Alpha Trust, (5) CMB Bank refused to acknowledge Plaintiff's validly appointed trustees of the Alpha Trust and Directors of Savannah or make any transfer of funds of Savannah as requested by them, (6) Stephan commenced an action in Lichtenstein seeking to remove Plaintiff's appointed trustees…" See Complaint, ¶ 72.

7. The next allegation against defendant Ryals in the Complaint is in Paragraph 89. Specifically, "On July 2, 2020, Prestige sent a letter, executed by H. Edward Ryals, to CMB Bank.  The July 2, 2020 letter stated that Ryals '[understood] there was a legal dispute over' the Alpha Trust funds held by Savannah Advisors and had "been directed to ask that we place a hold on the change of directors until the court solves the dispute between the parties.'"

8. Plaintiff later alleges in Paragraph 96 of the Complaint that Dozortseva put pressure on Ryals to produce additional correspondence.  He then states in the next paragraph that Defendant Ryals did not comply with the request, but stated in an email, "This will confirm that I wrote and executed the July 15, 2020 letter that is attached to your email.  I am also aware that there is ongoing litigation in several jurisdictions." Complaint, ¶¶  96-7.

9. The letters that Petitioner claims were fraudulent were included in his exhibits and are attached to this Motion as Exhibits 1 and 2.

10. Exhibit 1 is a letter dated July 2, 2020.  The first paragraph states that Defendant Ryals is an attorney for Prestige Trust Company, who in turn is the registered agent for Savannah Advisors.  The underlying facts are admitted in ¶ 18 of the Complaint.

11. The next paragraph of the letter states that there is a legal dispute over the funds that Savannah Advisors holds.   These facts are admitted in paragraphs 31 and 70 of the Complaint. There are also pleadings attached as Exhibits confirming the ongoing litigation.

12. The third paragraph is that Prestige was advised by a law firm in the British Virgin Islands to change the directors of the company.  These underlying facts are admitted in Paragraph 70 of the Complaint.

13. The fourth paragraph requests that a change in the directors be placed on hold until the dispute is resolved by the courts.  This paragraph requested the parties maintain the status quo until competing jurisdictions were resolved.  Plaintiff admits in Paragraph 66 of the Complaint that the Ninth Circuit Court of Appeals agreed that the Lichtenstein Court should decide on the matter before a turnover order was appropriate.

14. The fifth and last paragraph states that Prestige is not a party to any lawsuit then pending, which is undisputed.

15. The July 15 letter likewise is all admitted by Plaintiff.  The first paragraph states that Defendant Ryals represents Prestige Trust and Prestige Trust is the registered agent for Savannah Advisors.  These facts are admitted in paragraph 18 of the Complaint.

16. The second paragraph of that letter states that there is a dispute on who are the proper officers and directors of Savannah Advisors and there is pending litigation in Lichtenstein and Nevis regarding that issue.  These facts are admitted by Plaintiff in paragraph 31 and 70 of the Complaint.

17. The last paragraph requests that the Courts should make a final decision before the funds are distributed, thus maintaining the status quo.  Plaintiff admits that the Ninth Circuit agreed with this suggestion in Paragraph 66 of the Complaint.

18. **EVERY SENTENCE IN THE LETTERS AT ISSUE WERE ADMITTED IN PLAINTIFF'S COMPLAINT.**

## ARGUMENT

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

19. Plaintiff alleges that Defendant Ryals is complicit in the endeavor because he provided legal services to Prestige Trust.

20. A Complaint must include facts giving rise to a plausible entitlement to relief.

21. Plaintiff admits that Defendant Ryals only acts were that he wrote 2 pieces of correspondence requesting a bank wait until all judicial proceedings are completed before releasing funds and wrote an email confirming that it was Defendant Ryals that wrote the letter.

22. Even though Plaintiff admits in paragraph 129 that there was pending litigation in several jurisdictions, including Monaco, Nevis, and Lichtenstein.  See also ¶ ¶ 81, 82.

