1  Nicholas O. Kennedy (State Bar No. 280504)
   nicholas.kennedy@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   1900 North Pearl Street, Suite 1500
3  Dallas, TX  75201
   Telephone:  214 978 3000
4  Facsimile:   214 978 3099

5  Barry J. Thompson (State Bar No. 150349)
   barry.thompson@bakermckenzie.com
6  **BAKER & McKENZIE LLP**
   10250 Constellation Blvd., Suite 1850
7  Los Angeles, CA  90067
   Telephone:  310 201 4728
8  Facsimile:   310 201 4721

9  Attorneys for Plaintiff
   VITALY IVANOVICH SMAGIN
10

11                UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

13  | | |
|---|---|
| VITALY IVANOVICH SMAGIN, | **Case No.  2:20-cv-11236-RGK-PLA** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT H. EDWARD RYALS' MOTION TO DISMISS THE COMPLAINT** |
| v. | |
| COMPAGNIE MONÉGASQUE DE BANQUE a/k/a CMB BANK; ASHOT YEGIAZARYAN a/k/a ASHOT EGIAZARYAN, an individual; SUREN YEGIAZARYAN a/k/a SUREN EGIAZARIAN, an individual; ARTEM YEGIAZARYAN a/k/a ARTEM EGIAZARYAN, an individual; STEPHAN YEGIAZARYAN aka STEPHAN EGIAZARYAN, an individual; VITALY GOGOKHIA, an individual; NATALIA DOZORTSEVA, an individual; MURIELLE JOUNIAUX, an individual; ALEXIS GASTON THIELEN, an individual; RATNIKOV EVGENY NIKOLAEVICH, an individual; H. EDWARD RYALS, an individual; and PRESTIGE TRUST COMPANY, LTD., | Date:      May 3, 2021<br>Time:      9:00 a.m.<br>Courtrm:   850<br>Before:    The Hon. R. Gary Klausner<br><br>Roybal Federal Building and<br>U.S. Courthouse<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| Defendants. | |

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 2

III. LEGAL STANDARD .............................................................................................. 6

IV. ARGUMENT ........................................................................................................... 6

    A. Defendant Ryals' Conduct in Furtherance of the RICO Scheme Went Beyond Merely Providing Professional Services ........................... 6

V. CONCLUSION ...................................................................................................... 10

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

# TABLE OF AUTHORITIES

**Page No(s).**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 6

*Baumer v. Pachl*,
    8 F.3d 1341 (9th Cir. 1993) ................................................................ 7, 8

*Clark v. Milam*,
    847 F. Supp. 409 (S.D.W.Va. 1994) ..................................................... 10

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
    428 F. Supp. 3d 354 (D. Or. 2019) ......................................................... 6

*Gutierrez v. Givens*,
    989 F. Supp. 1033 (S.D. Cal. 1997) .................................................. 7, 10

*Napoli v. United States*,
    32 F. 3d 31 (2nd Cir. 1994) .................................................................. 10

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) .................................................................. 2

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) .................................................................. 6

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ................................................................................ 6

*S.F. Bay Area Rapid Transit Dist. v. Spencer*,
    No. C 04-04632 SI, 2005 U.S. Dist. LEXIS 42096
    (N.D. Cal. Sep. 2, 2005) ....................................................................... 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 8 .............................................................................................. 6

Fed. R. Civ. P. 12 ............................................................................................ 6

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

## I. INTRODUCTION

Defendant Ryals and his co-Defendants are part of a RICO enterprise (the "**Enterprise**") that concocted elaborate, fraudulent schemes, using mail and wires and obstruction of justice, to impede Mr. Smagin from collecting a California judgment (the "**California Judgment**") against the Enterprise's mastermind, Defendant Ashot Yegiazaryan. These schemes involved sending false documents both domestically and internationally to encumber and collaterally dissipate Defendant Yegiazaryan's assets, which are being held in a Monaco bank account for a Liechtenstein Trust (the "**Alpha Trust**"). The Enterprise's overarching goal is to prevent Mr. Smagin from recovering the assets, which have been frozen pursuant to his California Judgment, at all costs. Many of the Enterprise's schemes have proved successful and caused substantial injury to Mr. Smagin, materially delaying his recovery, reversing the gains he has made patiently attempting to collect his judgment through the Liechtenstein courts, and forcing him to invest substantial sums in attorneys' fees and costs to monitor and thwart the non-stop fraudulent attacks in the U.S. and abroad.

