UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-11236-RGK-MAA | Date | January 17, 2024 |
|---|---|---|---|
| Title | *Vitaly Ivanovich Smagin v. Compagnie Monegasque De Banque et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Why the Court Should Not Dismiss the Claims

On November 30, 2020, Vitaly Ivanovich Smagin ("Plaintiff") filed the operative First Amended Complaint ("FAC") against numerous defendants, including Compagnie Monegasque de Banque ("CMB") and Alexis Gaston Thielen (collectively, "Defendants"). (ECF No. 182.) Plaintiff alleged that Defendants violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act when they took actions that prevented Plaintiff from accessing funds held in a trust in a CMB account. CMB and Thielen have each filed a Motion to Dismiss. (ECF Nos. 190, 191.)

Plaintiff asserts a claim under 18 U.S.C. § 1962(c), which requires him to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008). Racketeering includes a wide range of prohibited activities, including mail fraud, wire fraud, and obstruction of justice. 18 U.S.C. § 1961(1). Although not entirely clear, it appears Plaintiff's claims against CMB and Thielen are predicated on alleged fraud. Accordingly, to survive a Motion to Dismiss, Plaintiff must plead that each Defendant committed acts of mail or wire fraud with the requisite particularity. Fed. R. Civ. P. 9(b).

"The elements of mail fraud and wire fraud are essentially identical." *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017). To plead either type of fraud, a plaintiff must plead "(1) a scheme to defraud, (2) the use of either the mail or wire, radio, or television to further the scheme, and (3) the specific intent to defraud." *Id.* A scheme to defraud includes "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Carpenter v. United States*, 484 U.S. 19, 27 (1987). A "common understanding" of fraud involves "wronging one in his property rights by dishonest methods or schemes and usually signif[ies] the deprivation of something of value by trick, deceit, chicane or overreaching." *Id.* (cleaned up).

The elements of wire and mail fraud, as articulated by the Ninth Circuit and Supreme Court, indicate that a scheme to defraud requires its perpetrators to make false representations to the defrauded party. The Ninth Circuit's model jury instructions are in accord. Those instructions require a jury to find

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11236-RGK-MAA | Date | January 17, 2024 |
|---|---|---|---|
| Title | *Vitaly Ivanovich Smagin v. Compagnie Monegasque De Banque et al* | | |

that any false representations were material, which means that "they had a natural tendency to influence, or were capable of influencing, a person to part with money or property." 9th Cir. Jury Instr. 8.124.

Here, Plaintiff alleges that CMB actively participated in litigation in a Monaco court to prevent Plaintiff from accessing the funds at issue. (FAC ¶ 151(n).) Plaintiff also alleges that Thielen falsely represented his powers over the trust when he executed or approved two trust documents. (FAC ¶¶ 107–108.) None of these alleged acts involved making false statements to Plaintiff or to any party that allegedly lost money or property because of Defendants' alleged misrepresentations. The Court is unaware of any authority that stands for the proposition that false representations to third parties which result in a plaintiff's financial loss form a valid basis for a RICO claim. Accordingly, the Court **ORDERS** Plaintiff to **show cause in writing** why his claims against CMB and Thielen should not be dismissed. Such a response shall be filed **within three days** of this Order's issuance and **shall not exceed five pages**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | JRE/ak | |