# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>Plaintiff,<br><br>v.<br><br>COMPAGNIE MONÉGASQUE DE BANQUE, et al.<br><br>Defendants. | Case No. 2:20-cv-11236-RGK (MAAx)<br><br>**[PROPOSED] JUDGMENT AND ORDER GRANTING CMB MONACO'S MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed concurrently with CMB's Nt of Mt. and Motion, Mem. of Points and Authorities, Statement of Uncontroverted Facts, Declarations and Exhibits in Support*<br><br>Hon. R. Gary Klausner<br><br>Date: May 13, 2024<br>Time: 9:00 a.m.<br>Courtroom: 850, 8th Floor |

Defendant CMB Monaco ("CMB") submitted a Motion for Summary Judgment on plaintiff's corrected Third Amended Complaint which alleges claims against CMB under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962 (d). Having considered the parties' submissions, and argument of the parties, and good cause appearing, the Court hereby **GRANTS** CMB's Motion for Summary Judgment.

*First*, plaintiff cannot prove there was any racketeering activity as required under §1962(c) because plaintiff cannot prove any of the elements of mail or wire fraud: "(1) a scheme to defraud, (2) the use of either the mail or wire, radio, or television to further the scheme, and (3) specific intent to defraud." *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017). A scheme to defraud is "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Carpenter v. United States*, 484 U.S. 19, 27 (1987).

Plaintiff has not identified any evidence showing that CMB made a false statement to the Monaco court, much less any material misrepresentation that influenced the court, as required to establish a fraudulent scheme. In the petition submitted to the Monaco court requesting sequestration of the funds (the "Petition"), CMB disclosed the rulings of the Liechtenstein courts. The Petition expressly informed that the Liechtenstein courts had permitted plaintiff to "use the full rights of Mr. Ashot Egiazaryan" and pursuant to such authorization, plaintiff "replaced the trustees of the Alpha Trust[.]" Thus, no false statement was made by CMB.

Further, the Monaco court's decision to freeze the funds was not influenced by the alleged misrepresentation plaintiff asserts was made by CMB, and thus, there was no material, actionable misrepresentation. The court focused on the fact that a question of Monaco law existed as to the domestic effect of the foreign Liechtenstein judgment that vested control over the account to plaintiff's appointed managers. SUF ¶13; TAC Ex. 56 at 15. And, on that basis, it ordered

sequestration of the funds "until a final court decision is rendered by the Monegasque courts recognizing a foreign court decision designating the appointing of the fiduciary of the trust under Liechtenstein law for ALPHA TRUST, or until it is otherwise ordered by a court, or by agreement of the parties." *Id*. at 15

Plaintiff has also failed to meet his burden to prove the use of "United States mail" or wire. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986). There is no evidence showing that CMB, located in Monaco, had any communication with an individual or entity located in the United States for purposes of carrying out the alleged scheme. No text, email, phone call, letter, or other qualifying communication appears in the record.

**Second**, plaintiff has failed to establish a continuous pattern of racketeering activity. *Attia v. Google LLC*, 983 F.3d 420, 427 (9th Cir. 2020) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) ("In order to assert a RICO claim pursuant to 18 U.S.C. § 1962(c), a plaintiff must allege a pattern of racketeering activity by showing 'that the racketeering predicates are related, and that they amount to or pose a threat of *continued* criminal activity.'") (emphasis added). Plaintiff has failed to show either closed or open-ended continuity.

**No Closed-Ended Continuity**. In determining closed-ended continuity, courts consider: "(1) the number and variety of predicate acts; (2) the presence of separate schemes; (3) the number of victims; and (4) the occurrence of distinct injuries." *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1012 (C.D. Cal. 2020) (collecting cases). Plaintiff has not alleged more than *one* victim (himself), *one* purpose (to prevent him from recovering the Assets), or *one* fraudulent plan (to forge documents justifying a freeze of the Account). Rather, similar to the plaintiff in *Medallion* (*Medallion Television Enterprises, v. SelecTV of California, Inc.*, 833 F.2d 1360 (9th Cir. 1987)), the alleged plot here

encompassed a scheme with "a single victim and a single goal." *McGowan*, 505 F. Supp. 3d at 1013. Without more, plaintiff's claim is insufficient to prove a §1962(c) claim.

**No Open-Ended Continuity**. Open-ended continuity requires "a form of predicate misconduct that by its nature projects into the future with a threat of repetition." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). When RICO claims are predicated on mail and wire fraud, open-ended continuity is absent if those predicate acts "were finite in nature in that the mailings, faxes[,] and telephone calls [and other communications] would cease once" they achieved their purpose. *Id.* at 1230. The activity alleged by plaintiff has two clear possible ending points: (1) CMB ceases to be receiver or (2) the goal of the alleged scheme is reached or shattered. As to the former, CMB has already asked the Monaco courts to end its receivership which would necessarily end any alleged plot because the money would no longer be in CMB's control. SUF ¶¶19–20. As to the latter, plaintiff alleges that the goal of the purported scheme was "to defraud Plaintiff of money and property" and "place Mr. Yegiazaryan's assets beyond the reach of Plaintiff and this Court." TAC ¶186. This is enough to show that the alleged scheme would end when the assets are put definitely beyond plaintiff's reach or when plaintiff acquires the money, and that is fatal to plaintiff's case regardless of when that endpoint may come. *See Turner*, 362 F.3d at 1230 (no open-ended continuity where objective of racketeering activity was "finite in nature" and would cease when goal was met); *Steam Press Holdings, Inc. v. Hawaii Teamsters*, 302 F.3d 998, 1011 (9th Cir. 2002) (no open-ended continuity where RICO predicate acts were limited to an event of finite duration); *McGowan*, 505 F. Supp. 3d at 1014 (dismissing 1962(c) claim for lack of continuity because "Defendants' purported goals—keeping [Harvey] Weinstein's misconduct secret from the public or obtaining a copy of [the memoir] before it was published" had a finite duration); *Prime Partners IPA of*

*Temecula, Inc. v. Chaudhuri*, 2012 WL 1669726, at *7 (C.D. Cal. May 14, 2012) (an endpoint is still valid even if it's "several years" away).

***Finally***, plaintiff cannot prove his claim under §1962(d). "To establish a [RICO conspiracy under] section 1962(d), plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). As plaintiff cannot show an agreement that is substantive violation of RICO nor an agreement to commit two predicate offenses because he cannot prove his 1962(c) claim, CMB is entitled to summary judgment on the Section 1962(d) claim. *See Glob. Master Int'l Grp., v. Esmond Nat., Inc.*, 2021 WL 1324433, at *2 (C.D. Cal. Mar. 9, 2021) (Klausner, J.), *aff'd in part*, 2023 WL 5181577 (9th Cir. Aug. 11, 2023), and *rev'd in part on other grounds*, 76 F.4th 1266 (9th Cir. 2023).

* * *

For the reasons explained above, the Court **GRANTS** CMB's Motion for Summary Judgment. Plaintiff's civil RICO claims are therefore dismissed with prejudice and judgment is entered in favor of CMB.

**IT IS SO ORDERED.**

DATED: _____      _____
                              Hon. R. Gary Klausner
                              United States District Judge