# EXHIBIT 5

[seal:]

PRINCIPALITY OF MONACO

COURT

OF FIRST INSTANCE

05 AUGUST 2020

No. ................................................

On summons dated 27 July 2020
Case registration (RG) No. 2020/000059
**Hearing of 5 August 2020**

**SUBMISSIONS IN DEFENCE**

**AND COUNTERCLAIMS**

**FOR:**

**Compagnie Monégasque de Banque (CMB)**

Respondent in the main proceedings defendant Applicant in counterclaim

Lawyer for the Defence, Patricia Rey Pleading lawyer, Gilbert Manceau of the Paris Bar

**AGAINST**:

**1°) Savannah Advisors Inc.**

Applicant in summary proceedings Respondent in counterclaim

Lawyer for the Defence, Joëlle Pastor-Bensa, Pleading lawyer, Donald Manasse of the Nice Bar

**2°) Mrs Natalia DOZORTSEVA**
**3°) Mrs Capucine JOUNLES**

Volunteer interveners

Having as Lawyer for the Defence, Geraldine Gazo

**MAY IT PLEASE THE PRESIDING JUDGE**

By deed issued on 27 July 2020, Savannah Advisors Inc. (the Savannah Company) summonsed the Compagnie Monégasque de Banque (the CMB) before the Presiding Judge of the Court of First Instance at the hearing of 28 July.

Pursuant to Article 414 of the Civil Procedure Code, not included in the summons, the Savannah company requests the judge in summary proceedings to:

> "*Order the Monegasque Société Anonyme [public limited company] called Compagnie Monégasque de Banque - C.M.B., to have, subject to a fine of €50,000 per day of delay from the serving of the writ, to:*
> *- release the funds held on the account of the company Savannah Advisors Inc., opened in its books under the no.* REDACTED*;*
> *- and to promptly perform the instructions of the two directors of the Savannah Advisors INC. company, namely to transfer the assets held on the latter's account at the CMB No.* REDACTED *to account No.* REDACTED *held by it in the books of Kaiser Partners Privatbank;*
>
> *To sentence the Monegasque Société Anonyme called Compagnie Monégasque de Banque - C.M.B., to pay the full costs and the legal fees of Ms Joëlle Pastor-Bensa, Defence Lawyer, as duly claimed.*"

Also pursuant to Article 414 of the Civil Procedure Code, the CMB requests the rejection of Savannah's claim; as a counterclaim, it requests the ordering of the sequestration of the assets, of which it is custodian for Savannah's account, until a final legal decision has been delivered by a Monegasque court recognising a foreign ruling, according to these submissions.

## I – <u>The Facts</u>

1°) The Savannah company holds an account in the books of the respondent, opened on [3 June 2015] under number REDACTED

2°) Savannah Advisors Inc. is a company governed by the law of Nevis, formed on 29 September 2014. Its shareholder is a trust under Liechtenstein law, of which Mr Ashot Egiazaryan is the settlor, the trustee and the beneficiary. These qualities are the issue of an ongoing dispute between Mr Ashot Egiazaryan and Mr Vitaly Smagin; this dispute is the context of this procedure.

According to the summons, "*Mr Vitaly Smagin is creditor against Mr Ashot Egiazaryan for a principal amount of $84,290,064.40, pursuant to an arbitral award delivered by the London International Court of Arbitration on 11 November 2014* » (summons, page 4, 3rd paragraph)

Still according to the summons, "*by order of 2 March 2020, the Court of Justice of the Grand-Duchy of Liechtenstein notably decided to allow Mr Smagin to use the full rights of Mr Ashot Egiazaryan as settlor, protector and beneficiary of the Alpha Trust.*"

