MICHAEL C. TU (SBN 186793)
mctu@cooley.com
SHARON SONG (SBN 313535)
ssong@cooley.com
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:   (213) 561-3250
Facsimile:   (213) 561-3244

MAZDA K. ANTIA (SBN 214963)
mantia@cooley.com
CRISTINA FERRUOLO (SBN 339442)
cferruolo@cooley.com
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
Telephone:   (858) 550-6139
Facsimile:   (858) 550-6420

Attorneys for Defendant
CMB MONACO (f/k/a COMPAGNIE
MONÉGASQUE DE BANQUE)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>        Plaintiff,<br><br>    v.<br><br>COMPAGNIE MONÉGASQUE DE BANQUE, et al.<br><br>        Defendants. | Case No. 2:20-cv-11236-RGK (MAAx)<br><br>~~[Proposed]~~ Amended Stipulated Protective Order<br><br>**AS REVISED BY COURT AT FOOTNOTE 1**<br><br>Hon. R. Gary Klausner<br><br>Courtroom:    850, 8th Floor |

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, financial, or private information, including information regulated by Monaco's bank secrecy laws[1], for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order ("Stipulated Protective Order"). The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve private, commercial, financial, banking, consumer and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business, personal banking and financial information of bank customers, consumer or financial information, information regarding confidential business practices, or other   commercial information (including information implicating privacy rights of third parties), information

---

[1] By issuing this Protective Order, the Court does not decide whether the information to be exchanged by the parties subject to this Protective Order or through any other process in this matter is, in fact, regulated or otherwise covered by Monaco's bank secrecy laws or any other law.

Cooley LLP
Attorneys at Law
San Diego

2

[PROPOSED] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.**   **DEFINITIONS**

3.1.   Action: Vitaly Smagin v. Compagnie Monegasque De Banque, et al. Case No. 2:20-cv-11236-RGK-MAA.

3.2.   Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.   "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   Counsel: Outside Counsel and In-House Counsel (as well as their support staff).

3.5.   Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Cooley LLP
Attorneys at Law
San Diego

3

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

3.6.    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action

3.8.    "HIGHLY   CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and also falls within one or more of the following categories:

(a)    Highly sensitive financial, commercial, and marketing information relating to the parties' respective products and/or business activities, including without limitation, confidential financial information that is regulated and protected by Monaco's bank secrecy laws;

(b)    Trade secrets information, including a formula, pattern, method, technique, process, financial data, or list of actual or potential customers or clients, that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

3.9.    In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel or any other outside counsel.

3.10.   Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11.   Outside Counsel: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, or in connection

1   with this Action, and includes support staff.

2       3.12.  Party: Any party to this Action, including all of its officers, directors,

3   employees, In-House Counsel, and Outside Counsel (and their support staffs).

4       3.13.  Producing Party: A Party or Nonparty that produces Disclosure or

5   Discovery Material in this Action.

6       3.14.  Professional Vendors: Persons or entities that provide litigation support

7   services (e.g., photocopying, videotaping, translating, preparing exhibits or

8   demonstrations, and organizing, storing, or retrieving data in any form or medium)

9   and their employees and subcontractors.

10       3.15.  Protected Material: Any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY."

13       3.16.  Receiving Party: A Party that receives Disclosure or Discovery Material

14   from a Producing Party.

15   **4.**   **SCOPE**

16       The protections conferred by this Stipulated Protective Order cover not only

17   Protected Material, but also (1) any information copied or extracted from Protected

18   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

19   and (3) any testimony, conversations, or presentations by Parties or their Counsel that

20   might reveal Protected Material.

21       Any use of Protected Material at trial shall be governed by the orders of the

22   trial judge. This Stipulated Protective Order does not govern the use of Protected

23   Material at trial.

24   **5.**   **DURATION**

25       Even after final disposition of this litigation, the confidentiality obligations

26   imposed by this Stipulated Protective Order shall remain in effect until a Designating

27   Party agrees otherwise in writing or a court order otherwise directs. Final disposition

28   shall be deemed to be the later of (1) dismissal of all claims and defenses in this

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.   **DESIGNATING PROTECTED MATERIAL**

6.1.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.   Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

**[PROPOSED]** AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY LEGEND") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY LEGEND" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material either on the record or fourteen (14) days after receipt of the certified transcript, all protected testimony.

(c)     For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIALITY LEGEND." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.    Inadvertent Failure to Designate.

Cooley LLP
Attorneys at Law
San Diego

7

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

A Producing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," by notifying in writing the Receiving Party that the Discovery Material constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material. Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Discovery Material so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and such Discovery Material shall be fully subject to this Stipulated Protective Order from the date of such supplemental notice forward. The Receiving Party shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall exercise its best efforts to ensure (i) the return or destruction of such Discovery Material by any person not authorized to receive the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material under the terms of this

Cooley LLP
Attorneys at Law
San Diego

8

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

Stipulation, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulated Protective Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes permitted by this Stipulated Protective Order.

