Nicholas O. Kennedy (State Bar No. 280504)
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: 214 978 3000
Facsimile: 214 978 3099

Barry J. Thompson (State Bar No. 150349)
barry.thompson@bakermckenzie.com
Thomas A. D. Tysowsky (State Bar No. 330022)
tom.tysowsky@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Telephone: 310 201 4728
Facsimile: 310 201 4721

Attorneys for Plaintiff VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>Plaintiff,<br><br>v.<br><br>COMPAGNIE MONÉGASQUE DE BANQUE a/k/a CMB BANK; ASHOT YEGIAZARYAN a/k/a ASHOT EGIAZARYAN, an individual; SUREN YEGIAZARYAN a/k/a SUREN EGIAZARIAN, an individual; ARTEM YEGIAZARYAN a/k/a ARTEM EGIAZARYAN, an individual; STEPHAN YEGIAZARYAN aka STEPHAN EGIAZARYAN, an individual; VITALY GOGOKHIA, an individual; NATALIA DOZORTSEVA, an individual; MURIELLE JOUNIAUX, an individual; ALEXIS GASTON THIELEN, an individual; RATNIKOV EVGENY NIKOLAEVICH, an individual; H. EDWARD RYALS, an individual; and PRESTIGE TRUST COMPANY, LTD.,<br><br>Defendants. | **Case No. 2:20-cv-11236-RGK-MAA**<br><br>Complaint Filed: December 11, 2020<br>FAC Filed:    December 4, 2023<br>SAC Filed:    February 9, 2024<br>TAC Filed (corrected): April 2, 2024<br><br>**PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT COMPAGNIE MONEGASQUE DE BANQUE'S *EX PARTE* APPLICATION TO EXPEDITE DEFENDANT'S MOTION FOR RECONSIDERATION [ECF 391]**<br><br>Courtroom:   850<br>Before the Hon. R. Gary Klausner<br><br>Roybal Federal Building and U.S. Courthouse<br>255 East Temple Street,<br>Los Angeles, CA 90012 |

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

# **TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. CMB's *Ex Parte* Application Should Be Denied Because CMB Failed to Provide Proper Notice ............................................................................. 2

    B. CMB's *Ex Parte* Application Should Be Denied Because CMB's Underlying Motion for Reconsideration Will Fail ....................................... 3

        1. CMB's Motion for Reconsideration Will Be Denied Because CMB Failed to Comply With Local Rule 7-3 ........................................ 4

        2. CMB's Motion for Reconsideration Will Be Denied Because Its Arguments Are Substantively Incorrect .................................................. 5

            a. There is no requirement for Smagin to prove an individual officer at CMB agreed to conspire with Ashot, and in any event this argument was raised and rejected already. ....................... 6

            b. The Court Considered The Evidence the Parties' Arguments Fully in Overruling CMB's Hearsay Objections. ........................... 8

            c. Dismissal of Smagin's § 1962(c) against CMB does not necessitate dismissal of Smagin's § 1962(d) against CMB. ............ 11

III. CONCLUSION .................................................................................................. 13

CERTIFICATE OF COMPLIANCE ............................................................................ 14

CERTIFICATE OF SERVICE ..................................................................................... 15

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

i

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Cas. Sur. Co. v. P&B Autobody*,
  Nos. 93-1877-81, 93-2209-300, No. 93-1903, No. 93-2257, 1994 U.S. App. LEXIS 36770 (1st Cir. Dec. 29, 1994) .................................................. 13

*Autotel v. Nev. Bell Tel. Co.*,
  697 F.3d 846 (9th Cir. 2012) ..................................................................... *passim*

*Bourjaily v. United States*,
  483 U.S. 171, 97 L. Ed. 2d 144 (1987) ................................................................ 10

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) .................................................................................. 6

*Cassells v. Mehta*,
  2007 U.S. Dist. LEXIS 60890 (E.D. Cal. Aug. 20, 2007) ................................... 12

*Coleman v. Commonwealth Land Title Ins. Co.*,
  684 F. Supp. 2d 595 (E.D. Pa. 2010) ..................................................................... 8