23. "[A]lthough the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from the pleadings, a party's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted."  Bell Atlantic v. Twombly, infra

24. Plaintiff's only allegations are unwarranted averments of fact.  They state Defendant Ryals "on information and belief, this letter was sent as a deliberate falsehood and was sent as part of Mr. Yegiazaryan's scheme to defraud the court, delay the legal proceedings, and further the goals and purpose of the Yegiazaryan syndicate."  See ¶ 89.  Also, he states that the letter was a deliberate falsehood in Paragraph 91 even after exhaustingly stating that everything in the letter was true.  The allegations completely and utterly fail to even attempt to comply with Fed R. Civ Pro. 9.

25. "As at common law, a civil conspiracy plaintiff cannot bring suit under RICO based on injury caused by any act in furtherance of a conspiracy that might have caused plaintiff injury.  Rather, consistency with the common law requires that a RICO conspiracy plaintiff allege injury from an act that is analogous to an 'act of a tortious character.'"  Beck v. Prupis, 529 US 494, 503, 120 S. Ct. 1608, 146 L.Ed 561 (2000).

26. Plaintiff fails to state any act of Defendant Ryals that is "an act of a tortious character. There are no acts alleged against this defendant that are independently wrong under RICO.

27. The United States Supreme Court addressed the liability of a professional in <u>Reves v. Ernst & Young</u>, 113 S Ct 1163, 1173 (1993). The Court in <u>Reves</u> requires a defendant to have participated in the direction of the enterprise and be somehow involved in the decision-making process. <u>Id</u>.

28. The Court in <u>Gilmore v. Berg</u>, 820 F Supp 179, 183 (D NJ 1993) dismissed a §1962(c) claim because the allegations were "common professional services typically rendered by attorneys for their business clients." <u>Id</u>.

29. The Court in <u>Morin v. Trupin, 932</u> F Supp 93, 98 (SD NY 1993) dismisses a §1962(c) claim because the allegations because drafting legal correspondence and directing clients to sign prepared documents did not rise to operation or management.

30. Plaintiff's actions must fail for the same reason as the above cases were dismissed on a Motion to Dismiss, because the allegations completely fail to state any acts of Defendant Ryals were more than common professional services, specifically regarding options for the client on how to avoid liability when there are several conflicting court orders from courts of competing jurisdictions.

## MOTION TO DISMISS-STATUTE OF LIMITATIONS

31. Plaintiff alleges in his complaint that defendant Yegiazaryan established an estate plan including establishing the Alpha Trust on May 27, 2015. See Complaint, ¶ 19.

32. Plaintiff alleges that he filed a claim for arbitration in October 2010. See Complaint, ¶ 27.

33. The claim for arbitration includes allegations of fraud in an investment in Russia.   See Complaint, ¶¶ 5-6.

34. The Statute of Limitations period for a civil RICO claim is 4 years. See <u>Agency Holding Company v. Malley-Duff & Associates</u>, 484 U.S. 143, 156 (1987).

35. Any potential RICO act would have begun run when he was injured, and would have run after 4 years, which was well before October, 2014.

36. The U.S. Supreme Court explicitly rejected the last predicate act rule that would allow Plaintiff to recover in this matter. See <u>Rotella v. Wood</u>, 528 U.S. 549, 554, 120 S. Ct 1075, 145 L. Ed 2d 1047 (2000).

37. The statute of limitations, however, is 4 years from the date of injury.  See <u>Rotella v. Wood</u>, 528 U.S, 549, 120 S. Ct 1075, 145 L. Ed 2d 1047.

38. The last predicate act rule was rejected by the Supreme Court.  "Since a pattern of predicate acts can continue indefinitely, with each separated by as many as 10 years, that rule might have extended the limitations period to many decades, and so beyond any limit that Congress could have contemplated."  <u>Klehr v. A. O. Smith Corp.</u>, 521 U.S. 179 (1997), cited by <u>Rotella</u>, supra.

39. This is the approach that Plaintiff takes in his Complaint.  He admits that his client received his injury at least by October 2010, when he filed a claim for arbitration in London.

40. "" But in applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock. <u>Rotella</u>.