Notwithstanding Defendant Ryals' arguments to the contrary, these factual allegations, as described more thoroughly in the Complaint, establish that Defendant Ryals' participation and conduct on behalf of the Enterprise went beyond merely providing professional services. Defendant Ryals, at the direction of Defendants Yegiazaryan and Dozortseva, sent deliberately false letters purportedly on behalf of Defendant Prestige to Defendant CMB Bank on two separate occasions to block Mr. Smagin from transferring the assets of the Monaco bank account held in Savannah Advisor's name to satisfy his California Judgment. (Compl. ¶¶89, 91.) Defendant Ryals argues that he cannot be held liable under RICO because he was only providing legal services for Defendant Prestige, but as the Complaint makes clear, Defendant Prestige has repudiated Defendant Ryals' letters as false, further demonstrating that Defendant Ryals was conspiring with and taking direction from other Defendants to

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

1

Case No. 2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

further the Enterprise's scheme and is not entitled to a defense of an "outside service provider" to the Enterprise. Thus, Defendant Ryals' level of involvement in the Enterprise is far outside the scope of simply rendering legal services and his direction of Defendant CMB Bank demonstrates his control over the Enterprise's operation and management.

The Ninth Circuit has explained that "RICO is to be read broadly" and should "be liberally construed to effectuate its remedial purposes." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985)). Defendants' sophisticated syndicate of friends, family members, and white collar business associates uses both legal and illegal means to perpetuate fraud across multiple jurisdictions and cause injury in the United States. (*See* Compl. ¶¶1-3.) This is precisely the type of orchestrated conduct RICO is meant to prevent.

Accordingly, and for the reasons set forth herein, Defendant Ryals' Motion should be denied. If the Court finds the Complaint is insufficient as pled, Mr. Smagin respectfully requests leave to amend to cure any possible deficiencies.

## II.   FACTUAL BACKGROUND

In November 2014, Mr. Smagin won an arbitral award against Defendant Yegiazaryan for Defendant Yegiazaryan's misappropriation of Mr. Smagin's real estate investment and subsequent efforts to conceal that misconduct. (Compl. ¶37.) In December 2014, Mr. Smagin filed an action in this Court to confirm and enforce that arbitral award under the New York Convention, which the Court granted. (*Id.* at ¶40.) On March 31, 2016, this Court entered judgment in favor of Mr. Smagin and against Defendant Yegiazaryan in the amount of $92,503,652 (defined above as the "California Judgment"). (*Id.* at ¶28.)

Defendant Yegiazaryan is a Russian criminal who absconded to the United States in 2010 and has been living as a fugitive in Beverly Hills, California, ever since. (*Id.* at

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

2

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

¶¶1, 38.) After Mr. Smagin obtained the arbitral award against Defendant Yegiazaryan in 2014, Defendant Yegiazaryan began taking steps to hide his assets from Mr. Smagin. Specifically, unbeknownst to Mr. Smagin, Defendant Yegiazaryan received a $198 million settlement in 2015. (*Id.* at ¶46.) To conceal the settlement assets, with the help of Defendant CMB Bank, Defendant Yegiazaryan hid the money in an offshore bank account in Monaco held under the name of Savannah Advisors, a shell company Defendant Yegiazaryan formed in Nevis. Defendant Yegiazaryan further encumbered the assets by placing them in the Alpha Trust in Liechtenstein. (*Id.* at ¶¶46-52.) Defendant Prestige is a Nevis company and the now-former registered agent in Nevis for non-party Savannah Advisors. (*Id.* at 17.)