Pursuant to the authorisation thus given to him by this order dated 2 March 2020, Mr Smagin replaced the trustees of the Alpha Trust who themselves appointed the legal representatives of the Savannah company: JGT Treuunternehmen reg. and Mr Silvio Vogt (summons, page 6, 3°). In a letter dated 3 July 2020 sent through official channels to CMB's lawyer on behalf of Mr Silvio Vogt and JGT Treuunternehmen reg., it was requested to "*transfer the assets in the account held by Savannah Advisors Inc. No.* REDACTED *in the books of the Compagnie Monégasque de Banque to the company's account no.* REDACTED *in the books of Kaiser Partners Privatbank*" (adverse party's exhibit no. 6). It was answered on 8 July 2020, through official channels:

> " (...) ) *also on 3 July, a person invoking the capacity of trustee of Alpha Trust, a sole shareholder of the company Savannah Advisors Inc., issued by extrajudicial deed to the CMB an "order (...) [to] FREEZE bank assets, sums, deniers, securities or other, held by company Savannah Advisors Inc., in its books, notably on the account No.* REDACTED *(and its sub-accounts) or any other account or safe deposit, and NOT TO PROCEED with any change regarding authorised signatories until otherwise ordered by the court"."* (adverse party's exhibit no. 19).

Thus, the CMB received the same day, 3 July 2020, entirely conflicting instructions on the operational handling of Savannah's assets.

Are also produced in factual proceedings:

a- a letter to CMB in the name of:

> *"Mrs Natalia Dozortseva in her capacity as an Alpha Trust trustee, regarding account No.* REDACTED *of which the company Savannah Advisors is the holder (...), my client was informed that the situation was evolving very quickly, with a risk of imminent transfer from account no.* REDACTED *held in your books in the name of Savannah Advisors Inc., to which we are strongly opposed.*
>
> *The Bank is further expressly requested not to authorise any transaction to be carried out on the account or any change in the authorised signatories until the full resolution of the dispute between the signatories*" (letter from Géraldine Gazo to CMB dated 3 July 2020),

b- an order issued on 3 July 2020 at the request of Mrs Natalia Dozortseva "*acting as co-trustee of Alpha Trust, a trust subject to the law of Liechtenstein registered under number FL-0002.510.771-1*":

> "*On 3 June 2015, the Company and the Bank entered into an account agreement. In this framework, a list of "authorised signatures" to represent the Company was drawn up, which includes the names and signatures of Mr Ashot Egiazaryan and the two directors, Mr Thomas Wilhelm and Mr Nikolaus Wilhelm.*
> *This document states that the signature must be a "joint signature of two," while it is specified that in accordance with the Resolution taken on 2 June 2015 by Alpha Trust, the Company's sole shareholder, each of the directors (Mr Thomas Wilhelm and Mr Nikolaus Wilhelm) may exercise their power of signature only in conjunction with Ashot Egiazaryan, who was appointed as a "joint signatory" on the Account under the same resolution, a copy of which had been sent to the Bank.*
> *A dispute between the authorised signatories on the Account, opposing Mr. Egiazaryan, on the one hand, and Messrs. Wilhelm, on the other hand, following the change of Alpha Trust trustee (Mrs Dozortseva having become the successor on 31 March 2020 to CTX*

*Treuhand AG, represented by Messrs. Wilhelm).*
*There are in fact several proceedings in progress in the Liechtenstein courts. In this framework, a third party is allegedly seeking to fraudulently have the appointment of two new trustees hostile to the Settlor, recognised in the aim of appropriating the assets held by the Trust, including the assets in the account opened with the CMB.*
(...)
*In light of the foregoing, the Compagnie Monégasque de Banque (CMB) is expressly ordered to freeze the bank assets, sums, deniers, securities or other, held by the company Savannah Advisors Inc., in its books, notably on the account No.* REDACTED *(and its sub-accounts) or any other account or safe-deposit, and make no change to authorised signatories until the complete resolution of the dispute between the signatories.*".