## 7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 7.1.  Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 7.2.  Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").1

### 7.3.  Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.  ACCESS TO AND USE OF PROTECTED MATERIALS

### 8.1.  Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below. Upon the Designating Party's request, the Receiving Party will send the Designating Party within ten (10) days of the request all executed copies of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the individuals to whom the Receiving Party has disclosed Protected Material, pursuant to the permitted categories of persons and under the conditions described in this Stipulated Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel located in the U.S., as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    The Receiving Party's Outside Counsel located outside the U.S., as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action, provided that any such individuals to whom such disclosure is made has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)    The Receiving Party, along with officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    Experts of the Receiving Party to whom disclosure is reasonably

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) The Court and its personnel;

(f) Court reporters and their staff;

(g) Translators or interpreters and their staff, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel located in the U.S., as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     The Receiving Party's Outside Counsel located outside the U.S., as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action, provided that any such individuals to whom such disclosure is made has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)     The Receiving Party's In-House Counsel;

(d)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel;

(f)     Court reporters and their staff;

(g)     Translators or interpreters and their staff, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Cooley LLP
Attorneys at Law
San Diego

12

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

To the extent there is any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by CMB that Plaintiff's Counsel believes is reasonably necessary for this Action to be disclosed to Plaintiff, CMB will be promptly notified in writing, together with a copy of the documents in question, and CMB will respond within 48 hours as to whether those documents can be disclosed to Plaintiff.

**9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed

Cooley LLP
Attorneys at Law
San Diego

13

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.** **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1.  Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2.  Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

10.3.  Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

If a Receiving Party intends to use during deposition or file with the Court any documents that reflect in part Protected Material, including any Nonparty information regulated and protected by Monaco's bank secrecy laws, the Receiving Party immediately must (1) notify in writing the Designating Party of the documents that reflect in part Protected Material and (2) use its best efforts to work with the Designating Party to redact the Protected Material from the documents before using them in a deposition or filing them with the Court.

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

may be established in an e-discovery order that provides for production without prior privilege review.

If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege, immunity, or ground on which production of that information should not be made to any Party, including Monaco's bank secrecy laws ("Inadvertent Production Material"), is inadvertently produced to any Party, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity, including Monaco's bank secrecy laws; provided further:

(a)    A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production;

(b)    If a claim of inadvertent production is made pursuant to this Stipulated Protective Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court;

(c)    A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; and may retain a copy of the material on an attorney's-eyes-only basis for the purpose of bringing such a motion; however, while such motion is pending, the Discovery Material in question shall be treated as

Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

**13.    MISCELLANEOUS**

13.1.  Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. This includes but is not limited to the argument that disclosure of certain banking and financial information is protected by applicable laws and regulations of the Principality of Monaco.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3.  Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party or other individual who received Protected Material must return all Protected Material to the Producing Party

Cooley LLP
Attorneys at Law
San Diego

17

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party or other individual who received Protected Material must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that he or she has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15.   <u>VIOLATION</u>

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: April 30, 2024                **COOLEY LLP**

By: */s/ Mazda K. Antia*
Mazda K. Antia

Attorney for Defendant
Compagnie Monégasque De Banque
a/k/a CMB Bank

Dated: April 30, 2024                **BAKER & MCKENZIE LLP**

Cooley LLP
Attorneys at Law
San Diego

18

[Proposed] Amended Stipulated
Protective Order As Revised by Court
Case No. 2:20-cv-11236-RGK-MAA

By: /s/ Nicholas O. Kennedy
Nicholas O. Kennedy

Attorney for Plaintiff
Vitaly Ivanovich Smagin

Dated: April 30, 2024

**MASUDA FUNAI, EIFERT & MITCHELL, LTD.**

By: /s/ Asa Markel
Asa Markel

Attorney for Defendant
Alexis Gaston Thielen

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with L.R. 5-4.3.4, I hereby attest that I have obtained the concurrence of all other signatories in the filing's content and that they have authorized the filing of this document.

Dated: April 30, 2024

**COOLEY LLP**

By: /s/ Mazda K. Antia
Mazda K. Antia

Attorneys for Defendant
Compagnie Monégasque De Banque
a/k/a CMB Bank

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: May 2, 2024

_____
Maria A. Audero
United States Magistrate Judge

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA

# **EXHIBIT A**

Acknowledgment and Agreement to be Bound

I, _____, do solemnly swear that I am fully familiar with the terms of the Amended Stipulated Protective Order entered in *Vitaly Ivanovich Smagin v.* COMPAGNIE MONÉGASQUE DE BANQUE a/k/a CMB BANK, et al., No. 2:20-cv-11236-RGK-MAA, and hereby agree to comply with and be bound by the terms and conditions of said Amended Stipulated Protective Order unless and until modified by further Order of the Court.  I hereby consent to being subject to the laws of the United States and the jurisdiction of this Court solely for the purpose of enforcing this Amended Stipulated Protective Order.


Dated: _____


Signature _____

Printed/Typed Name

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

21

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER AS REVISED BY COURT
CASE NO. 2:20-CV-11236-RGK-MAA