*Kodimer v. Cty. of San Diego*,
  No. 07-cv-2221-BEN (NLS), 2010 U.S. Dist. LEXIS 75523 (S.D. Cal. July 22, 2010) .............................................................................................................. 6

*Liang v. Trong Van Nguyen*,
  No. CV 08-8211 PSG, 2009 U.S. Dist. LEXIS 18203 (C.D. Cal. Feb. 26, 2009) .............................................................................................................. 4

*Lindner v. Meadow Dairies, Inc.*,
  No. 06-00394 JMS-LEK, 2008 U.S. Dist. LEXIS 17286 (D. Haw. Mar. 5, 2008) ............................................................................................. 5, 13

*Mission Power Eng'g Co. v. Continental Casualty Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995) .................................................................. 4, 5

*Norse v. City of Santa Cruz*,
  629 F.3d 966 (9th Cir. 2010) .................................................................................. 9

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) .................................................................................. 8

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

ii

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

*Rodrigo v. Specialized Loan Servicing, LLC*,
  No. 5:23-cv-02042-SSS-KKx, 2024 U.S. Dist. LEXIS 41420 (C.D.
  Cal. Mar. 7, 2024) ........................................................................................... 3, 4

*Salinas v. United States*,
  522 U.S. 52 (1997) ............................................................................................ 12

*Skye Orthobiologics, LLC v. CTM Biomedical, LLC*,
  No. CV 20-3444-DMG, 2021 U.S. Dist. LEXIS 246687 (C.D. Cal.
  Aug. 30, 2021) ..................................................................................................... 8

*Tiggle-Lockhart v. Specialized Loan Servicing Llc*,
  No. ED CV 14-2162-GHK, 2014 U.S. Dist. LEXIS 194207 (C.D. Cal.
  Oct. 22, 2014) ...................................................................................................... 3

*United States v. Delgado*,
  972 F.3d 63 (2d Cir. 2020) ............................................................................... 13

*United States v. Dolgaard*,
  Nos. 94-10187/94-10188, Nos. 94-10518/94-10519, 1995 U.S. App.
  LEXIS 14300 (9th Cir. June 7, 1995) ................................................................ 8

*United States v. Guo*,
  854 Fed. 878 (9th Cir. 2021) ............................................................................ 10

*Vue v. Pentagon Fed. Credit Union*,
  No. 1:21-cv-01063-JLT-SAB, 2024 U.S. Dist. LEXIS 97386 (E.D.
  Cal. May 28, 2024) .............................................................................................. 4

**Statutes**

18 U.S.C. § 1961 ........................................................................................................ 8

18 U.S.C. § 1962 .................................................................................................. 7, 12

18 U.S.C. § 1962 ............................................................................................. *passim*

RICO ............................................................................................................. *passim*

**Other Authorities**

Federal Rule of Evidence 104 ................................................................................ 10

Local Rule 7-3 ................................................................................................. 2, 5, 6

Local Rule 7-19.1 ........................................................................................... 2, 3, 4

iii

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

## I. INTRODUCTION

Despite knowing it would file a motion to reconsider the Court's summary judgment order at least as early as Monday, June 3, 2024, CMB failed to disclose its intention to file an *ex parte* application until six hours before it was filed. CMB sent an email to Smagin on June 3 stating it intended to being a "motion concerning the Court's summary judgment ruling", and then discussed the motion to reconsider with Smagin during the parties' June 4 meet and confer. No circumstances changed between CMB's June 3 email and CMB's *ex parte* filing that would affect CMB's application for *ex parte* relief. CMB's *ex parte* notice, by email (rather than orally), sent only hours before its *ex parte* filing and without any information as to *when* the application would be filed, violates Local Rule 7-19.1 and the Court should deny the *ex parte* application on this basis alone.