41. "The fact, then, that a considerable effort may be required before a RICO plaintiff can tell whether a pattern of racketeering is demonstrable does not place him in a significantly

different position from the malpractice victim.  A RICO plaintiff's ability to investigate the cause of his injuries is not more impaired by his ignorance of the underlying RICO pattern than a malpractice plaintiff is thwarted by ignorance of the details of treatment decisions or of prevailing standards of medical practice.  Nor does Rotella's argument gain strength from the fact that some patterns of racketeering will include fraud, which is generally associated with a different accrual rule; we have already found the connection between civil RICO and fraud to be an insufficient ground for recognizing a limitations period beyond four years."  Rotella

42. Here, Plaintiff's complaint alleges that he was injured, and that he filed an arbitration claim in London in October 2010 to recover his damages.  See Complaint, ¶ 27.  His damages had to have occurred prior to his filing for arbitration.  The Supreme Court specifically refused to allow the statute of limitations restart indefinitely, and found the statute of limitations extend from the date of injury rather than any specific act by defendant.  See Rotella.

43. Plaintiff's injury is when the alleged fraud occurred.  Any actions that occurred after that point are immaterial for statute of limitations purposes.  Therefore, all of the actions alleged by Plaintiff are beyond the statute of limitations period.  See Rotella, Klehr

**MOTION FOR MORE DEFINITIVE STATEMENT**

44. Defendant Ryals hereby incorporates his allegations and argument contained in Paragraphs 1 through 34 as if set forth fully herein.

45. "It is essential that the facts and circumstances which constitute fraud should be set out with particularity, to apprise the opposite party of what he is called on to answer, and to

enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud."  Baldwin v. Daniels,

46. Plaintiff has not stated any allegations of fraud against this defendant.  He has stated that Defendant Ryals fraudulently misled courts around the world, (Par. 4), sent two fraudulent letters, (par. 18), was enlisted by Dozart and Prestige to sow confusion (par. 72), sent letters as a deliberate falsehood (par. 89).

47. "[A]lthough the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from the pleadings, a party's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted."  Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-5, 167 L. Ed. 2d 929 (2007)

48. Nowhere in the Complaint does Plaintiff state how any statements were fraudulent.  In fact, Plaintiff admitted throughout his Complaint, as laid out above, that the statements in the letter were true.  This is nothing more than saying Defendant Ryals performed common professional services on behalf of his client, and therefore is not actionable in a Civil RICO Action.

WHEREFORE, Defendant Ryals requests this Honorable Court to Dismiss Plaintiff's Complaint as to Defendant Ryals because it failed to state a cause of action for which relief can be granted, or in the alternative, that this Court Order Plaintiff to file a More Definitive Statement, as required by Federal Rule of Civil Procedure 9 or for any other and further relief this Court deems fair and just in the premises.  Defendant requests this Honorable Court allow him to attend any hearing remotely by electronic or telephonic means.

Respectfully Submitted,

Defendant H. Edward Ryals

/s/ H. Edward Ryals

H. Edward Ryals
edryalslaw@gmail.com
6354 Treeridge Trail
St. Louis, MO 63129
Telephone (314) 380-8950


# Prestige Trust

*Prestige Trust Company Ltd. P.O. Box 346, Wards Building, Brown Hill, St. John's Parish, Nevis, W.I*

July 2, 2020

To Whom it May Concern:

My name is H. Edward Ryals. I am an attorney representing Prestige Trust Company Ltd. of Nevis. From information and belief, Prestige Trust Company Ltd. is or was the registered agent for SAVANNAH ADVISORS INC. of Nevis.

It is my understanding that there is a legal dispute over the funds that SAVANNAH ADVISORS INC. holds.

From my understanding, Prestige Trust Company Ltd. was told by a law firm in the British Virgin Islands to change the directors of the company recently.

I have been directed to ask that we place a hold on the change of directors until the court solves the dispute between the parties.

Neither I nor Prestige Trust Company Ltd. are a party to the dispute. We are simply acting in good faith and feel we should let the courts decide the outcome of this dispute.

Sincerely,

H. Edward Ryals
Attorney at Law

DEFENDANT'S
EXHIBIT
2
PENGAD 800-631-6989

*All that Prestige Trust Company Ltd. does is done with the understanding that it is not engaged in rendering legal, accounting, or other professional services. If legal advice or other expert advice is required, the services of a practicing professional person should be sought. Prestige Trust Company Ltd. Specifically disclaims any liability, loss, risk, personal or otherwise, incurred by others directly or indirectly.*