After learning of the Alpha Trust and Defendant Yegiazaryan's offshore bank account in 2016, Mr. Smagin commenced legal proceedings against Defendant Yegiazaryan in Liechtenstein, where the Alpha Trust was formed. (*Id.* at ¶¶64, 66.) Mr. Smagin also secured a Post-Judgment Injunction in this Court barring Defendant Yegiazaryan and others acting at his direction or under his control from taking "any action to transfer, assign, conceal, diminish, encumber, hypothecate, dissipate or in any way dispose of any proceeds, in an amount up to and including $115,629,565" including the funds held in the Alpha Trust. (*Id.* at ¶62.) In 2019, the Liechtenstein court rejected Defendant Yegiazaryan's appeal of its ruling that Defendant Yegiazaryan controlled the assets of the Alpha Trust, which assets were subject to the California Post-Judgment Injunction. (Compl. ¶¶68.)

Realizing his legal tactics in Liechtenstein had failed, Defendant Yegiazaryan and the other Defendants hatched a scheme to block Mr. Smagin's recovery from the Alpha Trust. (*Id.* at ¶66, 69, 73.) First, Defendant Yegiazaryan directed his cohorts to lodge a multi-jurisdictional attack against the Alpha Trust in Liechtenstein, the bank account in Monaco and the shell company holding the Monaco bank account (Savannah Advisors) in Monaco. Specifically, Defendant Yegiazaryan directed Defendants Suren

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Yegiazaryan, Vitaly Gogokhia and Stephan Yegiazaryan to file fraudulent claims against him, the Alpha Trust or Savannah Advisors in various jurisdictions, which he would not oppose, in an attempt to encumber Defendant Yegiazaryan's assets to block Mr. Smagin's recovery. (*Id.* at ¶¶69, 73-82, 109-110.) Additionally, despite the Liechtenstein court's order granting Mr. Smagin authority to appoint new trustees to the Alpha Trust on March 2, 2020 -- effectively removing Defendant Yegiazaryan's authority to control the Alpha Trust -- Defendant Yegiazaryan executed fraudulent instruments purporting to "appoint" two of his associates as trustees: Defendants Dozortseva and Jouniaux. (*Id.* at ¶¶83-84.) As part of the Enterprise, the false "trustees" filed a legal action in Nevis to seize control of Savannah Advisors to prevent Mr. Smagin from accessing the Alpha Trust assets in the Monaco Account. (*Id.* at 84.) Defendants Yegiazaryan and Dozortseva then enlisted the help of Defendant Prestige (the registered agent for Savannah Advisors) and Defendant Ryals (a purported attorney for Prestige), to interfere with the new trustees' efforts to transfer the Alpha Trust's funds out of the Monaco bank account by creating confusion in the courts as to who was authorized to control the assets. (*Id.* at ¶¶72, 87-97.) Defendant Ryals was a knowing participant in this scheme by drafting two letters on Prestige's letterhead that he knew to be false that were sent to Defendant CMB Bank to assist it in justifying its refusal to transfer the funds and to create this confusion in the courts. This goes far beyond merely providing legitimate legal advice to a client.

In July 2020, Defendants Yegiazaryan and Dozortseva directed Defendant Ryals to send two deliberately false letters, purportedly on behalf of Defendant Prestige, directing Defendant CMB Bank to block access to the bank account held by Savannah. Indeed, email communications between Defendants Dozortseva and Ryals confirm that the two had been in communication relating to Defendant Ryals' fraudulent letters. (*Id.* at 92(e).) The first letter, sent on July 2, 2020, directed Defendant CMB bank to "place a hold on the change of directors [of Savannah Advisors]." (*Id.* at ¶89, Ex. 21.) The