3°) The summons states notably that the following decisions have been declared:

- an order on 1st April 2020, by the United States Central District Court of California,
- an order dated 9 July 2020 delivered by the same court, from which the following extract is taken (summons, page 9, penultimate paragraph):

*"The Court therefore prohibits the defendant, or its trustees, associates, lawyers or agents, from making or attempting to make any other modification to the Alpha Trust, including but not limited to the addition or substitution of trustees or beneficiaries, without the prior approval of this Court. It also prohibits the respondent from attempting to modify or amend the administration of the Savannah Advisors company or the Monegasque bank account or from undertaking any other action with respect to such entities without the approval of this Court. Insofar as such actions are in progress, they should be stopped."*

- two orders delivered on 1st May 2020 and 13 July 2020 by the Nevis Court by which the "*Prestige Trust Company LTD - until the date of the new hearing arranged for 10 August 2020 - was enjoined not to, either by itself, through its representatives, agents or in any other way, (Exhibit 16 bis): to register or permit any person other than JGT Treuunternehmen Reg ("JGT") and Silvio Vogt to be registered as directors of Savannah Advisors Inc.* (...)" (summons, page 8, last paragraph and page 9, first paragraph).

## II - Discussion

1°) The summons makes a completely erroneous assumption that the judge in summary proceedings should concede to Monaco the automatic effectiveness for all the decisions invoked by the applicant. In fact, it is the duty of the Monegasque court, in this case, the judge in summary proceedings, to verify that the relevant rulings fulfil the conditions required to be admissible in Monaco; the recognition of foreign rulings may be formed as a principal issue or an incidental matter.

According to article 13 of Law no. 1.448 instituting a private international law code, only rulings made by foreign courts made in res judicata are deemed to be in full force and effect in the Principality. In this case, the decisions invoked by the applicant are not final.

In addition, none of the conditions laid down by Article 18 of Law no. 1.448 are fulfilled.

According to this text:

"*The applicant requesting enforcement or recognition must produce:*
*1. an authentic copy of the ruling;*
*2. the original of the signified writ or any other deed taking its place in the State where the ruling was made;*
*3. a certificate issued, either by the foreign court from which the ruling comes, or by the clerk of that court, recording that this decision is not opposed or likely to be opposed or appealed and that it is enforceable in the territory of the State where it was made.*
*These documents should be legalised by a diplomatic or consular agent of the Principality accredited with the foreign State, or failing that, by the competent authorities of this State.*
*They should also, when not written in French, be accompanied by their French translation, produced by an official or sworn translator and duly legalised*".

Therefore, no debate may be instituted in the current procedure on the international regularity of the decisions invoked by the applicant, *a fortiori*, before the judge of the summary proceedings, urgent applications judge. The decisions in question are not final, they are moreover the subject of appeal, with respect to the order delivered by the Court of the Grand Duchy of Liechtenstein on 2 March 2020, "*authoris*[ing] *Mr Smagin to use all the rights that Mr Ashot Egiazaryan had as settlor, protector and beneficiary of Alpha Trust*", and the order of 13 July 2020 of the Court of Nevis in connection with the keeping of the register of Directors of the Savannah Company.

This first ground is sufficient for the rejection of the claim, as court decisions unlikely to be recognised in Monaco have no probative significance. However, they constitute the very basis of the applicant's argument.

2°) Article 414 of the Civil Procedure Code provides: "*In the event of an emergency, and in all matters for which there is no specific summary proceeding, the presiding judge of the court may order, in summary proceedings, any measures that do not prejudice the main issue"*

In this case, the two conditions required by this text, the urgency and the non-pre-judgement on the merits are deficient.

Firstly, there is no urgency to ensure the presentation of the funds so that the capital deposited on the account of Savannah Advisors Inc. with the Compagnie Monégasque de Banque is transferred to a bank in Liechtenstein. The current situation is perfectly protective of the rights of the owner of the assets, until the settlement of the proceedings in progress before the foreign courts, a settlement which will determine the identity of these legal representatives.

Secondly, the decision of the provisional court should not "*prejudice the main issue*», the summary order shall therefore not bind the judge on the merits regarding the respective rights of the parties.