Furthermore, CMB seeks this extraordinary and rare *ex parte* relief so that it may demand additional extraordinary and rare relief in the form of a reconsideration of this Court's summary judgment order. In order to succeed on this exponentially rare and extraordinary demand, CMB must prove that it will be prejudiced by the Court's refusal to hear its underlying motion for reconsideration. Yet CMB's underlying motion fails because: (1) as this Court has ruled before, CMBs failure to comply with Local Rule 7-3, requiring meet and confer at least 7 days prior to filing the motion, is fatal to the motion for reconsideration (ECF 276 at 6-7), and (2) the substance of its arguments fail as well. CMB cannot face any prejudice when it is denied the ability to relitigate arguments in its motion for summary judgment or to raise new summary judgment arguments for the first time because CMB has no such rights in the first place. The lack of any prejudice to CMB is in stark contrast to the significant prejudice to Smagin should the *ex parte* motion be granted, as Smagin would be deprived of vital notice and time to prepare its opposition to CMB's motion that seeks to dismiss the entirety of Smagin's case on the eve of trial.

Notably, this is not the first time CMB has misapplied the *ex parte*

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

1

Case No.  2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

application process, as the Court previously denied CMB's *ex parte* application to continue trial. (*See* ECF 243.) As such, Smagin asks the Court to deny CMB's *ex parte* application in its entirety, along with the related motion to reconsider.

## II. ARGUMENT

### A. CMB's *Ex Parte* Application Should Be Denied Because CMB Failed to Provide Proper Notice

Courts deny *ex parte* applications made by parties that fail to comply with Local Rule 7-19.1. *See Rodrigo v. Specialized Loan Servicing, LLC*, No. 5:23-cv-02042-SSS-KKx, 2024 U.S. Dist. LEXIS 41420, at *2 (C.D. Cal. Mar. 7, 2024) (denying *ex parte* application "for two reasons. First, Rodgrigo's attorney did not provide adequate notice to SLS' attorneys as is required under Local Rule 7-19.1."); *Tiggle-Lockhart v. Specialized Loan Servicing Llc*, No. ED CV 14-2162-GHK (SPx), 2014 U.S. Dist. LEXIS 194207, at *3 (C.D. Cal. Oct. 22, 2014) (denying *ex parte* app, in part, due to insufficient notice under Local Rule 7-19.1). This Court's Local Rule 7-19.1 states: "Notice of Application. It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." The *ex parte* application should fail for several reasons.

First, CMB's notice of its intent to file an *ex parte* application failed to disclose when it actually planned to actually file the application. (Declaration of Thomas A. Tysowsky Filed In Support of Smagin's Opposition to CMB's *Ex Parte* Application ("Tysowsky Decl.") at *Id.* at ¶6, Exhibit 2 (stating that such a filing was intended at some point in the future, but never stating when).) Effectively, CMB's notice was no notice at all. Second, CMB's *ex parte* application was never provided orally as required by the rules, but only by an email sent shortly before CMB's filing. (*Id* at ¶¶5-6.) Third, despite the fact that CMB at all times was capable of providing appropriate notice under

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

2

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

this rule, CMB refused to provide the required notice of its intent to file an *ex parte* application until six hours before filing the application. (*Id*.)  This is particularly inappropriate in light of the fact that CMB knew it would file its underlying Motion to Reconsider as early as Monday, June 3, 2024, two days before its filing and one day before the parties met and conferred about CMB's motion to reconsider. (*Id*. at ¶¶4-5, Exhibit 1.)[1] Such failure to comply with Local Rule 17-9.1 is reason alone to deny CMB's *ex parte* application.  *See Rodrigo*, 2024 U.S. Dist. LEXIS at *2-3 (*ex parte* application because "[a]n email alone without any efforts to orally advise opposing counsel" and "[t]hat [movant] sent a single email just a few hours before this application was filed" fail to satisfy Local Rule 7-19.1); *see also Vue v. Pentagon Fed. Credit Union*, No. 1:21-cv-01063-JLT-SAB, 2024 U.S. Dist. LEXIS 97386, at *5 n.1 (E.D. Cal. May 28, 2024) ("[t]he Court does not address the merits of the procedurally improper [*ex parte*] request").