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

4

Case No. 2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

second letter, sent by Defendant Ryals to Defendant CMB Bank on July 15, 2020, purportedly on behalf of Defendant Prestige, stated: "It is our position that the underlying litigation in Liechtenstein and Nevis should decide who are the officers and directors of Savannah Advisors, Inc.  It is our view that the Certificate of Incumbency appointing directors on the 31st of March 2020 should not be used for the purpose of bank signatory accounts in the name of the company until the courts in Liechtenstein and Nevis have ruled on the issue." (*Id.* at ¶91, Ex. 23.)  Defendant Ryals knew or should have known that these litigations were shams when he sent this letter and that there was no legitimate dispute in Liechtenstein, Nevis or elsewhere about control of Savannah Advisors.  Defendant Ryals also knew or should have known that the Certificate of Incumbency appointing directors on March 31, 2020 was valid and genuine and that any attempt by Defendant Ryals to cast doubt on it would constitute the type of fraudulent attempt to hinder, delay, or frustrate the collection of Mr. Smagin's judgment that violates the post-judgment injunction and other applicable law.

On July 28, 2020, Stevyn Bartlette, the managing director of Defendant Prestige, sent an email to Savannah Advisors claiming that Prestige had "nothing to do with [Defendant Ryals'] letter to the bank and [Prestige] would not take any responsibility for that." (Compl. ¶94.)  Defendant Prestige further agreed to provide a corrective letter affirming that Defendant Ryals' letter was fraudulent. (*Id.* at ¶95.)  Despite Defendant Prestige's representations that it did not authorize Defendant Ryals' letters, on August 4, 2020, Defendant Ryals affirmed the contents of his prior letters and continued to hold himself out as an attorney acting on behalf of Defendant Prestige. (*Id.* at ¶96.) This confusion, of course, is precisely why this RICO Enterprise was formed.

Defendant Ryals and Defendant Dozortseva's fraudulent letters and instructions to Defendant CMB supplied Defendant CMB with the necessary pretext to deny transferring the Alpha Trust funds to Liechtenstein in defiance of account holder

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

5

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

Savannah Advisors' instructions. (*Id.* at ¶¶35, 72, 88, 107, 129(m).) As such, Defendant Ryals' involvement in the fraudulent scheme resulted in further litigation, delay, increased judgment enforcement costs and attorneys' fees, and possible permanent divestment of Alpha Trust funds secured by Mr. Smagin's Post-Judgment Injunction. (*See id.* at ¶¶71, 136, 143.)

On December 11, 2020, Mr. Smagin filed his Complaint against Defendants for their violations of RICO. (ECF No. 1.)

## III. LEGAL STANDARD

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). A Rule 12(b)(6) motion tests the legal sufficiency of that statement and a district courts should dismiss when a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint need not contain "detailed factual allegations," but rather need only include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. ARGUMENT

### A. Defendant Ryals' Conduct in Furtherance of the RICO Scheme Went Beyond Merely Providing Professional Services

The mere fact that Defendant Ryals is an attorney does not immunize him from liability for his participation in the Enterprise. While the Supreme Court held in *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) that "[i]n order to 'participate, directly or indirectly, in the conduct of [an] enterprise's affairs,' one must have some part in directing those affairs," this does not create absolute immunity for attorneys are

6

Case No. 2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Defendant Ryals argues. Rather, attorneys may be subject to RICO liability when their conduct goes beyond providing legitimate "professional assistance" to a RICO enterprise. *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 428 F. Supp. 3d 354, 375-76 (D. Or. 2019) (citing *S.F. Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2005 U.S. Dist. LEXIS 42096, at *18 (N.D. Cal. Sep. 2, 2005)). "While the standard for attorney involvement may be difficult to establish later in [an] action, to survive a motion to dismiss [the plaintiff] need only set forth sufficient allegations in a well-pleaded complaint." *Gutierrez v. Givens*, 989 F. Supp. 1033, 1041 (S.D. Cal. 1997). In other words, Defendant Ryals faces a high bar to assert this defense at the pleading stage.