However, it goes without saying that the transfer of assets to an account opened by Mr Smagin's agents with Kaiser Partners Privatbank would annihilate the interest of any subsequent debate on the international regularity of rulings delivered or subsequently delivered in this case likely to determine the respective rights of the rival parties.

In any event, such a debate is not within the scope of the jurisdiction and of the powers of the judge in summary proceedings with regard to the conditions laid down in Article 414 of the Civil Procedure Code.

3°) The counterclaim

Article 1754 of the civil code provides: "*depositing, in general, is an act by which another's property is received, with the responsibility of keeping it and of returning it in kind*".

Conflicting instructions received by Compagnie Monégasque de Banque demonstrate that the possession of the assets of which the respondent is custodian is disputed, within the meaning of point 2 of Article 1800 of the civil code. According to this text,

"*The court may order the sequestration*:
(…)
*2° of a movable property whose ownership or possession is disputed between two or more persons*
(...)".

The terms of application of this text are fully met in this case.

The sequestration measure enters into the jurisdiction and powers of the judge in summary proceedings pursuant to Article 414 of the Civil Procedure Code. The setting up of a protective solution, in the event of conflicting instructions, is indeed urgent in order to protect the respective rights of the parties. This measure does not prejudice a subsequent decision on the merits.

**ON THESE GROUNDS**

Dismisses Savannah Advisors Inc. "*acting according to the proceedings and due diligence of its Directors*", the company JGT Treuunternehmen reg. and Mr Silvio Vogt,

Orders the case to be submitted for a decision on the merits,

Finds the Compagnie Monégasque de Banque's counterclaim to be admissible,

Having regard to Article 1800 2° of the Civil Code

Orders the sequestration of the assets in sums of money and securities deposited by Savannah Advisors Inc. with the Compagnie Monégasque de Banque No. REDACTED until a final court decision delivered by a Monegasque court has recognised a foreign ruling in res judicata appointing the trustee of the Liechtenstein trust, Alpha Trust,

Sentences the applicant to pay the whole costs, including any fees and related costs as well as the legal fees of Patricia Rey, Lawyer for the Defence.

WITHOUT PREJUDICE
MONACO, 5 AUGUST 2020

FOR THE RESPONDENT:

[signature]

PRINCIPAUTE DE MONACO
TRIBUNAL
DE PREMIERE INSTANCE
0 5 AOUT 2020
N° ..............................

Sur assignation en date du 27 juillet 2020
RG N° 2020/000059
**Audience du 5 août 2020**

**CONCLUSIONS EN DEFENSE
ET RECONVENTIONNELLES**

**POUR :**

**La Compagnie Monégasque de Banque (CMB)**

Défenderesse au principal
Demanderesse reconventionnelle

Ayant pour Avocat-Défenseur, Me Patricia Rey
Ayant pour Avocat plaidant, Me Gilbert Manceau du barreau de Paris

**CONTRE :**

**1°) La société Savannah Advisors Inc.**

Demanderesse au référé
Défenderesse reconventionnelle

Ayant pour Avocat-Défenseur, Me Joëlle Pastor-Bensa,
Ayant pour Avocat plaidant, Me Donald Manasse du barreau de Nice

**2°) Madame Natalia DOZORTSEVA**
**3°) Madame Capucine Murielle JOUNIAUX**

Intervenantes volontairse

Ayant pour Avocat-Défenseur, Me Géraldine Gazo

## PLAISE A MADAME LE PRESIDENT

Par acte délivré le 27 juillet 2020, la société Savannah Advisors Inc. (la société Savannah) a fait assigner la Compagnie Monégasque de Banque (la CMB) devant Madame le Président du Tribunal de première instance à l'audience des référés du 28 juillet.