### B. CMB's *Ex Parte* Application Should Be Denied Because CMB's Underlying Motion for Reconsideration Will Fail

*Ex parte* motions have great potential to debilitate the adversary system. *See Liang v. Trong Van Nguyen*, No. CV 08-8211 PSG (JCx), 2009 U.S. Dist. LEXIS 18203, at *5-7 (C.D. Cal. Feb. 26, 2009) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192-93 (C.D. Cal. 1989)). "Besides creating increased, and sometimes unnecessary, tension between counsel, *ex parte* motions force a court to relegate all other litigants to a secondary priority." *Id*. (citing *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490-93 (C.D. Cal. 1995)). Accordingly, *ex parte* applications are rarely granted and only issued as extraordinary relief. *See Mission Power*, 883 F. Supp. at 490 ("Ex parte motions are rarely justified.").

---

[1] For the avoidance of doubt, Smagin strongly opposes and objects to CMB's misrepresentation of the content of the parties' meet and confer on June 4, 2024.  The statements CMB are referring to involve discussions about the parties' proposed jury instruction filings, not CMB's motion for reconsideration.  It was not proper for CMB to demand that Smagin disclose to CMB during this meet and confer the arguments he will make or evidence he will rely on at trial because Smagin has complied with all pretrial disclosure requirements. (Tysowsky Decl. at ¶5.)

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

3

Case No.  2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

To justify *ex parte* relief, a party must demonstrate "why the regular noticed motion procedures must be bypassed," as well as establish (1) "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492.  A party seeking *ex parte* relief cannot be irreparably prejudiced as a result of a court's failure to hear its motion if the underlying motion is meritless. *Id*. at 492.

CMB's *ex parte* application should be denied because CMB faces no prejudice.  Should the Court deny CMB's *ex parte* application, all CMB will be deprived of is an improper request to take a second bite at the apple by raising new motion for summary judgment arguments and relitigating old arguments already rejected by this Court. Moreover, CMB cannot face any prejudice by this Court's decision not to hear its motion for reconsideration because its underlying motion is meritless and will fail regardless of when heard.

### 1.   CMB's Motion for Reconsideration Will Be Denied Because CMB Failed to Comply With Local Rule 7-3

Pursuant to Local Rule 7-3, CMB was required to meet and confer with Smagin regarding its motion for reconsideration at least 7 days before it filed the motion. C.D. Cal. L.R. 7-3.  However, CMB only met and conferred with Smagin on June 4, 20204, one day before filing its motion for reconsideration on June 5, 2024. (Tysowsky Decl. at ¶5.)  At no time during the parties' meet and confer conference did CMB state when it would file its motion for reconsideration.  (*Id*.)  Smagin presumed CMB intended to comply with this Court's Local Rules, and believed that the filing would be made at least 7 days after the meet and confer at the earliest.  (*Id*.)  Even CMB's notice that it would file an *ex parte* application to shorten the parties' briefing schedule for the motion for reconsideration did not specify when the motion would be filed. (*Id*. at ¶6, Exhibit 2.)  Accordingly, Smagin did not have any notice of when CMB

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

4

Case No.  2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

would file its motion until it was already filed and Smagin received an alert from the Court's ECF system.

This Court has previously noted that failure to comply with Local Rule 7-3's meet and confer requirements renders a motion "procedurally defective" and "reason enough to deny [the] Motion." (ECF 276 at 6-7.) Accordingly, CMB's motion for reconsideration should be denied because CMB failed to comply with Local Rule 7-3. This is especially true given the emphasis of the importance of these rules in the Court's prior rulings.

### 2. CMB's Motion for Reconsideration Will Be Denied Because Its Arguments Are Substantively Incorrect

Much like the *ex parte* relief CMB seeks, reconsideration of previous orders is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Lindner v. Meadow Dairies, Inc.*, No. 06-00394 JMS-LEK, 2008 U.S. Dist. LEXIS 17286, at *9 (D. Haw. Mar. 5, 2008). Moreover, "[a]n attempt to reargue the case is not grounds for granting a motion for reconsideration." *Kodimer v. Cty. of San Diego*, No. 07-cv-2221-BEN (NLS), 2010 U.S. Dist. LEXIS 75523, at *3 (S.D. Cal. July 22, 2010) (further stating that a district court need not consider issues raised for the first time in a motion for reconsideration). Rather, a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law from that presented to the Court that could not have been known to a reasonably diligent party, (2) the emergence of new material facts or a change of law after entry of the Order, (3) a manifest showing of failure to consider material facts presented to the Court before the Order was entered. (ECF 276 at 7 (internal quotations omitted) (citing C.D. Cal. L.R. 7-18).)