The allegations in the Complaint establish that Defendant Ryals' conduct went well beyond simply rendering legal services to a client -- they demonstrate he was actively involved in further the Enterprise's scheme. The Complaint alleges that Defendant Ryals participated directly in the Enterprise's fraudulent affairs and took affirmative steps to hide that fraud. On two separate occasions, Defendant Ryals sent a deliberately false letter -- purportedly on behalf of Defendant Prestige and on Prestige letterhead without any indication that Defendant Ryals was not actually employed by Prestige (or, as Prestige tells it, even associated with Prestige in any way) -- to Defendant CMB Bank in Monaco making false claims about the true directors of the Alpha Trust. (Compl. ¶¶89, Ex. 21; 91, Ex. 23.) Contrary to Defendant Ryals' claim that he neither "gave or took directions in" the Enterprise (ECF at 17:1-6), Defendant Ryals directed Defendant CMB Bank to place a "hold on the change of directors" of Savannah Advisors, falsely claiming there was a "legal dispute over the funds" that Savannah Advisors was holding. (Compl. ¶¶89, Ex. 21; 91, Ex. 23.) These instructions were followed by Defendant CMB Bank and used as a pretext to continue to withhold funds and delay the Monaco lawsuit. These interrelated actions demonstrate that Defendant Ryals was directing the affairs of the Enterprise for the purpose of

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

7

Case No. 2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

encumbering the Monaco bank account holding the Alpha Trust's assets, thus furthering the Enterprise's scheme to prevent Mr. Smagin from recovering his California Judgment from the assets of the Alpha Trust. (*Id.*)

Defendant Ryals' reliance on *Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) to argue he did not direct the Enterprise is misplaced.  In *Baumer*, the Ninth Circuit held there was no RICO liability for an outside attorney who joined the fraudulent scheme of two partners and non-parties, an individual and California corporation, six years after it was formed and whose conduct was limited to providing legal services to the enterprise (*i.e.*, preparing a partnership agreement and sending correspondence in relation to a bankruptcy proceeding).  Unlike that case, Defendant Ryals was working in furtherance of the Enterprise's scheme very early on -- by at least July 2, 2020 -- which is just months after Defendants' began to implement their plan to collaterally attack and encumber the assets of the Alpha Trust through sham litigation around late October or early November 2019.  (Compl. ¶¶68-69, 89.)  Moreover, as discussed herein, there is significant doubt whether Defendant Ryals was actually acting as an attorney for Defendant Prestige when he wrote the fraudulent letters -- as Defendant Prestige has denied his representation -- or if he was knowingly writing false letters regardless of whether he was actually representing Prestige.  Thus, unlike the attorney in *Baumer*, Defendant Ryals is not acting as legitimate and disinterested outside counsel, but rather an integral participant in the RICO Enterprise.

Defendant Ryals' further argument that he did not have "a relationship" with any party other than Defendant Prestige and thus was not aware of the nature and scope of the Enterprise is also unavailing.  (ECF 67-1 at 15:18-22.)  This argument ignores numerous allegations in the Complaint that establish Defendant Ryals was conspiring with multiple other co-Defendants to further the Enterprise's scheme, including Defendant Yegiazaryan's primary puppet, Defendant Dozortseva.  While Defendant Ryals sent his false letters purportedly on behalf of Defendant Prestige, the letters were

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

8

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT

undisputedly written for and sent at the direction of Defendants Yegiazaryan and Dozortseva. (*Id.* at ¶92.)