Au visa de l'article 414 du code de procédure civile, non repris au dispositif de l'assignation, la société Savannah demande au juge des référés de :

> « *Ordonner à la Société Anonyme Monégasque dénommée Compagnie Monégasque de Banque - C.M.B., d'avoir, sous une astreinte de 50.000 euros par jour de retard à compter de la signification de l'ordonnance à intervenir, à :*
> *- débloquer les fonds détenus sur le compte de la société Savannah Advisors Inc., ouvert dans ses livres sous le n°* REDACTED *;*
> *- exécuter, immédiatement et sans délai, les instructions des deux directeurs de la société Savannah Advisors INC., à savoir de transférer les avoirs détenus sur le compte de celle-ci n°* REDACTED *dans les livres de la CMB, sur le compte n°* REDACTED *dont elle est titulaire dans les livres de la Banque Kaiser Partners Privatbank ;*
>
> *Condamner la Société Anonyme Monégasque dénommée Compagnie Monégasque de Banque - C.M.B., aux entiers dépens distraits au profit de Maître Joëlle Pastor-Bensa, Avocat-Défenseur, sous sa due affirmation.* »

Au même visa de l'article 414 du code de procédure civile, la CMB conclut au rejet de la demande de Savannah ; à titre reconventionnel, elle demande que soit ordonné le séquestre des avoirs, dont elle est le dépositaire pour le compte de Savannah, jusqu'à ce qu'une décision de justice définitive ait été rendue par une juridiction monégasque en reconnaissance d'un jugement étranger, dans les termes du dispositif des présentes écritures.

### I – Les faits

1°) La société Savannah est titulaire d'un compte dans les livres de la concluante, ouvert le [3 juin 2015] sous le numéro REDACTED

2°) Savannah Advisors Inc. est une société de droit de Nevis constituée le 29 septembre 2014. Son actionnaire est un trust du droit de Lichtenstein dont M. Ashot Egyazarian est le fiduciant, le fiduciaire et le bénéficiaire. Ces qualités sont l'enjeu d'un litige en cours entre M. Ashot Egyazarian et M. Vitaly Smagin ; ce différend est le contexte de la présente procédure.

Selon l'assignation, « *Monsieur Vitaly Smagin est créancier à l'encontre de Monsieur Ashot Egyazaryan pour un montant en principal de 84.290.064,40 USD, et ce, en vertu d'une sentence arbitrale rendue par la Cour d'arbitrage international de Londres le 11 novembre 2014* » (assignation, page 4, 3ème paragraphe)

Toujours selon l'assignation, « *par ordonnance du 2 mars 2020, la Cour de Justice Grand-Ducale du Liechtenstein a notamment décidé d'autoriser Monsieur Smagin à utiliser la totalité des droits de Monsieur Ashot Egyazarian en tant que fiduciant, protector et bénéficiaire de l'Alpha Trust.* »

En vertu de l'autorisation qui lui a été ainsi conférée par cette ordonnance du 2 mars 2020, M. Smagin a remplacé les fiduciaires de l'Alpha Trust lesquels ont eux-mêmes nommés des représentants légaux de la société Savannah : JGT Treuunternehmen reg. et M. Silvio Vogt (assignation, page 6, 3°). Par lettre du 3 juillet 2020 adressée par voie officielle à l'avocat de la CMB au nom de M. Silvio Vogt et JGT Treuunternehmen reg., il a été demandé de « *transférer les avoirs détenus sur le compte détenu par la société Savannah Advisors Inc. n*REDACTED *dans les livres de la Compagnie Monégasque de Banque sur le compte de la société n°*REDACTED *dans les livres de la banque Kaiser Partners Privatbank* » (pièce adverse n°6). Il a été répondu le 8 juillet 2020, par voie officielle, ce qui suit :

> « (…) *également le 3 juillet, une personne invoquant la qualité de trustee d'Alpha Trust, actionnaire unique de la société Savannah Advisors Inc, a fait délivrer par acte extrajudiciaire à la CMB une « sommation (...) [de] BLOQUER les avoirs bancaires, sommes, deniers, valeurs ou autres, détenus par société Savannah Advisors Inc., dans ses livres, notamment sur le compte n°*REDACTED *(et ses sous-comptes) ou tout autre compte ou coffre-fort, et DE NE PROCEDER à aucun changement relatif aux signataires autorisés jusqu'à ce qu'il en soit autrement ordonné par la justice ».* » (pièce adverse n°19).