CMB's motion for reconsideration argues incorrectly that the Court erroneously disregarded CMB's alleged assertions in its Motion for Summary Judgment

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

5

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

that Novichikhin's testimony failed to link Ashot to an individual officer at CMB, or that there is no independent evidence aside from Novichikhin's that there is any conspiracy. (ECF 390 at 2:15-5:4.) Additionally, CMB argues that dismissal of Smagin's 18 U.S.C. § 1962(c) claim *necessitates* dismissal of Smagin's 18 U.S.C. § 1962(d). (*Id*. at 5:5-6:19.) Each of these arguments are meritless.

     ***a. There is no requirement for Smagin to prove an individual officer at CMB agreed to conspire with Ashot, and in any event this argument was raised and rejected already.***

    In its order on Defendants' Motions for Summary Judgement, the Court held that "Novichikhin's testimony regarding CMB's involvement in the conspiracy is sufficient to create a genuine factual dispute regarding whether CMB agreed to conspire with Yegiazaryan." (ECF No. 366 at 10.) In footnote six of the order, the Court noted that Novichikhin failed to provide any indication as to which individuals at CMB agreed to join a conspiracy, and that CMB did not raise any argument to this effect. (ECF No. 366 at 10 fn. 6.) CMB now argues it did raise this argument and, even if it did not, that the Court should still grant summary judgment sua sponte. (ECF No. 390-1 at 3-4.) CMB is wrong—it never raised this argument in its Motion for Summary Judgment and, regardless, there is no requirement that a RICO plaintiff identify with specificity a specific individual at the defendant corporation who agreed to the conspiracy when the evidence demonstrates that the corporation itself agreed.

    CMB failed to properly raise this argument in its motion for summary judgment. (See ECF No. 294-1.) Instead, CMB, without citing any supporting case law, stated in passing that, "Plaintiff has no evidence that CMB conspired with anyone." (ECF No. 316 at 15.) This is not a cognizable legal argument, and even if it was, CMB raised this for the first time in its reply to Plaintiff's opposition to its motion for summary judgment. (*Id.*) "[A]rguments raised for the first time in a reply brief are waived." *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) (quoting *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

6

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

(9th Cir. 2012)). Indeed, the Court already held that Plaintiff provided sufficient evidence to create a triable issue as to CMB's involvement in the conspiracy with Ashot. (ECF No. 366 at 10.) Thus, this Court should not do "[Defendant's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." *Id.* (quoting *Western Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012)). CMB's argument, which lacks any supporting authority, should be rejected.

Tellingly, CMB cites no authority to support its argument that a RICO plaintiff must demonstrate that an entity's individual officers agreed with a co-conspirator to establish 18 U.S.C. § 1962(d) liability. Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions" of the statute. The RICO statute defines "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3) (emphasis added). "A corporation can qualify as a 'person' for RICO purposes." *Coleman v. Commonwealth Land Title Ins. Co.*, 684 F. Supp. 2d 595, 609 (E.D. Pa. 2010) (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1412 (3d Cir. 1993). In other words, CMB itself—rather than specific individuals—can conspire with Ashot to violate RICO.

Corporations are routinely found to be in violation of Section 1962(d), without specific reference to individual employees. *See United States v. Dolgaard*, Nos. 94-10187/94-10188, Nos. 94-10518/94-10519, 1995 U.S. App. LEXIS 14300, at *5 (9th Cir. June 7, 1995) (quoting *United States v. Feldman*, 853 F.2d 648, 655 (9th Cir. 1988), cert. denied, 489 U.S. 1030 (1989)) ("A RICO enterprise" can "consist of individuals associated in fact with corporations."); *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, No. CV 20-3444-DMG (PVCx), 2021 U.S. Dist. LEXIS 246687 (C.D. Cal. Aug. 30, 2021) (plaintiff sufficiently pled RICO claim against defendant corporations); *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (two corporations formed associated-in-fact enterprise). Moreover, as this Court highlighted in its order on summary judgment, "[a] direct admission of involvement in a conspiracy is

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

7

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

'evidence [that] is seldom available.'"  (ECF No. 366 at 10 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1547 (9th Cir. 1989).) Plaintiff has created a triable issue of fact for the jury as to CMB's involvement in the conspiracy, irrespective of naming individual employees. Thus, CMB qualifies as a "person" who unlawfully conspired to violate provisions of the RICO statute.