Indeed, Defendant Dozortseva began communicating with Defendant Prestige as early as May 15, 2020, falsely claiming that the trustees Mr. Smagin had appointed to the Alpha Trust pursuant to his authority under the Liechtenstein court's order should not be recognized as valid. (*Id.* at 92(a).) On July 1, 2020, Defendant Dozortseva contacted Mr. Kevin Wessell of General Corporate Services, Inc., a company that represented Defendant Prestige, claiming that Savannah Advisors' directors were not properly appointed. (*Id.* at ¶92(b).) Significantly, according to Defendant Dozortseva in a sworn affidavit, Defendant Ryals was included on her email correspondence with Mr. Wessell and Stevyn Bartlette, the managing director of Defendant Prestige.[1] (*Id.* at ¶92, Ex. 24 at ¶36.) The very next day after Defendant Dozortseva's contact with General Corporate Services and Defendant Prestige, Defendant Ryals sent his first fraudulent letter on behalf of Defendant Prestige to Defendant CMB Bank placing a hold on any change of directors. (*Id.* at ¶81, Ex. 21.) Defendant Ryals' emails also reveal that he was in discussions with Defendant Dozortseva leading up to his July 15, 2020 fraudulent letter to Defendant CMB Bank. (*Id.* at ¶92(e), Ex. 25 at p. 7.)

Further undermining Defendant Ryals' claim that he was merely "providing legal services" to Defendant Prestige (ECF 17:11-13), the legitimacy of Defendant Ryals' attorney-client relationship with Defendant Prestige is dubious at best. On July 27, 2020, Stevyn Bartlette of Defendant Prestige informed Savannah Advisors that Defendant Prestige had "nothing to do with the letter submitted to the bank" by Defendant Ryals (purportedly on Defendant Prestige's behalf) and "would not take any responsibility for that." (Compl. ¶94.) Defendant Prestige's renunciation of any affiliation with Defendant Ryals, let alone an affiliation establishing an attorney-client relationship, undermines Defendant Ryals' "outside counsel" defense. Moreover, the

---

[1] Defendant Ryals also uses an email with General Corporate Services, Inc.'s domain name (*i.e.*, ed@generalcorporate.com). (*Id.* at ¶97, Ex. 28).

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Complaint alleges that Defendant Ryals was working at the behest of Defendant Yegiazaryan and Defendant Dozortseva -- neither or which are claimed to be his clients.

Further, even after Defendant Prestige represented that Defendants Ryals' letters were not sent on behalf of Defendant Prestige, Defendant Ryals and Defendant Dozortseva continued to collaborate. For instance, on August 4, 2020, at Defendant Dozortseva's request, Defendant Ryals confirmed that he "wrote and executed the July 15, 2020 letter," allowing Defendant Dozortseva to continue relying on his representations to sow confusion and create additional delay and barriers to recovery in the Monaco proceedings. (*Id.* at ¶98, Ex. 28.) Because these allegations demonstrate that Defendant Ryals' role in the Enterprise went beyond simply providing legal services to Defendant Prestige, his conduct satisfies the operation and management test. *Gutierrez*, 989 F. Supp. at 1041-42 (allegations that attorneys received assets for the purpose of funneling or laundering them was sufficient to make them personally involved in the execution of the RICO scheme); *San Francisco Bay Area Rapid Transit Dist.*, 2005 U.S. Dist. LEXIS 42096, at *17 (attorney who drafted false joint venture agreement and made false representations to prevent detection of the enterprise's fraud sufficiently "directed the affairs" of the enterprise); *Napoli v. United States*, 32 F. 3d 31 (2nd Cir. 1994) (attorneys convicted for RICO violations where they participated in the enterprise's core activities, including working with non-clients in furtherance of the scheme); *Clark v. Milam*, 847 F. Supp. 409 (S.D.W.Va. 1994) (plaintiff sufficiently alleged defendant controlled the enterprise where he "knowingly concealed the activity of other defendants who exercises day-to-day control over the enterprise").

## V. CONCLUSION

For the reasons stated above Plaintiff Smagin respectfully requests that the Court deny defendant H. Edward Ryals' motion to dismiss the Complaint in this action.

1  Dated: April 12, 2021              BAKER & McKENZIE LLP

3                                     By:*/s/ Nicholas O. Kennedy*
4                                        Nicholas O. Kennedy
                                         Barry J. Thompson
                                         Attorneys for Plaintiff
5                                        VITALY IVANOVICH SMAGIN

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

11

Case No.  2:20-cv-11236-RGK-PLA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT RYALS' MOTION TO DISMISS THE COMPLAINT