Ainsi, la CMB a reçu le même jour, 3 juillet 2020, des instructions totalement contradictoires entre elles sur le traitement opérationnel des avoirs de Savannah.

Sont également produites dans l'actuelle procédure :

a- une lettre adressée à la CMB au nom de :

> « *Mme Natalia Dozortseva en sa qualité de trustee d'Alpha Trust, concernant le compte n°*REDACTED *dont la société Savannah Advisors est titulaire (...), ma cliente a été informée que la situation évoluait très rapidement, avec un risque de transfert imminent à partir du compte n°*REDACTED *détenu dans vos livres au nom de Savannah Advisors Inc., auquel nous nous opposons fermement.*
>
> *Il est, à nouveau, expressément demandé à la Banque de n'autoriser aucune opération sur le compte, ni aucun changement relatif aux signataires autorisés, jusqu'à la résolution complète du litige entre les signataires* » (lettre de Me Géraldine Gazo à CMB du 3 juillet 2020),

b- une sommation délivrée le 3 juillet 2020 à la requête de Mme Natalia Dozortseva « *agissant en sa qualité de co-trustee d'alpha trust, trust soumis au droit du Lichtenstein enregistré sous le numéro FL-0002.510.771-1* » :

> « *Le 3 juin 2015, la Société et la Banque ont conclu une convention de compte. Dans ce cadre, a été établie une liste de « signatures autorisées » pour représenter la Société, et sur laquelle figurent les noms et signatures de Monsieur Ashot Egiazaryan et des deux administrateurs, Monsieur Thomas Wilhelm et Monsieur Nikolaus Wilhelm.*
> *Ce document indique que la signature est « collective à deux », étant précisé que, conformément à la Résolution prise le 2 juin 2015 par Alpha Trust, actionnaire unique de la Société, chacun des administrateurs (Monsieur Thomas Wilhelm et Monsieur Nikolaus Wilhelm) ne peut exercer son pouvoir de signature que conjointement avec Ashot Eqiazaryan, lequel a été nommé en tant que « cosignataire » (joint signatory) sur le Compte aux termes de la même résolution, dont copie avait été transmise à la Banque.*
> *Or, un litige entre les signataires autorisés sur le Compte, opposant Monsieur Egiazaryan, d'une part, et Messieurs Wilhelm, d'autre part, à la suite du changement de trustee d'Alpha*

*Trust (Madame Dozortseva ayant succédé le 31 mars 2020 à CTX Treuhand AG, représentée par Messieurs Wilhelm).*
*Plusieurs procédures sont en effet en cours devant les tribunaux du Liechtenstein. Dans ce Cadre, une tierce partie chercherait à faire reconnaître de manière frauduleuse la nomination de deux nouveaux trustees hostiles au Settlor, dans le but de s'approprier les actifs détenus par le Trust, dont les avoirs notamment présents Sur le Compte ouvert auprès de la CMB.*
*(…)*
*Au vu de l'ensemble de ce qui précède, il est expressément fait sommation à la Compagnie Monégasque de banque (CMB) de bloquer les avoirs bancaires, sommes, deniers, valeurs ou autres, détenus par société Savannah Advisors Inc., dans ses livres, notamment sur le compte n°*REDACTED *(et ses sous-comptes) ou tout autre compte ou coffre-fort, et de ne procéder à aucun changement relatif aux signataires autorisés, jusqu'à la résolution complète du litige entre les signataires* ».