Moreover, and in any event, the Court should not grant summary judgment *sua sponte* because CMB did not raise this argument in its motion for summary judgment, so Plaintiff had no opportunity to fully and fairly address the issues involved in the motion. "Sua sponte grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (quoting *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008)). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Id.* (quoting *Portsmouth Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985)). Here, Plaintiff had no notice that CMB would argue that Novichikhin's testimony lacked proof of which individuals at CMB joined the conspiracy as this argument was raised for the first time in CMB's reply. Thus, while this purported requirement is not an element of proving a RICO claim against a corporation, Plaintiff was not afforded the opportunity to put forth evidence contradicting CMB's argument so the Court should not grant summary judgment on Plaintiff's Section 1962(d) sua sponte.

    **b. The Court Considered The Evidence the Parties' Arguments Fully in Overruling CMB's Hearsay Objections.**

The Court did not err or fail to consider any material facts in overruling Defendant CMB's hearsay objections to Novichikhin's testimony.  The Court overruled CMB's hearsay' objection because the statements which Defendant Yegiazaryan and others made to Novichikhin, their former co-conspirator, fell within a wide variety of

8

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

categories of co-conspirator statements that may be admissible because they were made "in furtherance" of a conspiracy. (ECF No. 366 at 4.) CMB mistakenly contends that this ruling was incorrect and must be reconsidered because the Court overlooked CMB's argument that the Court needed to find evidence of a conspiracy independent of Novichikhin's testimony. (ECF No. 390 at 3-4.) This argument fails on several grounds.

The existence of a conspiracy and Defendant's involvement in it are preliminary questions of fact that, under Federal Rule of Evidence 104, must be resolved by the court. *Bourjaily v. United States*, 483 U.S. 171, 175, 97 L. Ed. 2d 144 (1987). Admission of co-conspirator statements require proof by a preponderance of evidence that the declarant was a member of the conspiracy. *Id.* at 181. Tacit agreements can be inferred from the conspirators' conduct as well as other circumstantial evidence. *United States v. Guo*, 854 Fed. Appx. 878, 880 (9th Cir. 2021). Indeed, as the Court highlighted in denying CMB's motion for summary judgment on the 1962(d) claim "[a] direct admission of involvement in a conspiracy is" evidence [that] is seldom available. . . . Therefore, factfinders in conspiracy cases often rely upon circumstantial evidence that shows "that defendants acted together in pursuit of a common illegal goal." (ECF No. 366 at 10 (citations omitted). Smagin presented ample circumstantial evidence in support of the existence of the conspiracy independent of Novichikhin's testimony from which the Court could have readily drawn to apply the co-conspirator exception to Novichikhin's testimony.

For example, Smagin's Opposition to Defendant CMB's Motion for Summary Judgment offered substantial evidence corroborating Novichkhin's testimony that Defendant Yegiazaryan and others conspired to create legal "chaos" to prevent Smagin's judgment enforcement efforts. Specifically, Smagin cited to documents containing material misrepresentations from Defendant Dozortseva claiming to be a trustee of the Alpha Trust. (ECF No. 306 at 8.) Additional documents showed that on July 3, 2020 Smagin's appointees demanded the transfer of the Savannah account from

CMB to another bank, and that on the very same day Dozortseva sent a letter to CMB instructing it not to do so, which CMB then accepted and used as purported justification to act in accordance with the conspiracy's objectives based on feigned confusion. (*Id.* at 9.) Moreover, Smagin offered evidence that CMB opened the Savannah Advisors account knowing that Mr. Yegiazaryan was a fugitive on the Interpol red list, had a multimillion dollar judgment against him, having fled Russia to avoid prosecution for his fraud as detailed in the KYC file. (ECF 306 at 7-8). Smagin cited to various judicial orders showing that CMB refused to release the Savannah account funds contrary to those orders affirming that Smagin and his appointed trustees were the lawfully appointed Alpha Trust trustees and discrediting the claims on which CMB previously relied to withhold the Savannah account funds. (*Id.* at 10.) Indeed, it remains true today that CMB is withholding the transfer of funds in spite of these judicial orders. Accordingly, the Court did not ignore material facts or err in implicitly rejecting CMB's arguments when it found that the co-conspirator exception applied to Novichikhin's testimony because the circumstantial evidence supporting the existence of a conspiracy is overwhelming.