3°) L'assignation mentionne notamment que les décisions suivantes ont été prononcées :

- une ordonnance du 1er avril 2020, par le tribunal du District des Etats-Unis District central de Californie,
- une ordonnance du 9 juillet 2020 rendue par le même tribunal, l'extrait suivant est tiré (assignation, page 9, avant-dernier paragraphe) :

*« La Cour interdit donc au défendeur, ou à ses fiduciaires, associés, avocats ou agents, d'apporter ou de tenter d'apporter toute autre modification au Trust Alpha, y compris, mais sans s'y limiter, l'ajout ou la substitution de fiduciaires ou de bénéficiaires, sans avoir obtenu au préalable l'approbation de cette Cour. Elle interdit également à la partie défenderesse de tenter de modifier ou d'amender l'administration de la société Savannah Advisors ou du compte bancaire monégasque, ou d'entreprendre toute autre action à l'égard de ces entités, sans l'approbation de cette Cour. Dans la mesure où de tels actes sont en cours, ils doivent être stoppés. »*

- deux ordonnances rendues le 1er mai 2020 et le 13 juillet 2020 par la cour de Nevis par laquelle il a été « *enjoint à la société Prestige Trust Company LTD - jusqu'à la date de la nouvelle audience fixée au 10 août 2020 - de ne pas, que ce soit par elle-même, par ses préposés, par des agents ou de toute autre manière, de (Pièce n°16 bis) : enregistrer ou permettre à toute personne autre que JGT Treuunternehmen Reg ("JGT") et Silvio Vogt d'être enregistrés en tant que directeurs de Savannah Advisors Inc.* (…) » (assignation, page 8, dernier paragraphe et page 9, premier paragraphe).

## II – Discussion

1°) L'assignation procède du postulat totalement erroné selon lequel le juge des référés devrait admettre l'efficacité de plein droit à Monaco de l'ensemble des décisions invoquées par la partie demanderesse. En réalité, il appartient à la juridiction monégasque, en l'occurrence le juge des référés, de vérifier que les jugements dont s'agit, remplissent les conditions exigées pour être reçus à Monaco ; la reconnaissance des jugements étrangers peut être formée à titre principal ou incident.

Selon l'article 13 de la loi n°1.448 instituant un code de droit international privé, seuls les jugements rendus par les tribunaux étrangers passés en force de chose jugée sont reconnus de plein droit dans la Principauté. En l'occurrence, les décisions invoquées par la partie demanderesse ne sont pas définitives.

De surcroît, aucune des conditions posées par l'article 18 de la loi n°1.448 n'est remplie.

Selon ce texte :

« *Le demandeur à fin d'exécution ou de reconnaissance doit produire :*
*1. une expédition authentique du jugement ;*
*2. l'original de l'exploit de signification ou de tout autre acte en tenant lieu dans l'État où le jugement aura été rendu ;*
*3. un certificat délivré, soit par la juridiction étrangère dont émane le jugement, soit par le greffier de cette juridiction, constatant que cette décision n'est ni frappée, ni susceptible d'être frappée d'opposition ou d'appel, et qu'elle est exécutoire sur le territoire de l'État où elle est intervenue.*
*Ces pièces devront être légalisées par un agent diplomatique ou consulaire de la Principauté accrédité auprès de l'État étranger, ou, à défaut, par les autorités compétentes de cet État.*
*Elles devront, en outre, quand elles ne seront pas rédigées en français, être accompagnées de leur traduction en langue française, faite par un traducteur assermenté ou officiel et dûment légalisée* ».

Ainsi, aucun débat ne peut s'instaurer à l'occasion de l'actuelle procédure sur la régularité internationale des décisions invoquées par la partie demanderesse, *a fortiori*, devant le juge des référés, juge de l'évidence. Les décisions en cause ne sont pas définitives, elles sont d'ailleurs l'objet de recours, en ce qui concerne l'ordonnance rendue par la cour Grand-Ducale du Liechtenstein le 2 mars 2020 « *autoris*[ant] *Monsieur Smagin à utiliser la totalité des droits dont Monsieur Ashot Egiazaryan disposait en tant que fiduciant, protector et bénéficiaire de l'Alpha Trust* », ainsi que l'ordonnance du 13 juillet 2020 de la cour de Nevis relativement à la tenue du registre des administrateurs de la société Savannah.