Second, as CMB admits, the argument that the Court purportedly failed to consider is contained in a footnote of its reply brief in support of its Motion for Summary Judgment. (ECF 316, 4 at n.4; ECF 390, at 4.) Such arguments raised for the first time in a reply brief may properly be disregarded. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).

Third, the admissibility of Novichikhin's statements has been briefed in multiple motions *in limine* (ECF No. 368), where it is proper to raise pretrial evidentiary objections. Despite this, CMB seeks dismissal of Smagin's 1962(d) claim on grounds that the Court failed to wholesale exclude Novichikhin's statements which have yet to be introduced at trial. CMB's requests an extraordinary outcome, which is unwarranted and unsupported by the facts. In any case, such wholesale objections to Novichikhin's testimony should not be sustained in light of the extent of detail in Novichkhin's

testimony and the various co-conspirator statements to which he can testify. *See Cassells v. Mehta*, 2007 U.S. Dist. LEXIS 60890 at *14 (E.D. Cal. Aug. 20, 2007) ("to prevail on a hearsay objection, defendants must object to particular statements and explain the objection...[and] failure to do so is sufficient basis for overruling the objection.").

### c. *Dismissal of Smagin's § 1962(c) against CMB does not necessitate dismissal of Smagin's § 1962(d) against CMB.*

The Court clearly denied CMB's motion for summary judgment and refused to dismiss Smagin's conspiracy claim because there was sufficient evidence "to create a genuine factual dispute regarding whether CMB agreed to conspire with Yegiazaryan." (ECF 366 at 10.) The Court should disregard CMB's attempt to misstate the Court's own order, whereby CMB claims that the Court ruled that Novhichikhin's testimony was the only evidence at all of CMB's agreement with co-conspirator Defendants to further the conspiracy. (ECF 390 at 5:23-6:7.) The Court's order does not support CMB's self-serving conclusion, as the Court found that Novichikhin's testimony was sufficient evidence to create a triable issue of fact, not that no other evidence existed. (ECF 366 at 10.) Such a finding would contradict the 80 exhibits of circumstantial evidence submitted in opposition to CMB's motion for summary judgment that support the conclusion that CMB's refusal to release Savannah Advisors' funds, despite knowing that all conditions of the Sequestration Order had been met, demonstrating that CMB has agreed to help Ashot and co-conspirator Defendants' unlawful schemes to deprive Smagin of the California Judgment. (*See* ECF 308-309.)

Additionally, CMB's argument that the dismissal of Smagin's § 1962(c) claims necessitate dismissal of the conspiracy claim against CMB is unsupported by CMB's authority because CMB conspired with Ashot and other co-conspirator defendants and aided the multitude of wrongs committed by the conspiracy and its members. *See Salinas v. United States*, 522 U.S. 52, 63 (1997) ("There is no requirement of some overt act or specific act in the [RICO] statute before us, unlike the