Ce premier moyen suffit au rejet de la demande, les décisions de justice insusceptibles d'être reconnues à Monaco n'ayant pas de portée probatoire. Or, elles constituent la base même de l'argumentation de la demanderesse.

2°) L'article 414 du code de procédure civile dispose : « *En cas d'urgence, et en toutes matières pour lesquelles il n'existe pas de procédure particulière de référé, le président du tribunal de première instance peut ordonner, en référé, toutes les mesures qui ne préjudicient pas au principal* »

En l'espèce, les deux conditions exigées par ce texte, l'urgence et le non-préjugement au fond, sont défaillantes.

Tout d'abord, il n'y a aucune urgence pour assurer la présentation des fonds à ce que soient transférés dans une banque au Liechtenstein les capitaux déposés sur le compte de Savannah Advisors Inc. auprès de la Compagnie Monégasque de Banque. La situation actuelle est parfaitement conservatoire des droits du propriétaire des avoirs, jusqu'au dénouement des procédures en cours devant les juridictions étrangères, dénouement qui déterminera l'identité de ces représentants légaux.

Deuxièmement, la décision de la juridiction provisoire ne doit pas « *préjudicier au principal* », l'ordonnance de référé ne doit donc pas lier le juge du fond sur les droits respectifs des parties.

Or, il va de soi que le transfert des avoirs sur un compte ouvert par les mandataires de M. Smagin auprès de la Kaiser Partners Privatbank anéantirait l'intérêt de tout débat ultérieur au fond sur la régularité internationale des jugements rendus ou qui auront alors été rendus dans cette affaire, de nature à déterminer les droits respectifs des parties concurrentes.

En tout état de cause, un tel débat n'entre pas dans le champ de la compétence et des pouvoirs du juge des référés au regard des conditions posées par l'article 414 du code de procédure civile.

3°) La demande reconventionnelle

L'article 1754 du code civil dispose : « *le dépôt, en général, est un acte par lequel on reçoit la chose d'autrui, à la charge de la garder et de la restituer en nature* ».

Les instructions contradictoires reçues par la Compagnie Monégasque de Banque démontrent que la possession des avoirs dont la concluante est dépositaire est litigieuse, au sens du chiffre 2 de l'article 1800 du code civil. Selon ce texte,

« *La justice peut ordonner le séquestre* :
(…)
*2° d'une chose mobilière dont la propriété ou la possession est litigieuse entre deux ou plusieurs personnes*
(…) ».

Les conditions d'application de ce texte sont pleinement réunies dans la présente affaire.

La mesure de séquestre entre dans la compétence et les pouvoirs du juge des référés au visa de l'article 414 du code de procédure civile. La mise en place d'une solution conservatoire, en l'état d'instructions contradictoires, est en effet urgente afin de préserver les droits respectifs des parties. Cette mesure ne préjuge aucunement d'une décision ultérieure au fond.

## **PAR CES MOTIFS**

Débouter la société Savannah Advisors Inc. « *agissant poursuites et diligences de ses Directeurs* », la société JGT Treuunternehmen reg. et M. Silvio Vogt,

Les renvoyer à se pourvoir au fond,

Recevant la Compagnie Monégasque de Banque en sa demande reconventionnelle,

Vu l'article 1800 2° du code civil,

Ordonner le séquestre des avoirs en somme d'argent et en titres déposés par la société Savannah Advisors Inc. auprès de la Compagnie Monégasque de Banque sous le n° REDACTED jusqu'à ce qu'une décision de justice définitive rendue par une juridiction monégasque aura reconnu un jugement étranger passé en force de chose jugée désignant le fiduciaire du trust liechtensteinois Alpha Trust,

Condamner la demanderesse aux entiers dépens, en ce compris tous frais et accessoires, dont distraction au profit de Me Patricia Rey, Avocat-Défenseur, sous sa due affirmation.

SOUS TOUTES RESERVES
MONACO LE 5 AOUT 2020

POUR LA CONCLUANTE :