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

general conspiracy provision applicable to federal crimes, which requires that at least one of the conspirators have committed an 'act to effect the object of the conspiracy.'"); *see also United States v. Delgado*, 972 F.3d 63, 79 (2d Cir. 2020) ("Importantly, the crime of RICO conspiracy centers on the act of *agreement*. Thus, in contrast to RICO's substantive offenses, the Government need not establish the existence of an enterprise to prove a RICO conspiracy. Nor must it establish that a pattern of racketeering activity actually took place. Rather, the government need only prove that the defendant knew of, and agreed to, the general criminal objective of a jointly undertaken scheme.") (internal citations and quotations omitted). Here, the evidence creates a genuine issue of material fact regarding whether CMB knew of, and agreed to, the general criminal objectives of a jointly undertaken scheme with other co-conspirator Defendants, including but not limited to, Ashot, Dozortseva and Ratnikov (all of whom are in default but still on trial for their own RICO violations). *See Aetna Cas. Sur. Co. v. P&B Autobody*, Nos. 93-1877-81, 93-2209-300, No. 93-1903, No. 93-2257, 1994 U.S. App. LEXIS 36770, at *41 (1st Cir. Dec. 29, 1994) ("It is true that to find a defendant liable under § 1962(d) one must find that the defendant conspired to violate a subsection of § 1962. It is not necessary, however, to find that each defendant knew all the details or the full extent of the conspiracy, including the identity and role of every other conspirator."). CMB cannot ignore all other Defendants in this lawsuit with whom CMB conspired with.

Therefore, CMB's *ex parte* motion, which has deprived Smagin of his right to fully brief this opposition, should be denied in its entirety. CMB provides no basis to justify the extraordinary *ex parte* relief it seeks and failed to provide sufficient notice of its filing pursuant to the Local Rules, justifying sanctions against CMB for abuse of the *ex parte* process. *See* Hon. R. Gary Klausner Standing Order Rule 11. The Court did not commit any clear error in denying CMB's Motion for Summary Judgment against Smagin's 18 U.S.C. § 1962(d) claim, and CMB's disagreement with the Court is no basis for reconsideration. *See Lindner*, 2008 U.S. Dist. LEXIS at *9 (D. Haw.

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Mar. 5, 2008). Furthermore, the motion for reconsideration is based largely on argument improperly raised on reply that should be rejected for that reason alone. *See Autotel*, 697 F.3d at 852 n.3.

### III. CONCLUSION

For the reasons stated above, Plaintiff Smagin respectfully requests that the Court deny CMB's *ex parte* application and issue Smagin any other appropriate relief.[2]

Dated: June 6, 2024

**BAKER & McKENZIE LLP**
NICHOLAS O. KENNEDY
BARRY J. THOMPSON

By: */s/ Thomas A. D. Tysowsky*
Thomas A. D. Tysowsky
Attorneys for Plaintiff
VITALY IVANOVICH SMAGIN

---

[2] Defendant Thielen filed an Application for Joinder in CMB's motion that seeks to apply CMB's arguments to Thielen's own motion for summary judgment. (ECF 393.) Because the Court should deny CMB's *ex parte* application and motion for reconsideration, the Court should deny Thielen's application as well which is based on the same grounds and adopts the same arguments wholesale.

13

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Vitaly Ivanovich Smagin in this action, certifies that this brief contains 4,413 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 6, 2024

**BAKER & McKENZIE LLP**
NICHOLAS O. KENNEDY
BARRY J. THOMPSON

By: */s/ Thomas A. D. Tysowsky*
    Thomas A. D. Tysowsky
    Attorneys for Plaintiff
    VITALY IVANOVICH SMAGIN

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

14

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to this action. My business address is Baker & McKenzie LLP, 10250 Constellation Boulevard, Suite 1850, Los Angeles, CA 90067.

On **June 6, 2024**, I caused the following document:

**PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT COMPAGNIE MONEGASQUE DE BANQUE'S *EX PARTE* APPLICATION TO EXPEDITE DEFENDANT'S MOTION FOR RECONSIDERATION [ECF 391]**

to be served on the parties in this action as follows:

| | |
|---|---|
| H. Edward Ryals<br>7501 Murdoch Avenue<br>St. Louis, Missouri 63119<br>Tel: (314) 926-0939<br>Email: ed@stlouisfamilylawgroup.com | Pro Se Defendant |

☒ **VIA ELECTRONIC TRANSMISSION**. I caused each such document to be sent via electronic transmission to the e-mail address(es) referenced above. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on **June 6, 2024,** in Los Angeles, California.

Carmen M. Ayala

15

Case No. 2:20-cv-11236-RGK-MAA
PLAINTIFF SMAGIN'S OPPOSITION TO DEFENDANT CMB'S EX PARTE APPLICATION

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728